Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 1 of 127

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ANA AGUIRRE, et al., | § | |
| | § | |
| **Plaintiffs** | § | **C-00-061** |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| CITGO PETROLEUM CORPORATAION, | § | |
| et al., | § | |
| | § | **JURY DEMANDED** |
| **Defendants** | § | |



### NOTICE OF REMOVAL

Defendants CITGO Petroleum Corporation, improperly sued as CITGO Petroleum, and

CITGO Refining and Chemicals Company, L.P., (collectively, "CITGO") and co-defendant Al

Prebula file this Notice of Removal pursuant to 28 U.S.C. § 1441 and show:[1]

### Introduction

1.    This litigation involves allegations of personal injuries and damages as a result of the

May 12, 1997 fire at the CITGO refinery in Corpus Christi, Texas.  This case raises claims similar

to other removed cases pending before the Honorable Hayden Head, Jr., of the United States District

Court for the Southern District of Texas, Corpus Christi Division involving the same defendants.

*Aguilar, et al. v. CITGO Refinery Company, L.P., et al.*, C.A. No. C-97-279 *("Aguilar I")*

*(*consolidated with *Balderas, et al. v. CITGO Petroleum Corporation,* C.A. No. C-97-668); *Branton,*

---

[1] The defendants assert the following facts to support removal, and in so doing expressly reserve all other questions

other than that of removal for the purpose of future pleadings.

44443:909213.1:020900

*et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-98-585; *Cavada, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-227; *Barrera, et al. v. CITGO Petroleum Corp.*, C.A. No. C-99-229; *Vela et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-254; *Aguilar, et al. v. CITGO Refining Co., et al.,* C.A. No. C-99-257; *Acevedo, et al. v. CITGO Refining Co., et al.*, C.A. No. C-99-258; *Avila, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-320; *Acosta, et al. v. CITGO Petroleum Corp., et al.,* C.A. No C-99-379; *Pena, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-402; *Hinojosa, et al. v. CITGO,* C.A. No. C-99-404; *Aguilar, et al. v. CITGO Refining and Chemicals Co., et al.,* C.A. No. C-99-405; *Gonzalez, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-406; *Abrego, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-407; *Shurtloff, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-99-410.[2]

2.     This Notice of Removal is being filed within thirty (30) days of receipt by CITGO of Plaintiffs' Responses to Defendants' Request for Admissions from which it was first ascertained that the cause is one that has become removable. 28 U.S.C. § 1446(b); *see also Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992) (30-day time period for removal begins from receipt of "other paper" revealing case is removable). All requirements of 28 U.S.C. § 1331, 1441 and 1446 have been met. Pursuant to Rule 3(k) of the Local Rules for the United States District Court for the Southern District of Texas, defendants submit a copy of the docket sheet, process, pleadings and any signed orders served in the state court action, together with an index of matters being filed, a list of all counsel of record and the Notice served upon plaintiffs' attorney of record

---

[2] Previously pending before Judge Head were *Saenz, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. C-97-411 and *Robles, et al. v. CITGO Petroleum Corp., et al.*, C.A. No. 97-412. These two cases also involved the May 12, 1997 fire that occurred at the CITGO Corpus Christi refinery.

that this matter was removed.

3.       In their Original Petition, plaintiffs fraudulently allege damages less than $75,000 and join defendant Al Prebula.   Exhibit A (Plaintiffs' Original Petition).   Therefore, this Court may exercise diversity jurisdiction over this matter, because: (1) the suit is between citizens of different states and (2) the amount in controversy is $75,000 or more, exclusive of interest and costs.  28 U.S.C. § 1332.

### Plaintiffs Will Seek Damages in Excess of the Jurisdictional Amount

4.       In Plaintiffs' Original Petition, plaintiffs allege that as a proximate result of defendants' negligence, they have "sustained injuries and damages in an amount within the jurisdictional limits of the court, but not to exceed Seventy-Five Thousand Dollars ($75,000.00) for each." Exhibit A.  Plaintiffs plead a specific dollar amount to avoid removal of this case, despite the fact that Texas Rules of Civil Procedure 47 states, "An original pleading . . . shall contain . . . (b) in all claims for unliquidated damages <u>only</u> the statement that the damages sought are within the jurisdictional limits of the court." (emphasis added).

5.       On June 24, 1999, plaintiffs were served with defendants' discovery requests, including requests for admissions.  *See* Exhibit B (Defendants' First Set of Interrogatories and Requests for Admissions).  Plaintiffs' responses to these requests for admissions, served on January 13, 2000, clearly reveal that their claims exceed $75,000.00.  *See* Exhibit C (Plaintiffs' Responses to Defendants' Request For Admission).  Plaintiffs responded:

> **REQUEST NO. 1:**
> Admit that you will not seek damages against CITGO in an amount greater than $75,000.00 with respect to the allegations set forth in your Petition.

44443:909213.1:020900                                    3

**ANSWER:** Each plaintiff admits that he or she will not seek damages against CITGO in an amount greater than $75,000.00 each with respect to the allegations set forth in the Petition.

**REQUEST NO. 2:**
Admit that you will not seek Punitive Damages against CITGO with respect to the allegations set forth in your Petition.

**ANSWER:** Deny.

Exhibit C. The denial of these requests for admissions reveals that the damages allegation in plaintiffs' petition is a deceitful attempt to evade federal jurisdiction, and it should not be countenanced by the Court.

6.    The fact that plaintiffs have denied that they will not seek punitive damages is enough to satisfy the amount in controversy requirement for federal jurisdiction, because they have in essence stated that they will seek punitive damages. The Court must consider the amount of punitive damages in determining whether the requisite amount in controversy exists. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253; *see also Watson v. Shell Oil Co.,* 979 F.2d 1014, 1021 (5th Cir. 1992) ("When a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy."); *Sorensen v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (court held that it was facially apparent that amount in controversy exceeds $75,000 where plaintiff prayed for actual damages, damages for emotional distress, punitive damages and attorney's fees).

7.    Statutory provisions governing the award of exemplary damages in Texas provide for amounts of up to two times economic damages plus an amount equal to non-economic damages not to exceed $750,000 or $200,000. TEX. CIV. PRAC. & REM. CODE ANN. 41, § 41.008.

44443:909213.1:020900                                         4

Accordingly, should plaintiffs prevail on issues of liability resulting in an award of compensatory damages stated in their petition, they may obtain exemplary damages of as much as $750,000. Additionally, they can receive $200,000 in exemplary damages on only nominal damages. *Id.*

7.     In light of these facts and the fact that this Court has already found that the jurisdictional amount was met in other cases claiming damages as a result of the May 12, 1997 incident, this case is properly removed to federal court. *See* Exhibit D (June 23, 1998 Order finding "that the amount in controversy exceeds $75,000," *Saenz, et al. v. CITGO Petroleum Corp., et al.,* C.A. No. C-97-411 and *Robles, et al. v. CITGO Petroleum Corp., et al.,* C.A. No. C-97-412).

## Plaintiffs Have Fraudulently Joined Al Prebula

8.     Complete diversity exists because the plaintiffs are citizens of Texas and the relevant defendants are citizens of Oklahoma and Delaware.  Plaintiffs simply allege that the corporate defendants are corporations with their principal place of business in Tulsa, Oklahoma and Lake Charles, Louisiana.  Defendant CITGO Petroleum Corporation is a Delaware corporation with its principal place of business in Tulsa, Oklahoma.  *See* Exhibit F (Affidavit of Charles M. Floren). Defendant CITGO Refining and Chemicals Company, L.P., is a limited partnership between CITGO Petroleum Corporation and CITGO Investment Company.  *Id.*  The listing of CITGO Petroleum, as a defendant is a fraudulent joinder of a non-existent party.

9.     In an effort to preclude diversity, plaintiffs have fraudulently joined defendant Al Prebula.  Therefore, his citizenship should be disregarded for purposes of diversity jurisdiction. *See Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990); *see also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).  Mr. Prebula, CITGO's plant manager in 1996, was improperly joined because he had no duty beyond the scope of his employment at CITGO.  This

Court has previously ruled that Mr. Prebula was fraudulently joined in a lawsuit arising from the same facts as the present lawsuit for precisely that reason.[3]  *See* Exhibit D (Order Denying Motion to Remand and Dismissing Defendant Al Prebula).[4]

10.     In their Original Petition, plaintiffs allege that the negligence of  Mr. Prebula proximately caused the May 12th incident. *See* Exhibit A.  Mr. Prebula was not the plant manager during the 1995 turnaround. *See* Exhibit E (Affidavit of Alvin W. Prebula).  He first assumed duties as plant manager in March 1996, after the occurrence of the events alleged to have caused the incident underlying this litigation. *See id.*  Before an individual may be held personally liable for

---

[3] Under Texas law, a defendant has been fraudulently joined and removal is appropriate when:  (1) the plaintiff has engaged in fraudulent pleading; or (2) the plaintiff has no chance of recovery against the non-diverse defendant under state law. *Burden v. General Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995); *see also Rodriguez v. Sabatino*, 120 F.3d 589, 592 (5th Cir. 1997).  In determining whether the plaintiffs have fraudulently joined certain defendants, the Court may "pierce the pleadings" and look at summary judgment-type evidence, such as affidavits and deposition transcripts. *See Burden*, 60 F.3d at 217.  As shown below, removal is appropriate in this case because plaintiffs are unable to assert a cause of action affording a chance of recovery against Al Prebula, the non-diverse defendant.

[4] Many recent decisions by federal courts in Texas have denied plaintiffs' motions to remand where a non-diverse party has been fraudulently joined to prevent removal. *See, e.g., Rodriguez*, 120 F.3d at 592 (holding that plaintiffs fraudulently joined a non-diverse defendant because the defendant owed no duty to the plaintiffs and, as a result, could not be held liable for negligence); *Burden*, 60 F.3d at 221-22 (denying plaintiff's motion to remand and finding that plaintiff fraudulently joined two defendants because, under Texas law, the plaintiff did not have a valid cause of action against either of the non-diverse defendants); *McIntire v. Rollins, Inc.*, 888 F. Supp. 68, 69 (S.D. Tex. 1995) (denying plaintiff's motion to remand because plaintiff failed to state a claim for negligence under Texas law against the non-diverse defendant).

44443:909213.1:020900                                        6

a tort, the plaintiff must show that he had some direct personal participation. *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 173 (5th Cir. 1985). No such showing can be made in this action.

11.     While the fact that plaintiffs have not alleged any direct participation by Mr. Prebula alone demonstrates that plaintiffs have no valid cause of action against him, the fact that Mr. Prebula had no independent duty to the plaintiffs further shows that he was fraudulently joined in this action.

12.     The Texas Supreme Court has held that individual liability of an officer or agent of a corporation "arises only when the officer or agent owes an *independent duty* of reasonable care to the injured party *apart* from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (Emphasis added); *see also, I.N. Warner v. Coldwell,* 909 S.W.2d 866, 868 (Tex. 1995); *Karl & Kelly Co. v. Mick McLeran,* 646 S.W.2d 174, 175 (Tex. 1983); RESTATEMENT (2d) OF AGENCY §§ 343, 350 (1958). The Texas Supreme Court's decision in *Leitch* is a modification to the rule that a corporate officer or agent can be liable for tortious acts personally committed in the course and scope of his employment. *See Guilbeau v. Anderson*, 841 S.W.2d 517, 519 (Tex. App. 1992); *Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369, 375 (Tex. 1984). *Leitch* does not change the principle that under certain circumstances defined within the applicable cause of action, a corporate officer and agent may be liable for his own tortious acts, but it does clarify the principle to state that the corporate officer/agent's liability arises only if he has an independent personal duty apart from that of the corporation. The Court's opinion in *Leitch* is clear in stating that personal liability for a corporate officer or agent exists "only when they breach an independent [personal] duty of care" to the third party. *Leitch,* 935 S.W.2d at 117.[5]

---

[5] *Leitch* involved a case in which the plaintiff, Grady Hornsby, sued his employer Pro Comm Marketing Services, and

13.    In this case, it is clear that Mr. Prebula owed no independent duty of care to the plaintiffs. Mr. Prebula has already been deposed and cross-examined concerning this event at the bellwether trial in *Aguilar I*, and no evidence has ever materialized that he was acting outside the scope of his employment or assumed any independent duty. Thus, Mr. Prebula cannot be liable because *Leitch* clearly holds that such a duty must first exist. Mr. Prebula never undertook such a personal duty in response to the May 12, 1997 incident. *See Sbrush*, 818 S.W.2d at 395-397. His joinder in this case is therefore improper, and his presence should not be considered in determining diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## Conclusion

14.    This Court should reject plaintiffs' attempt to deny CITGO its right to invoke the jurisdiction of this Court by fraudulently alleging damages below the jurisdictional requirement and improperly joining defendant Al Prebula. It is apparent from their responses to CITGO's discovery requests filed in this action that plaintiffs' damages exceed $75,000. Moreover, plaintiffs have not and cannot state a cause of action against defendant Al Prebula under Texas law. Accordingly, Mr. Prebula should be stricken from the pleadings and his presence should not be considered in determining diversity under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Thus, without Mr. Prebula,

---

its officers and directors Russell Leitch and Hal Crews, for failure to provide a safe workplace. Upon trial of the matter, Hornsby received a joint and several verdict for $700,000 against Pro Comm, Leitch and Crews. Leitch and Crews appealed the award of damages arguing that the Court of Appeals erred in finding that they were individually liable for Hornsby's damages. In determining whether Leitch and Crews were liable to Hornsby, the Texas Supreme Court, in two separate instances, stated that the corporate officer's liability arises only in circumstances in which he owes an independent duty to the third party that is separate from his employer's duty. *Leitch*, 935 S.W.2d at 117.

this Court has jurisdiction because of the existence of diversity of citizenship and of an amount in controversy in excess of $75,000. For these reasons, CITGO respectfully requests this Court to exercise its removal and diversity jurisdiction over this matter and grant CITGO all other relief to which it is entitled.

Respectfully submitted,

By: _____

Ralph F. Meyer
State Bar No. 13994300
Fed. I.D. No. 2831
Jack C. Partridge
State Bar No. 15534600
Fed. I.D. No. 10470
ROYSTON, RAYZOR, VICKERY &
WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
361/884-8808
361884-7261 (FAX)

Jeffrey K. Sherwood
State Bar No. 24009354
S.D. Tex. Bar No. 21427
Cheryl A. Falvey
S.D. Tex. Bar No. 21658
Tracy B. McKibben
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
AKIN, GUMP, STRAUSS, HAUER &
FELD, L.L.P.
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C.  20036
(202) 887-4000
(202) 887-4288 (FAX)

ATTORNEYS FOR DEFENDANTS
CITGO PETROLEUM CORPORATION,
CITGO REFINING AND CHEMICALS
COMPANY, L.P., and AL PREBULA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record, via certified mail, return receipt requested, this _17TH_ day of February, 2000.

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

HALL & BATES, L.L.P.
Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas  78205

_____

Of Royston, Rayzor, Vickery & Williams, L.L.P.

NO. 99-2583-C

ANA AGUIRRE, INDIVIDUALLY AND AS NEXT FRIEND FOR ERIC
SADA, PAULA SADA  FRANCISCO SADA, MARK CASTRO AND JOHN
CASTRO, FRANCISCA ALMAGUER, JUANITA ALMAGUER,
INDIVIDUALLY AND AS NEXT FRIEND FOR DESIREE MARTINEZ,
ARIEL SANCHEZ AND JUSTIN SANCHEZ, MARIE ANN ALMAGUER,
ROBERTO ALMAGUER, ELOY ALMENDAREZ, HENRY ALONZO,
AUDELIA BASALDU, CLEMENTINA BASALDU, ESTER BASALDU,
ALFRED BELFORD, GRACIELA BORREGO, HECTOR M. BORREGO,
JESSE AND MONICA M. BORREGO, INDIVIDUALLY AND AS NEXT
FRIENDS OR HECTOR BORREGO, HILLARY BORREGO AND HEATHER
BORREGO, MARIA LUISA BORREGO, INDIVIDUALLY AND AS NEXT
FRIEND FOR JESSICA ALANIZ, AMANDA ALANIZ AND MARIO
SALINAS, DONALD BOSON, MARTIN H. BUITRON AND, GLORIA
BUITRON, INDIVIDUALLY AND AS NEXT FRIENDS FOR ROXANA
BUITRON AND MARTIN BUITRON III, LEONOR CANTU, CARMEN
CHACON, GINA CHACON, INDIVIDUALLY AND AS NEXT FRIEND
FOR GAVIN MARCOS CHACON, RONALD GENE CHADWICK, LESLIE
COLE, LUIS CONSTANTE, DIANONTINA CRUZ, JOSE DAVILA AND
VIRGINIA DAVILA, ROLANDO DE ALEJANDRO AND CRISTINA DE
ALEJANDRO, INDIVIDUALLY AND AS NEXT FRIENDS FOR RICHARD
DE ALEJANDRO AND ROBERT DE ALEJANDRO, YVETTE DE LUNA,
MARY DIMAS, MARIA HUERTA FALCON, JOHN FELAN, CONNIE
FELAN, JOEL FUENTES AND GRACIE FUENTES, INDIVIDUALLY AND
AS NEXT FRIENDS FOR JOEL JAIME FUENTES AND MONICA
FUENTES, MIKE FUENTES, HECTOR GALLEGOS AND HILDA
GALLEGOS, INDIVIDUALLY AND AS NEXT FRIENDS FOR HECTOR
GALLEGOS, JR. AND AMBER GALLEGOS, KIMBERLY GALLEGOS
ROSALVA GALINDO, APRIL GARCIA, CINDY GARCIA, INDIVIDUALLY
AND AS NEXT FRIEND FOR JODI GARCIA, ERNESTO AND REBECCA
GARCIA, JOHNNY GARCIA AND AMANDA GARCIA, KOYARIS
GARCIA, LAZARA GARCIA, MICHAEL L. GARCIA, JR., ORLANDO
FABIAN GARCIA, REYMUNDO GARCIA, SANDRA GARCIA, RONNIE
FLORES GARCIA, RUPERT GARCIA AND ROSIE GARCIA,
INDIVIDUALLY AND AS NEXT FRIENDS FOR RONNIE GARCIA, JUAN
CANIZALES AND RUPERT CANIZALES, RUPERTO GARCIA AND
GLENDA GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR
RUPERT GARCIA IV, ORLANDO GARCIA AND AUGUST GARCIA,
DESIREE GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR JOZETTE
MORALES, JUDY ANNETTE GARZA, INDIVIDUALLY AND AS NEXT
FRIEND FOR VICTOR ALEXANDER GARZA, LORI GARZA, VICTORIA
GARZA, J.C. GONZALEZ AND ROSE GONZALEZ, INDIVIDUALLY AND
AS NEXT FRIEND FOR JACQUELINE GONZALEZ, JAMES GONZALEZ
AND JENNIFER GONZALEZ, DANIEL GUTIERREZ AND CONSUELO
GUTIERREZ, RAMONA GUTIERREZ, GLORIA A. HERNANDEZ, PEDRO
HERNANDEZ, ROBERT G. HERNANDEZ, RODOLFO HERNANDEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARCUS HERNANDEZ,
PAULO JUAREZ AND JEANICE JUAREZ, INDIVIDUALLY AND AS
NEXT FRIENDS FOR PAUL JOSEPH JUAREZ, EDMUNDO LEAL AND
MARIA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR ISABEL LEAL

*   IN THE DISTRICT COURT



ELVA LEAL, GERARDO LEAL AND ELIZA LEAL, INDIVIDUALLY AND AS
NEXT FRIENDS FOR GERARDO LEAL III, OSCAR LEAL AND AMELIA
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR LOIDA LEAL,
ROSA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR MARILYNN
RIVERA AND CRYSTAL RIVERA, JAMES LERMA AND BELINDA
LERMA, INDIVIDUALLY AND AS NEXT FRIEND FOR KRISTEN LERMA
LORRAINE LERMA, PEDRO LERMA, VIRGINIA LERMA , GLORIA
FALCON LOOPER, CHRISTOPHER LOPEZ AND LAURA FUENTES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR CHRISTOPHER LOPEZ,
JR., ELIZABETH LOPEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR
ADAM LOPEZ AND PRISCILLA LOPEZ, MARIA MALDONADO,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARY ISABEL
MALDONADO, RACHEL MALDONADO, BONNIE GARCIA, AND
JONATHAN ROY ALBA, DIAMANTINA MARTINEZ, PERFECTO
MARTINEZ, ZULEMA MARTINEZ, INDIVIDUALLY AND AS NEXT
FRIEND FOR SOFIE MARTINEZ AND BENNY MARTINEZ, REFUGIA
MEDINA, CONNIE MITCHEM, TERESA G. MORENO, FELICITAS,
MUNGIA, MARIO NUNEZ, JOE ORTIZ, MARGARITA PENA,
INDIVIDUALLY AND AS NEXT FRIEND FOR AMY CONSTANTE,
ALEXIS CONSTANTE, SYLVESTER CONSTANTE AND JESSICA
CONSTANTE, RICHARD PENA, ESMERALDA PEREZ, FELIPE PEREZ,
JR. AND MINERVA PEREZ, INDIVIDUALLY AND AS NEXT FRIENDS
FOR TABITHA PEREZ AND SULAMITA PEREZ, FELIPE PEREZ, III,
JOSE PEREZ AND LAURA PEREZ, INDIVIDUALLY AND AS NEXT
FRIENDS FOR MATT PEREZ, MICHAEL PEREZ AND MELISSA PEREZ,
RICHARD PEREZ, MARIA PEREZ, RICHARD PEREZ, JR. AND LISA
PEREZ, INDIVIDUALLY AND AS NEXT FRIEND FOR JOE ANGEL
GARCIA, LISA PEREZ, RUBEN PEREZ, JONATHAN PEREZ, RICHARD
DAVID PEREZ AND PRISCILLA PEREZ, ROLANDO PEREZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARIA ISABEL PEREZ AND
ROLANDO PEREZ, JR., JOHN PIMENIDES, ELVA RAMIREZ, LUIS
RAMIREZ, MARY RAMIREZ, ANGEL REYES, ANNABELLE REYNA,
INDIVIDUALLY AND AS NEXT FRIEND FOR MIRANDA BORREGO,
JESUS RIOJAS, BENITO RODRIGUEZ AND MARIA RODRIGUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR VENESSA RODRIGUEZ,
GERARDO RODRIGUEZ AND PATRICIA RODRIGUEZ, INDIVIDUALLY
AND AS NEXT FRIEND FOR SADIE RODRIGUEZ, STEPHINE
RODRIGUEZ AND SAMANTHA RODRIGUEZ, ELIZA RODRIGUEZ,
MARY RODRIGUEZ, MYRNA RODRIGUEZ, JOE ANTHONY RODELA
AND FLORESTELLA GONZALES, INDIVIDUALLY AND AS NEXT FRIENDS
FOR JIMMY RODELA, JOE ADAM RODELA, RAYMOND GONZALEZ, JR.
AND ROBERT LEE GONZALEZ, CYNTHIA SAENZ, INDIVIDUALLY AND
AS NEXT FRIEND FOR MANDY GARZA, JERRY GARZA AND
CHRISTOPHER GARZA, ELIGIO SAENZ, DORIS SALINAS,
INDIVIDUALLY  AND AS NEXT FRIEND FOR RICHARD OSCAR SALINAS,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, ABRAN SARABIA,
ANDRES SARABIA, SAN JUANA SARABIA, ANDREW AND JUANITA
SERNA, RODOLFO SERNA, GLORIA SILVAS, AS NEXT FRIEND FOR
JENNIFER SILVAS, SYLVIA SOTO, INDIVIDUALLY AND AS NEXT
FRIEND FOR JUAN SOTO, MARCELLA SOTO, DAVID SOTO, MERCEDES
STOCKFISH, EDWARD E. STUTTS, REBECCA STUTTS, MATIAS TAPIA,
RUDY TORRES AND MANUELA TORRES, INDIVIDUALLY AND AS NEXT

FRIENDS FOR VALERIE TORRES AND RUDY TORRES, JR., STEVE
TORRES AND JO ANN TORRES, INDIVIDUALLY AND AS NEXT FRIEND
FOR STEVE TORRES, JR, ALBERT TORRES, SONYA TORRES, MARIA ELENA
TURRUBIATES, ISABEL URESTI, INDIVIDUALLY AND AS NEXT FRIEND
FOR PRISCILLA URESTI, CASSANDRA URESTI, ANDREW URESTI,
CHRISTOPER URESTI, AND MARCO URESTI, DEANIRA VASQUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR JENNIFER VASQUEZ,
CRISELDA VELA, INDIVIDUALLY AND AS NEXT FRIEND FOR JESUS
VELA, RUBEN VELA, BENNY VELA AND FERNANDO VELA, ELOISA
WELSH, JENNIFER WICKLINE, SUSAN G. WICKLINE, INDIVIDUALLY
AND AS NEXT FRIEND FOR NICHOLAS ADAM CHADWICK, ALBERT
LEE ZUNIGA, CLEOTILDE ZUNIGA, INDIVIDUALLY AND AS NEXT
FRIEND FOR JESUS ZUNIGA, SANDILLO ZUNIGA, JUAN ZUNIGA,
ELIZABETH ZUNIGA, TINA ZUNIGA AND CONNIE ZUNIGA, CONNIE
ZUNIGA, INDIVIDUALLY AND AS NEXT FRIEND FOR ASHLEY
ZUNIGA, AMBOR CERVANTES AND ANDREW CERVANTES, JUANITA
ZUNIGA, MICHAEL ZUNIGA, ANTONIO CARRISALES, VIRGINIA
DAVILA, JOSE DAVILA, LAURA DAVILA, JUAN DAVILA,
INDIVIDUALLY AND AS NEXT FRIEND FOR JESSICA DAVILA AND
JAQUES FONSECA, RUDY TORRES AND MANUELA TORRES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR VALERIE TORRES AND
RUDY TORRES. JR., MARIA MALDONADO, INDIVIDUALLY AND AS
NEXT FRIEND FOR MARY ISABEL MALDONADO, RACHEL
MALDONADO, BONNIE GARCIA AND JONATHAN ROY ALBA,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, JOE
ANGEL, MIRANDA BORREGO, MARIAL BORREGO, EDUARDO
DAVILA, ANALARDA GARCIA, MARY JANE GARZA, MIGUEL
GARZA, JR., AND JOSEPH GARCIA AND NANCY MORALES
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR
VICTORIA D. GARCIA, VERONICA GARCIA AND VANESSA
GARCIA

VS.                                                        *  _____ JUDICIAL DISTRICT

CITGO PETROLEUM CORPORATION, CITGO PETROLEUM,
CITGO REFINING AND CHEMICALS, L.P., CITGO PETROLEUM
CORPORATION, IN ITS COMMON OR ASSUMED NAME,
AL PREBULA AND H.B. ZACHRY COMPANY                        *  NUECES COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come the above-named Plaintiffs, complaining of Citgo Petroleum Corporation,

Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, in its

Common or Assumed Name, Al Prebula, and H.B.. Zachry Company, Defendants.  As good

and sufficient grounds for this suit, the Plaintiffs would respectfully show the Court the following:

I.

The Plaintiffs, and each of them, are individuals.

Defendant Citgo Petroleum Corporation is a Delaware corporation with its principal place of business in Tulsa, Oklahoma.  Service of citation may be made upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Defendant, Citgo Petroleum is a Delaware corporation with its principal place of business in Lake Charles, Louisiana.  Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Citgo Refining and Chemicals, L.P., is a Delaware corporation with its principal place of business in Tulsa, Oklahoma.  Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Citgo Petroleum Corporation, sued in its Common or Assumed Name under the provisions of Texas Rule of Civil Procedure 28, is a corporation that owns and operates Citgo Petroleum in Corpus Christi, Nueces County, Texas.  It may by serviced with citation by serving its plant manager at his place of business: Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, <u>by private process</u>.

Al Prebula is an individual who resides in Corpus Christi, Nueces County, Texas.  He may be served by delivering a copy of citation to him at his place of business:  Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, <u>by private process</u>.

H.B. Zachry Company is a Delaware corporation with its principal place of business in San Antonio, Texas. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002, by private process.

Venue is proper in this court in that the cause of action asserted herein accrued in whole or in part in Nueces County, Texas.

II.

It has become necessary to bring this Petition because of the fire and explosion that occurred at the Citgo Refinery in Corpus Christi, Nueces County, Texas, on or about May 12, 1997. That fire and explosion were proximately caused by the negligence of Citgo Petroleum Corporation, Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, sued in its Common or Assumed Name, and H.B. Zachry Company, acting through agents, servants and employees. In addition, the fire and explosion were proximately caused by the negligence of Al Prebula, the manager of the plant. As a proximate result of the fire and explosion, the Plaintiffs, and each of them, sustained injuries and damages in an amount within the jurisdictional limits of the court, but not to exceed Seventy-Five Thousand Dollars ($75,000.00) for each, for which the Plaintiffs and each of them now bring suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein according to law, and that upon final hearing, Plaintiffs recover of and from the Defendants, jointly and severally, the actual damages which they have suffered, together with pre-judgment and post judgment interest thereon as provided for by law, and such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____
            Thomas C. Hall
            Charles Court
            205 N. Presa Street
            Building B, Suite 300
            San Antonio, TX  78205
            210/222-2000
            210/222-1156 (Fax)
            State Bar #08774550

**ATTORNEYS FOR PLAINTIFFS**

## TRIAL BY JURY IS DEMANDED

COMES NOW the above-named Plaintiffs in the above-entitled and numbered cause, and respectfully demand a jury for trial on all issues in this case.

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____
            Thomas C. Hall
            Charles Court
            205 N. Presa Street
            Building B, Suite 300
            San Antonio, TX  78205
            210/222-2000
            210/222-1156 (Fax)
            State Bar #08774550

**ATTORNEYS FOR PLAINTIFFS**

CAUSE NO. _____

ANA AGUIRRE, ET. AL.                              §        IN THE DISTRICT COURT OF
              Plaintiff                                                NUECES COUNTY, TEXAS
CITGO PETROLEUM CORPORATION,   §        _____ JUDICIAL DISTRICT
              Defendant  ET. AL.

COUNTY COURT-AT-LAW ___
OF NUECES COUNTY, TEXAS

## CIVIL CASE INFORMATION SHEET

       This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

       Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action: Check all claims pled:** []Commercial  [X]Personal Injury  []Death  []Other

| | | | | |
|---|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | [] Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Ins. bad faith | [] Dram Shop |
| [] Auto | [] DTPA | [] Malicious prosecutio | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | [] Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/other |
| [] Tax | [] Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers compensation | | [] Judgment Nisi | [] Other |

Has this dispute previously been in the Nueces County Courts? [X]NO  [] YES, in the following court: _____

Monetary damages sought:  [] less than $50,000   [X] greater than $50,000

Desired discovery level:  [] Level 1 (TRCP 190.2)  [X] Level 2 (TRCP 190.3)  [] Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery:  [] 0-3 months  [] 4-6 months  [X] 7-12 months  [] Other

Estimate time needed for trial:  [] 1-2 days  [] 3-5 days  [X] 6-10 days  [] 7-10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees?  [X] Yes  [] No

Is immediate ADR requested?  [] Yes  [X] No

Name of party filing this cover sheet: _____

Signature of attorney or pro se filing cover sheet:  _Tom Hall_ (signature)
           Name printed  :  TOM HALL
           Phone No.:  210-222-2000  Bar No.: 08774550

**FOR COURT USE ONLY:**
    Tract assigned:  [] Track 1  [] Track 2  [] Track 3

    Court Coordinator: _____  Date: _____

CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
1999 MAY 11 P 2:46
BY ____DPTY

## CAUSE NO. 99-2583-C

| | | |
|---|---|---|
| ANA AGUIRRE, et al.,<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 94TH JUDICIAL DISTRICT |
| CITGO PETROLEUM<br>CORPORATION, et al.,<br>Defendants. | §<br>§ | NUECES COUNTY, TEXAS |

### DEFENDANTS' FIRST SET OF INTERROGATORIES
### AND REQUESTS FOR ADMISSIONS

TO:     All Plaintiffs, by and through their attorney of record, Thomas C. Hall, Charles Court, 205 N. Presa Street, Building B, Suite 300, San Antonio, Texas 78205.

Pursuant to the Texas Rules of Civil Procedure, Defendants CITGO Petroleum Corporation and CITGO Refining and Chemicals Company, L.P. (collectively "CITGO") hereby serve this First Set of Interrogatories and Requests for Admissions.  You are required to answer the following Interrogatories and Requests for Admissions in writing and under oath, and to file and serve such papers upon counsel of record for CITGO.

### INSTRUCTIONS

These Interrogatories and Requests are being served on your attorney and answers to the Interrogatories and Requests should, to the extent possible, be answered in the spaces provided and if additional space is needed, please use additional sheets or the back of the preceding page.  You are notified that this party specifies that the answer to these Interrogatories and Requests shall be served on the first business day after the expiration of thirty (30) days from the date of service hereof, and that the Interrogatories and Requests and your sworn answers may be offered in evidence at the trial of this lawsuit.



In answering the following Interrogatories and Requests furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. *See* Tex. R. Civ. P. 193.1. If you cannot answer an Interrogatory or Request in full after conducting a reasonable investigation to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The Interrogatories and Requests which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Interrogatories and Requests below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

A.    "Persons" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

B.    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra-office communications, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any documents requested to be identified were not or are no longer in your possession or control or they are or are no longer in existence, state whether they are:

2

[1]    missing or lost;

[2]    destroyed;

[3]    transferred voluntarily or involuntarily to others, and, if so, to whom; or

[4]    otherwise disposed of; and in each instance explain the circumstances surrounding

an authorization of such disposition thereof, state the approximate date thereof and

describe its contents.

C.    "You" and "Yours" shall mean the parties to whom these questions are directed, as well

as agents, employees, attorneys, investigators and all other "persons" acting for said

parties.

D.    The term "refer or relate to" includes alluding to, responding to, concerning, in

connection with, commenting on, in respect of, about, regarding, discussing, showing,

describing, mentioning, reflecting, analyzing, constituting, evidencing, and pertaining to.

E.    "May 12 Event" shall mean the fire and explosion that occurred at the CITGO Refinery

in Corpus Christi, Nueces County, Texas, on May 12, 1997, as alleged in the Plaintiffs'

Original Petition.

F.    "Punitive Damages" shall mean damages related to allegations of gross negligence and/or

damages sought for the purpose of punishing a defendant for outrageous, malicious,

fraudulent, reckless, or otherwise culpable conduct.

In each Interrogatory wherein you are asked to identify a person, state with respect to such

person as follows:

A.    His full name, and

B.    His last known address and phone number.

3

If the person to be identified is not a natural person (e.g., a corporation), give its name and address and principal business activity.

If you object to identifying any person as hereinabove defined, or you feel that a court order should be obtained by this party, please so state in your answer to the Interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1.:

Please set forth complete information which will identify you, including all names you may have ever used, date of birth, address, telephone number, driver's license number, and Social Security number.

### ANSWER:

### INTERROGATORY NO. 2.:

Please set forth a complete factual description of the May 12 Event including your location, your actions and movements.

### ANSWER:

### INTERROGATORY NO. 3.:

State precisely and in detail each and every fact known to you, and upon which you rely to substantiate the allegations in your Original Petition that the accident and injuries complained of were the proximate result of negligence on the part of the Defendants.

### ANSWER:

### INTERROGATORY NO. 4.:

If you have ever made a claim or filed a lawsuit against any person, firm or corporation for money damages including, but not limited to, workers' compensation, please identify each such person, firm, or corporation by name and address, and state further the date and general subject matter of the claim, the cause number, and the court in which the lawsuit was filed.

4

**ANSWER:**


**INTERROGATORY NO. 5.:**

State the name and address of each person, firm, company or corporation for whom you have worked, and as to each employer state:

      A.     Your job title or description;

      B.     The beginning and ending dates of your employment with each employer;

      C.     Your duties while employed;

      D.     Whether you were exposed to any toxic substances, and if so, the name or type of each such toxic substance, the manner in which you were exposed, the duration of your exposure, and a description of each and every effect the exposure had on you;

      E.     Whether you ever reported an injury from exposure to any substances you believed were toxic or hazardous, and the date reported, person reported to, whether the report was oral or in writing, and the general content of each report; and

      F.     Your beginning and ending rates of pay.

**ANSWER:**


**INTERROGATORY NO. 6.:**

Please identify all doctors, physicians, therapists, chiropractors, physical therapists, osteopaths, social counselors, psychologists, psychiatrists, curanderos, hospitals or other medical, health, or mental health care providers under whose care you have been, or whom you have seen, whether for examination, treatment, consultation, routine physical, hospitalization or otherwise, including the date(s) you saw the health care provider and description of conditions or symptoms for which treatment was sought, and if hospitalized, please identify the address and name of the hospital, and each medical or mental health practitioner who recommended, caused, or participated in any way with your hospitalization and/or discharge.

**ANSWER:**


**INTERROGATORY NO. 7.:**

State the last grade you attended in school and the name and city of each school, preschool, college, university, or other educational institution which you have attended, the dates of your attendance at each such institution, and the type or nature of the diploma, degree, or certificate, if any, awarded to you by each such institution.

5

**ANSWER:**

**INTERROGATORY NO. 8.:**

If you have served in the armed forces, reserves, or Coast Guard of the United States, state which service (Army, Navy, etc.); the branch of that service; your service identification number; the dates of your service; the place of induction and discharge; the name and location of every temporary or permanent duty station to which you were assigned; the dates of such assignment; the duties performed at such station; the type of discharge given. State whether you were ever treated for any physical ailment, including but not limited to dizziness, weakness, headaches, nausea, respiratory distress, or tissue or nerve damage while in the service.

**ANSWER:**

**INTERROGATORY NO. 9.:**

Please state in detail your history of use of any alcoholic products. State when you started, what you drank, and how much you drank, whether you have stopped drinking, and if so, the date on which you stopped drinking. Please state with what frequency you now drink (e.g., 2 drinks per day, 5 drinks per week).

**ANSWER:**

**INTERROGATORY NO. 10.:**

Please state in detail your history of cigarette use, and use of any other inhalants. State when you started, what you smoked, how much you smoked per day, whether you have stopped smoking, and if so, the date on which you stopped smoking. Please state with what frequency you now smoke (e.g., 2 packs per day).

**ANSWER:**

**INTERROGATORY NO. 11.:**

Have you for any period of time greater than one week taken prescription drugs or non prescription drugs? (Examples are: insulin, nitroglycerin, allergy shots, valium, muscle relaxers, tranquilizers, pain pills, recreational drugs, street drugs, marijuana, ulcer medication, blood thinners, diet pills, amphetamines, barbiturates, heart medication, kidney medication, steroids, asthma medication, hallucinogens, nasal spray, or cancer medication.) If so:

6

CutePDF - www.fwzia.com

A.   List below each type of drug you have taken, the date you began taking the drug, whether you are still taking the drug, or the date you stopped taking the drug.

B.   What quantity of each drug listed above did you take?

C.   If a drug was a prescription drug, what doctor prescribed each drug? Please give the name and address of each doctor and each drug he or she prescribed.

**ANSWER:**


**INTERROGATORY NO. 12.:**

Please state whether you have, or have ever had, asthma or any allergies, and if so, for each such allergy, state:

A.   the name of the substance to which you are allergic;
B.   the symptoms you experience when you have an allergic reaction to the substance;
C.   how long you have had the allergy, or, if you no longer have it, the period when you had it;
D.   if it is a seasonal allergy, the period when you experienced it;
E.   the names and addresses of all doctors or other health practitioners who have treated the allergy;
F.   the names and addresses of all hospitals or other health care facilities where you have received treatment for the allergy; and
G.   the identity of all medications you take or have taken for each allergy.

**ANSWER:**


**INTERROGATORY NO. 13.:**

Please state the identity of each health, hospitalization, or major medical insurer by whom you have been covered since 1970. If covered at any time by a group policy, identify the employer or other group insured. If you have ever been a member of a health maintenance organization, identify the organization and your patient or other identification number with that organization.

**ANSWER:**

7

**INTERROGATORY NO. 14.:**

Please identify any and all samples of surface or ground water, vegetation, soil, air or other liquid, solid or gas taken after the May 12 Event regardless of the results of those tests, and the results of testing and/or analysis conducted on these samples, including any testing done on any animate or inanimate objects.

**ANSWER:**


**INTERROGATORY NO. 15.:**

Identify each symptom, injury, illness and disease alleged in your Petition to be the result of the May 12 Event or for which you otherwise intend to seek damages, including but not limited to physical, mental, emotional or psychological injuries; please state what injury you claim, and:

A.    When were you injured or when you became ill?

B.    Please provide dates associated with each such symptom or complaint, including duration.

C.    List everyone, by name and address, who witnessed your injury or who has told you that your physical, mental, emotional or psychological injury or illness was caused by the occurrences alleged in your Petition.

D.    What specific materials do you allege caused your physical, mental, emotional or psychological injury or illness?

E.    Whether you have recovered from your physical, mental, emotional or psychological injury or illness?

F.    Whether you have seen a doctor, psychologist, psychiatrist, curandero, or other counselor because of your mental, emotional or psychological injury or illness, and if so, answer the following for each doctor, psychologist, psychiatrist, curandero or other counselor:

    1.    Name and address of this person.

    2.    Describe what treatment, if any, you received from this person, including any medications prescribed.

    3.    The dates of your first and last consultation with this person and how many times have you seen this person for this injury or illness?

    4.    How much has this person charged you for all visits related to this injury or illness?

    5.    Did this person refer you to any other doctor, psychiatrist, psychologist or other counselor because of your injury or illness, and if so, to whom (name and address) were you referred?

H.    Whether you have been hospitalized or institutionalized because of your physical, mental, emotional or psychological injury or illness, and if so, answer the following for each of your admissions:

    1.    Hospital or institution's name and address?

    2.    Dates of admission and discharge.

8

  3.  What doctor(s) or other counselor(s) admitted, diagnosed or treated you during this hospitalization or institutionalization?

  4.  What treatment did you receive?

  5.  What was the total cost of your visit?

**ANSWER:**

## INTERROGATORY NO. 16.:

Identify each of your relatives, family members, or members of the same household who have experienced any personal injuries or health symptoms resulting from the May 12 Event.

**ANSWER:**

## INTERROGATORY NO. 17.:

If you are claiming that you have lost wages or earnings, including any business damage or business losses as a result of the injuries alleged in your Petition, please state for each period during which you allegedly lost wages or earnings:

  (a)  the dates upon which each such period began and ended;

  (b)  the total amount of wages or earnings allegedly lost during each such period up to and including the date of your answer hereto;

  (c)  the reason why you were unable to work or otherwise lost wages or earnings; and

  (d)  if you suffered any business damage or business losses, the name, address and nature of the business, how the damage occurred, and the amount of the damage or the loss; or

  (e)  if you are claiming any loss of future earnings please state the date upon which you have become totally or partially unable to carry on your occupation and the total amount of future lost wages or earnings that you attribute to the occurrences referred to in your Petition.

**ANSWER:**

## INTERROGATORY NO. 18.:

If you have applied for and/or received any government, state or federal, benefits for unemployment since the date of the occurrence made the basis of this suit, please give complete details, concerning each such occasion.

**ANSWER:**

9

**INTERROGATORY NO. 19.:**

Please state the nature and amount of each item of damage and expense, other than as listed above, incurred by you or in your behalf, through the date of your answer to this Interrogatory, that you claim was caused by the occurrences alleged in your Petition; if you assert property damage or devaluation, please describe the damage you claim to your property and/or to the use and enjoyment of your property, when and where any alleged property damage occurred, the monetary amount of the damage or devaluation, and whether or not you made an insurance claim for such damage; if you assert that such expenses are unknown or cannot be determined, state the reason for this assertion.

**ANSWER:**

**INTERROGATORY NO. 20.:**

If you have received any sums of money from anyone, for any reason, as a result of the alleged injury or injuries made the basis of this suit, including any payments for compensation benefits, loans or advances, please set forth in detail the date and amount of each and every such payment, together with information as to the name and address of the company or individual making such payment, and the purpose of such payment.

**ANSWER:**

**INTERROGATORY NO. 21.:**

Please identify each and every person whom you intend to call as a witness in the trial of this matter and provide a summary of the subject matter about which the witness is expected to testify.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you will not seek damages against CITGO in an amount greater than $75,000 with respect to the allegations set forth in your Petition.

**ANSWER:**

## REQUEST FOR ADMISSION NO. 2:

Admit that you will not seek Punitive Damages against CITGO with respect to the allegations set forth in your Petition.

## ANSWER:


## INTERROGATORY NO. 22:

If you deny Request for Admission No. 2, describe in detail and with particularity the factual basis for this denial and identify documents, facts, witnesses, communications or other evidence that supports, contradicts or in any way relates to this denial.

## ANSWER:


Respectfully submitted,

By: _____

·Jeffrey K. Sherwood
State Bar No. 24009354
Cheryl A. Falvey
Scott E. Seewald
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 (FAX)

ATTORNEYS FOR DEFENDANTS
CITGO PETROLEUM CORPORATION, &
CITGO REFINING & CHEMICALS
COMPANY, L.P.

11

Ralph F. Meyer
State Bar No. 13994300
Jack C. Partridge
State Bar No. 15534600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
512/884-8808
512/884-7261 (FAX)

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

12

# CERTIFICATE OF SERVICE

I certify that on this 24th day of June, 1999, a true and correct copy of the foregoing **Defendants' First Set of Interrogatories and Requests for Admissions to all Plaintiffs** was forwarded to all counsel listed below by certified mail, return receipt requested and/or regular U.S. mail.

HALL & BATES, L.L.P.
Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas  78205

13

NO. 99-2583-C

| ANA AGUIRRE, ET AL. | * | IN THE DISTRICT COURT |
| --- | --- | --- |
| VS. | * | 94TH JUDICIAL DISTRICT |
| CITGO PETROLEUM CORPORATION, CITGO PETROLEUM, CITGO REFINING AND CHEMICALS, L.P., CITGO PETROLEUM CORPORATION, IN ITS COMMON OR ASSUMED NAME, AL PREBULA AND H.B. ZACHRY COMPANY | * | NUECES COUNTY, TEXAS |

### PLAINTIFFS' RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS

Now come the Plaintiffs in the above-entitled and numbered cause and file this, their

Responses to Defendants' Request for Admissions.

Respectfully submitted,

HALL & BATES, L.L.P.

By:_____
Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**



## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Responses to Defendants' Request for Admissions have been forwarded by facsimile and certified mail, return receipt requested to Ralph F. Meyer and Jack C. Partridge, 1700 Wilson Plaza West, 606 N. Carancahua, Corpus Christi, TX 78476 and to Jeff Sherwood, 1333 New Hampshire Aven., N.W., Suite 400, Washington, D.C. 20036, on this the 13th day of January, 2000.

_____
Thomas C. Hall

## RESPONSES TO REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

Admit that you will not seek damages against CITGO in an amount greater than $75,000.00 with respect to the allegations set forth in your Petition.

ANSWER:     Each Plaintiff admits that he or she will not seek damages against CITGO in an amount greater than $75,000.00 each with respect to the allegations set forth in the Petition.

REQUEST FOR ADMISSION NO. 2:

Admit that you will not seek Punitive Damages against CITGO with respect to the allegations set forth in your Petition.

ANSWER:     Deny.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 3 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CRISELDA R. SAENZ, and | § | |
| ELIGIO T. SAENZ | § | |
| | § | |
| V. | § | |
| | § | CA. NO. C-97-411 |
| CITGO PETROLEUM CORP., | § | |
| CITGO PETROLEUM, CITGO | § | |
| REFINING & CHEMICALS | § | |
| COMPANY, L.P., and AL PREBULA | § | |
| | | |
| BELIA V. ROBLES and IRMA BERNAL | § | |
| | § | |
| V. | § | |
| | § | CA. NO. C-97-412 |
| CITGO PETROLEUM CORP., | § | |
| CITGO PETROLEUM, CITGO | § | |
| REFINING & CHEMICALS | § | |
| COMPANY, L.P., and AL PREBULA | § | |

ORDER DENYING MOTION TO REMAND AND DISMISSING
DEFENDANT AL PREBULA

On this day, the Court considered the plaintiffs' motion to remand and the response

thereto. The Court finds that the individual defendant Al Prebula has been fraudulently joined.

The Court further finds that the amount in controversy exceeds $75,000 between each plaintiff and

each defendant.

Accordingly, the motion to remand is denied and the case against defendant Prebula is

dismissed.

ORDERED this 22 day of _____, 1998.

H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES HENRY CAVADA, et al. | § § § | CIVIL ACTION NO. _____ |
| VS. | § § | |
| CITGO PETROLEUM CORPORATION, et al. | § § § | |
| | § | JURY DEMANDED |

## AFFIDAVIT OF ALVIN W. PREBULA

STATE OF _____        §
                                                      §
COUNTY OF _____        §

Before me, the undersigned authority, on this day appeared Alvin W. Prebula, who on his

oath stated the following:

     1.     My name is Alvin W. Prebula. I am currently employed as the Vice President of

CITGO's Lake Charles Manufacturing Complex located in Lake Charles, Louisiana. I was

formerly employed as the plant manager at the CITGO Corpus Christi refinery located in Corpus

Christi, Texas. I am over the age of 18 and have never been convicted of a felony or

misdemeanor involving moral turpitude. I am of sound mind, and capable of making this

Affidavit, and have personal knowledge of the facts stated herein.

     2.     I first was appointed by CITGO to exercise duties as the plant manager of the

CITGO Corpus Christi Refinery in March 1996. I was not employed by CITGO as the Plant

Manager of this refinery in 1995 when the turnaround of the alkylation unit involved in the May

12, 1997 fire occurred.

*i*

3.     I was not physically present on May 12, 1997, when the fire at the alkylation unit located at the Corpus Christi refinery occurred.

4.     The sole reason for my involvement in the events surrounding the alkylation unit fire which began on May 12, 1997, and for my presence at the facility after the fire began, was my responsibility as the CITGO plant manager.  On no occasion did I exercise any personal duty, obligation, or prerogative to make decisions, or render assistance, relative to the sudden emergency and following the sudden emergency occasioned by the fire at the CITGO East Plant refinery complex in Corpus Christi, Texas on May 12, 1997.

5.     Were it not for my employment at CITGO, I would have had no reason, and would, in fact, not have had any involvement in, entered into any decision making, or have been apprised of the facts surrounding the alkylation unit fire on May 12, 1997.

6.     Prior to and during the 1995 alkylation unit maintenance shutdown and turnaround operations, I was not the plant manager and I did not have any management responsibility for the maintenance shutdown and turnaround.

7.     At no time have I undertaken any personal duty or obligation in connection with either the 1995 turnaround or the May 12, 1997 incident.

8.     In my capacity as plant manager in May 1997, I convened an investigation team to examine the facts and circumstances surrounding the May 12, 1997 incident.   The team concluded that neither H.B. Zachry Company nor any of its affiliates, agents or employees (collectively, "Zachry") had any involvement in and/or responsibility for any part of the events leading to this incident.

2

9.     Specifically, the investigation concluded that the May 12, 1997 incident was caused by a ruptured 6" pipe in the alkylation unit of CITGO's Corpus Christi refinery that CITGO failed to replace.   The pipe was not replaced because a CITGO engineer failed to designate the pipe for replacement during a 1995 turnaround on the alkylation unit.   CITGO's investigation of this incident, including its opinion as to the cause of this incident, is contained in the PSM report, attached hereto as Exhibit 1.   The PSM report was produced to plaintiffs' counsel during discovery in earlier lawsuits arising from the May 12, 1997 incident, including cases filed by plaintiffs represented by Steve T. Hastings, an attorney for the plaintiffs in the present case.

10.     CITGO's investigation and the PSM report concluded that, although Zachry employees worked on the Alky Unit turnaround in 1995, they were not involved in or responsible for the failure to replace the 6" pipe that ruptured and caused the May 12, 1997 incident.   The Routine Maintenance and Services Contract entered into by Zachry and CITGO in July 1995 (the "Contract") provides that Zachry should only perform work as instructed by CITGO.   Section 5.1 of the Contract, attached hereto as Exhibit 2, explicitly states that "all Work performed pursuant to this Agreement shall be performed in accordance with instructions given to [Zachry] by [CITGO's] authorized representative."   CITGO's investigation revealed that Zachry was never instructed to evaluate, replace, or test the 6" pipe that ruptured on May 12, 1997.   The PSM report, produced to plaintiffs' attorneys, demonstrates that Zachry never received such instructions.

11.     Section 16.1 of the Contract provides that Zachry will indemnify CITGO "without regard to the extent to which [CITGO] causes or contributes to liability thereon by its concurrent,

3

or statutory or strict liability." *See* Exhibit 2 at § 16.1. The Contract limits this duty of indemnification by providing that Zachry "shall have no obligation to indemnify [CITGO] . . . for claims, damages, expenses or losses which are the result of [CITGO's] sole negligence." *Id.* Because Zachry was never instructed to evaluate, replace, or test the 6" pipe that ruptured on May 12, 1997, CITGO has not sought indemnity from Zachry for any liability it has incurred as a result of the May 12th incident.

Executed this 15th day of June, 1999.

_____
Alvin W. Prebula

Subscribed and sworn to before me this 15th day of June, 1999.

_____
Notary Public in and for
The State of  LOUISIANA

4

MAY 28 1999 13:30 FR AKIN GUMP STRAUSS    713 236 0173 TU 2710#007506#0048 P.02/03

# CITGO Refining and Chemicals Company L. P.
## INTEROFFICE LETTER

May 29, 1997



**TO:** Charlie LeRoy

**FROM:** Incident Investigation Committee

**SUBJECT:** HF Alky Fire and Incident Investigation

This interim final report is based on the facts available as of the date of issuance. This report must be viewed in light of pending additional metallurgical data.

## Description of Incident

The HF Alkylation unit was operating normally when a vapor deflagration and subsequent fire occurred on May 12, 1997 at approximately 10:22 P.M. Operations personnel began unit isolation; ERT and RTFC personnel responded to the incident and contained the fire within the Alkylation unit depropanizer area. The fire burned itself out at approximately 12:30 AM on May 14, 1997. Primary fire damage was limited to the immediate area around the depropanizer tower (83-V-15).

## Incident Investigation

An incident investigation team of CITGO employees was formed, as no contractors were involved. Review of the incident began on May 13, 1997 at 7:30 AM. The work of the incident investigation team included the interviewing of eyewitnesses, the reviewing of process data, and the making of visual observations of the equipment.

## Cause

The likely source of the fuel associated with the fire appears to be a ruptured 18-inch long vertical section of the 6-inch diameter depropanizer feed line. The rupture of the line resulted in the release of a cloud of primarily isobutane and propane vapor with a small amount of dissolved hydrofluoric acid, which subsequently ignited and burned. Although multiple sources of ignition were potentially present, it is not known which source caused the initial ignition. The cause and mechanism of the line failure remains unknown as of this time pending further investigation and analysis. The line was scheduled to be replaced in late 1995 per CITGO's piping inspection system. Our review and testing indicates that the affected section of pipe was not replaced. Inspection records also indicate that the required field verification readings were not taken and

S-0002281

entered on the failed line, but instead the inspection record incorrectly showed that the piping had been replaced.

### Recommendations

1. Inspect all essential hydrocarbon piping in the Alkylation unit as a precautionary measure to verify the isolated nature of the incident.

2. Strengthen the piping inspection audit system.

Rene Van Gaalen

Chester Compton

David Hoffpauir

Clinton Schulz

cc:
Steve Hays
Rixio Medina

Page 2 of 2                                    S-0002282



**CITGO Refining and Chemicals, Inc.**

PURCHASE ORDER
NO. B1211

Purchasing Department
P.O. Box 9176
Corpus Christi, Texas 78469

ROUTINE MAINTENANCE SERVICES CONTRACT

This contract ("Contract" or "Agreement") shall be effective the 15th day of July, 1995, and is entered into by and between CITGO REFINING AND CHEMICALS, INC. (hereinafter referred to as "Company") and H. B. ZACHRY COMPANY (hereinafter referred to as "Contractor").

Whereas, the Company desires to engage the services of Contractor's Industrial & Maintenance Services Division to perform, and Contractor desires to perform, certain routine maintenance services to be identified from time to time by Company's Work Order (hereinafter described as the "Work") for the price and on the terms and conditions specified herein.

Now, therefore, in consideration of the premises for the mutual benefit of the parties and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. TERM

   1.1  The term of this Agreement shall be three years running from July 15, 1995 through July 14, 1998 (the "Primary Term") with an option on the part of the Company to extend the term for up to an additional one year. Such option shall be exercised by the Company, if at all, by notice to Contractor given at least thirty (30) days prior to the end of the Primary Term.

   1.2  Unless otherwise specified in a Work Order, completion of all Work is urgently required and it is mutually agreed that timely performance of all Work is "of the essence" of this Agreement.

2. VOLUME

   2.1  There shall be no guarantee of volume of Work assigned to the Contractor over the term of this Agreement.

3. CONTRACT DOCUMENTS

   3.1  This Agreement shall consist of the terms and conditions contained herein as supplemented when necessary by the following documents which are hereby incorporated herein and made a part hereof by this reference (collectively, the "Contract Documents"):

               Attachment    I  -  Company's   Inquiry   No.   211151,
                                   dated April 11, 1991.

               Attachment   II  -  Special Conditions ✓



H. B. Zachry Company
P.O. No. B 1211
Page 2 of 30

Attachment   III   -   Contractor's ~~proposal, dated July 29, 1994~~ *RATE SCHEDULE*

Attachment   IV    -   Contractor Insurance Certificate (on file)

Attachment   V     -   Corpus Christi Refinery and Offsites Working Conditions (Rules and Regulations), as published from time to time to Company's contractors, under the title "Corpus Christi Refinery and Offsite Working Conditions - Rules and Regulations."

Attachment   VI    -   ~~Equipment Inspection Procedure~~ *RULES & REGULATIONS*

Attachment   VII   -   ~~Contractor Injury Statistics and Excavation Letter~~ *RULES & REGULATIONS*

Attachment   VIII  -   Contractor's Authorization for Manpower, Material & Equipment

Attachment   IX    -   Invoicing Procedures

In the event of an irreconcilable conflict between the terms and conditions set forth herein and any provision contained in the other Contract Documents, the terms and conditions contained in this Contract Document shall in all cases prevail.

4. <u>SCOPE OF WORK</u>

    4.1   The Contractor shall furnish all labor, tools, equipment, and supervision for plant maintenance, repair, and construction as specifically directed by Company's work order, purchase order or memoranda of instruction. Provided, however, a work order, purchase order or memoranda of instruction shall not vary or modify any term or condition of this Contract in any material respect unless mutually agreed to in writing, signed by both parties. In the event of any conflict between any provision in a work order, purchase order or memoranda of instruction and this Contract, this Contract shall control.

5. <u>SCHEDULE</u>

    5.1   Unless terminated earlier as provided in other sections hereof, ~~the work performed pursuant to this Agreement shall be performed in accordance with instructions given to the Contractor by Company's authorized representative.~~

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 44 of 127

H. B. Zachry Company
P.O. No. B 1211
Page 3 of 30

6.  <u>COMPENSATION</u>

6.1   Company hereby agrees to pay and Contractor agrees to accept the sum of Contractor's Direct Cost and Contractor's Fee, hereinafter described, as full and complete compensation for satisfactory and timely performance of the Work in strict accordance with all the requirements set forth in this Agreement.

6.2   Contractor's Direct Cost for purposes of calculating amounts due Contractor hereunder, shall be as follows:

> 6.2.1   The wages and salaries of all employees assigned directly to the Work (as shown on Attachment III) including, as applicable, the Superintendent, Foreman, various Craftsmen, Laborers, Field Accountants, Field Engineers, etc., submitted by the Contractor to the Company and approved by the Company in writing from time to time.

> 6.2.2   Wages and salaries for administrative, support and supervisory personnel approved by the Company in writing prior to commencement of Work. In emergency situations, oral approval is acceptable but shall be confirmed by written authorization as soon as possible.

> 6.2.3   The cost of rental of construction equipment to be used in association with the Work, subject to the Company's prior written approval.   Contractor shall disclose all rental arrangements including without limitation any lease-purchase agreement to Company. Company reserves the right to require the Contractor to provide equipment for Work under this Agreement or, at Company's sole option, to provide equipment from other third party sources mutually acceptable to both parties. Any tool costing over $500.00 (current, new replacement cost) shall be placed on the rental roll, and the rental rate separately negotiated.

> 6.2.4   The necessary and proper cost to comply with any changes in laws, rules or regulations, including regulations of Company, applicable to the Work which are adopted or become effective after the date of this Agreement, subject to Company's prior review and approval in writing.

6.3   The following is a description of the applicable Contractor's Fee, expressed as markups based on percentages of Direct Cost.

(07/17/95)

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 45 of 127

6.3.1   The Contractor shall be entitled to a percentage mark-up of 6.5% for profit and overhead which will apply only to straight time wages for all Contractor's employees at the jobsite as follows:

1.  Profit and overhead associated with execution of on-site Work under this Contract.

2.  Home office general and administrative expenses (including the salaries of local Contractor management personnel above the superintendent level).

6.3.2   A fixed percentage mark-up of 32.6% will be applied to all Contractor employees' straight time and straight time portion of overtime wages to cover the cost of the following:

1.  State Unemployment Insurance.

2.  Federal Unemployment Insurance.

3.  FICA taxes.

4.  Insurance coverage per requirements stated herein.

5.  Health insurance.

6.  Life insurance.

7.  Other Contractor benefits such as paid vacations and holidays. Vacation schedules for supervisory key Contractor personnel shall be subject to prior Company approval.

6.3.3   A fixed percentage mark-up of 19.6% will be applied to all Contractor employees' premium portion of overtime wages to cover the cost of the following:

1.  State Unemployment Insurance.

2.  Federal Unemployment Insurance.

3.  FICA taxes.

4.  Health insurance.

5.  Life insurance.

(07/17/95)

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 46 of 127

> 6. Other Contractor benefits such as paid vacations and holidays. Vacation schedules for supervisory key Contractor personnel shall be subject to prior Company approval.

6.3.4 A fixed percentage mark-up of .85% will be applied to all Contractor employees' wages to cover the cost of fire retardant clothing(FRC). At the end of each contract year, Contractor's receipt of revenue from such FRC mark-up shall be compared to Contractor's actual cost to provide such FRC. If Contractor's actual cost to provide such FRC varies by more than 5% from the revenues received from the FRC mark-up, an adjustment will be made to reconcile such difference to Contractor's actual cost.

6.3.5 The above rates, burdens, taxes and fees are totally inclusive and may not be revised during the term of this Agreement without prior written approval of the Company, except as otherwise expressly provided in this Agreement.

6.4 For purposes of calculating amounts due Contractor under this Article 6, Contractor direct costs shall not include the following:

> 6.4.1 Salaries of personnel at the Contractor's home office or expenses of conducting the home office or overhead expense of any kind except as specifically covered by this Agreement.

> 6.4.2 General engineering or consultation charges by the Contractor's home office organization unless prior written approval is granted by Company.

> 6.4.3 Any item provided for in the Indemnification Section below in excess of any amount received under an insurance policy, except as expressly stated otherwise herein, or the whole of any loss not covered by insurance.

6.5 Salary and wage rates for all Contractor personnel whose services may be required in the performance of Work will be those rates (specifically set forth in Attachment III) established by the Contractor and agreed to in writing by Company. All such salary and wage rates shall remain confidential between the Contractor and Company.

6.6 Actual Contractor direct costs shall be charged to the Company. All volume discounts (or discounts of any kind),

(07/17/95)

H. B. Zachry Company
P.O. No. B 1211
Page 6 of 30

refunds and rebates shall be passed to the Company provided
Company makes payment to Contractor in sufficient time to take
advantage of discounts.  Entertainment or other similar costs
that may be connected with the Work shall not be chargeable to
the Company.

7.  NOTICES

    7.1  All notices shall be given in writing and personally
delivered to the party's authorized representative or delivered
by telecopy or by U.S. Mail, postage prepaid, certified mail,
return receipt requested to the following addresses:

        To the Company:

                CITGO REFINING AND CHEMICALS, Inc.
                Purchasing and Material Control Manager
                Attn:  Geoff Gannaway
                P. O. Box 9176
                Corpus Christi, Texas  78469
                [TELECOPY #(512) 844-5114]

        To the Contractor:

                H. B. Zachry Company
                Attn.:  George Cook
                P. O. Box 9338
                Corpus Christi, Texas  78469
                [TELECOPY #(512) 888-6881]

        with copy to:

                H. B. Zachry Company
                ATTN.:  John B. Zachry
                P. O. Box 639
                Deer Park, Texas
                [TELECOPY #(713) 471-9127]

    or to such other address as hereafter may be furnished
    as provided herein by either party.

    7.2  Notice shall be effective upon receipt.

8.  AUTHORIZED REPRESENTATIVE

    8.1  Company shall designate one person who will be its
authorized representative under this Agreement. Contractor shall
be entitled to recognize and accept such person as having full
power and authority to act for and in the name of Company.
Company's authorized representative may, from time to time,

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 48 of 127

designate other persons to act on its behalf. Designation of persons acting on behalf of the Company representative must be confirmed in writing.

8.2   Contractor shall designate one person who will be its authorized representative under this Agreement. Company shall be entitled to recognize and accept such person as having full power and authority to act for and in the name of Contractor.

9.   SCOPE OF CONTRACTOR RESPONSIBILITY

9.1   Contractor's responsibility under this Contract shall include the following:

9.1.1 Execute Work in a professional and workmanlike manner, in accordance with the Contract Documents.

9.1.2 Comply with all the Company's procedures, rules, regulations, special conditions, orders or instructions, as published from time to time in Company's "Corpus Christi Refinery and Offsite Working Conditions - Rules and Regulations," identified as Attachment V to this Contract. Contractor shall ensure that its employees are fully informed as to Company's procedures, rules, regulations, orders and instructions.

9.1.3 Keep available for Company at the jobsite a set of approved drawings and specifications relevant to the Work to be performed at such site.

9.1.4 Maintain the Work and all materials in good order and condition and to not use anything intended for incorporation in the Work for temporary purposes, without prior written approval of Company.

9.1.5 Obtain and maintain authorizations and permits typically required of maintenance and construction contractors in the industry which are necessary for the performance of the Work, and which are required by the issuer thereof to be obtained in the name of Contractor.

9.1.6 Comply with all terms and conditions of this Agreement.

9.1.7 Contractor shall immediately inform Company if any of the Work is connected with, or involves excavation, transportation, storage, handling, removal treatment or disposal of asbestos or other hazardous materials and shall cease all such activity pending receipt of instructions from the Company, in accordance

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 49 of 127

with 13.3, below.

9.2  Contractor shall undertake a diligent visual review of any drawings, or specifications provided by Company and promptly notify Company of any error, omission, deficiency or inconsistency which Contractor believes may render the same unsuitable for proper execution of Contractor's Work. If Contractor fails to notify Company of any such error, omission, deficiency or inconsistency before proceeding to performing Contractor's Work, and the error, omission, deficiency or discrepancy therein is such that it would not have been overlooked by a prudent contractor, in the course of conducting a diligent visual review under the same or similar circumstances, Company may, as its sole remedy hereunder, condemn the work as defective. Company acknowledges and agrees that Contractor is not a design professional, and that Contractor disclaims all warranties relating to engineering and design associated with the Work, and the adequacy, accuracy, or completeness of plans, specifications or other engineering or design information provided by the Company or by Company's employees, agents, contractors and their subcontractors.

9.3  Contractor shall provide Company unrestricted access to the Work for inspection at all times. The Company may inspect Work for compliance with the applicable Work Order and the Company goals and objectives. Contractor shall have exclusive control of performance of the actual Work.

9.4  Contractor shall be an "independent contractor" and not an agent or employee of Company. Nothing in this Agreement shall be deemed or construed as making Contractor or any Contractor personnel or subcontractor Company employees or agents or creating any form of joint venture or partnership or joint responsibility between Company and Contractor, whose rights and obligations hereunder shall be separate and not joint or collective.

9.5  Contractor shall make all necessary arrangements at the jobsite for receiving, handling, storing and safeguarding any Company materials, supplies and equipment to be used in the Work. Contractor shall be deemed to have fulfilled its obligations hereunder if it complies with particular written instructions to do such things from Company or its vendors. Provided, however, nothing herein shall obligate Company to provide Contractor any instructions concerning the receiving, handling, storing and safeguarding of Company materials, supplies and equipment to be used in the Work. Upon receipt of any Company supplied items, Contractor shall perform an immediate visual inspection and notify Company within forty-eight (48) hours of their receipt of any defect, discrepancy, or

H. B. Zachry Company
P.O. No. B 1211
Page 9 of 30

damage that should reasonably have been discovered by such
inspection. Contractor shall thereafter, within a reasonable
time, subject such items to any tests or inspections as detailed
in the specifications, or as would normally be made by a prudent
purchaser of such items. Company shall be promptly notified of
any defect, discrepancy, or damage discovered by such test or
inspection.

9.6   Contractor   shall   develop   an   effective
cost/scheduling/progress control program and provide to Company
unrestricted access to the detailed controls and reports.

9.7   Contractor shall confine its personnel, equipment,
materials and operations to the areas specified by the Company.
Contractor will avoid blocking roads and shall conduct its
activities in a manner that will not unreasonably interfere with
Company operations or operations of other Company contractors or
subcontractors.

9.8   Contractor shall keep Work sites and designated
Contractor areas free of debris, scrap and trash at all times.
All Work sites will be left in broom clean, safe condition on
completion of any Work Order.

10.   CONTRACTOR'S PERSONNEL

10.1 Contractor shall provide all personnel necessary for the
proper and timely performance of the Work. They shall be able
and   shall   possess   the   education,   skills   and   experience,
including without limitation a working ability to read and
understand English, as required for their respective work, trade
or profession, and for emergency instructions.

10.2 Prior to commencement of the Work, Contractor shall
submit for Company's approval, a list of all Contractor
supervisory/key personnel to be appointed, together with details
of   qualifications   and   experience.   Thereafter,   the   same
information shall be submitted with respect to additional or
replacement personnel at least fifteen (15) days prior to new
appointments, for approval by Company.

10.3 Contractor shall request Company's approval for the
removal   and   replacement   of   any   supervisory/key   personnel.
Approval will not be unreasonably withheld.

11.   SCOPE OF COMPANY RESPONSIBILITY

11.1   Company responsibility under this Agreement shall
include the following:

(07/17/95)

11.1.1    Company shall furnish Company supplied items under the applicable work order, change order or memoranda of instruction.

11.1.2    Company shall also obtain and maintain the necessary authorizations and permits for the performance of the Work that can only be obtained in the name of Company.

11.1.3    When notified by Contractor as to errors, omissions or deficiencies in any drawings or specifications of Company supplied items, Company shall expeditiously provide the necessary corrections and instructions.

11.1.4    Company shall, without delay, notify Contractor of any errors, omissions or deficiencies which it discovers in the Work during the performance thereof.

11.1.5    Comply with all terms and conditions of this Agreement.

12.    <u>PAYMENT AND AUDIT</u>

12.1    All cash discounts, trade discounts, rebates and refunds, and all returns from sales of surplus materials and equipment shall accrue to Company, and Contractor shall endeavor to make provisions for the securing thereof. Where such discounts, rebates, etc., are based on the timeliness of payment to the vendor for reimbursable items, Company shall make payment to Contractor in sufficient time to allow Contractor to take advantage of the same.

12.2    Request for payment or invoices, will be submitted to the Company on weekly intervals for Work performed. Payment terms shall be net fifteen (15) days after receipt of invoice.

12.3    Each request for payment shall include the value of materials or equipment not incorporated in the Work, but delivered and stored at the site or at some location agreed upon.

12.4    In each request for payment, Contractor shall certify that such request for payment represents costs reimbursable to Contractor and shall also certify as follow:

"There are no known mechanics or materialmen liens outstanding at the date of this request for payment that are due and payable. Bills with respect to the Work have been paid to date or are included in the amount requested in the

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 52 of 127

current application, and except for such bills not paid but
so included, there is no known basis for the filing of any
mechanics or materialmen liens on the Work. Waivers from all
subcontractors and materialmen have been obtained in such
form as to constitute an effective waiver under the laws of
the State of Texas. Contractor shall indemnify, defend and
hold Company harmless from any claims for payment or for
additional payment by such subcontractors or materialmen."

12.5  Company shall review such request for payment and may
make such exceptions as Company reasonably deems necessary or
appropriate under the prevailing circumstances.

12.6  Company shall make payment to Contractor in the amount
approved. The payment of any request for payment by Company,
including the final request, does not constitute approval or
acceptance of any item. No payment made hereunder shall be
construed as final acceptance of Work or parts of Work to which
the payment applies or in any way relieve Contractor of any
obligations under this Agreement.

12.7  Company shall not be obligated to make full payment to
Contractor if any one or more of the following conditions
exists:

> 12.7.1   Contractor is in default of any of its
> obligations hereunder, or otherwise is in default under
> any of the Contract Documents;

> 12.7.2  Any part of such payment is attributable to Work
> that is not performed in accordance with Contract
> Documents which is the result of gross inattention or
> willful disregard for Company instruction or terms and
> conditions of this Agreement. Payment shall be made as
> to the part hereof attributable to Work which is
> performed in accordance with Company instructions or
> Contract Documents.

> 12.7.3  Contractor fails to make payments promptly to
> subcontractors or vendors for material or labor used in
> the Work for which Company has made payment to
> Contractor.

12.8  During the progress of Work and for four (4) years
after the date of completion of a Work Order, Contractor shall
permit Company unrestricted access, during business hours, to
all books, accounts, correspondence, and all other information
in the possession of Contractor or its subcontractors insofar as
they are pertinent to this Agreement and relate to costs or
expenses paid by the Company on a reimbursable cost basis. All

H. B. Zachry Company
P.O. No. B 1211
Page 12 of 30

items of cost paid by a percent mark-up of Direct Cost are not
auditable. During this period, Company shall be entitled to
raise objections against the charges made by Contractor even if
the relevant request for payment has been paid. If Company or
Contractor determines that a request for payment is not correct,
either party may demand that the necessary adjustments with
respect to payment be made and the other Party agrees to
promptly comply with such demand to the extent required by this
Contract.

13.    GUARANTEES AND WARRANTIES

    13.1  Contractor warrants that Work shall comply with the
work orders or change orders and memoranda of instruction and
other Contract Documents. Also, that Work will be free from
defects in Contractor's workmanship and materials and equipment
Contractor specifies and furnishes for incorporation into the
Work. Contractor does not warrant Work against failures due·to
manufacturing defects in materials and equipment specified by
Company or others, or due to Company's faulty operation or to
operation at or under conditions more severe than specified.

    13.2  Contractor shall promptly repair or replace, at
Company's option, any defective, Contractor workmanship or
Contractor-specified material or equipment provided by
Contractor. This shall include all Work of removal, and
reinstallation as may be necessary, and that such repair or
replacements shall be subject to Company's approval. All repair,
replacement, removal, reinstallation or other required tasks
shall be performed at cost. Defective Work which is the result
of gross inattention or willful disregard of instructions or
terms and conditions of this Agreement will be remedied at
Contractor's sole cost and no charge to the Company.

    13.3  Contractor makes no representation or warranty
concerning existence or non-existence of, shall have no duty to,
and shall not be required to undertake any Work which involves
excavation, transportation, storage, handling, removal,
treatment, or disposal of asbestos or other hazardous materials.
Contractor disclaims all responsibility and liability for the
excavation, transportation, storage, handling, removal,
treatment or disposal of asbestos, or other hazardous materials
discovered or encountered at any Work area. Company represents
and warrants that it shall, prior to start of Work, disclose to
Contractor all information known or reasonably available to
Company's responsible supervisors, concerning the known or
suspected presence and location of any hazardous materials in
the assigned Work area, except that, as to hazardous process
materials within Company's Operating Process Systems, Company
shall be deemed to have fulfilled its warranty obligation

(07·17/95)

H. B. Zachry Company
P.O. No. B 1211
Page 13 of 30

hereunder when the Company has provided, or caused to be provided, to the Contractor information required under OSHA's Process Safety Management regulations. Operating Process Systems will include all operating refinery process units, operating tank facilities, and associated facilities. Provided further, however, if Contractor knows or has reason to believe there exists a risk of exposure to asbestos or other hazardous materials, at the Work area, Contractor, will take such measures as are reasonably required to provide for the safety of Contractor and its subcontractor personnel including withdrawal of such personnel from the Work area, if appropriate. For work involving potential exposure to hazardous materials *not* within an Operating Process System, Contractor may request, and Company may, prior to directing Contractor to proceed with the Work, conduct, a site assessment, as reasonably required to provide for the safety of Contractor and subcontractor personnel, and to determine if asbestos or other hazardous materials are present at the Work area in quantities or concentrations that exceed limits allowed under applicable OSHA regulations, as determined by Company industrial hygiene personnel. If Company declines to perform a site assessment, Contractor shall not be obligated to perform Work that Contractor reasonably believes could present a significant risk of exposure to Company's hazardous materials. Contractor will give the Company Notice if it encounters or suspects that it has encountered asbestos or hazardous materials. Contractor's Notice will reasonably describe materials encountered and actions taken by the Contractor. In such event, Contractor will consult Company. If it is confirmed by Company's site assessment that asbestos or hazardous materials have been encountered and that asbestos or other hazardous materials exist in quantities or concentrations that exceed limits allowed by OSHA, Contractor and Company will consult further and attempt to reach agreement as to the means or procedure for completing the Work assignment in accordance with applicable OSHA, Company and Contractor rules and regulations. For purposes of this clause, the term "hazardous materials" includes substances, pollutants, or contaminants classified as hazardous in Title 40, Code of Federal Regulations, Section 302.4, or Title 29, Code of Federal Regulations, Section 1910.119 and Appendix A thereto.

13.4  Contractor agrees that it shall indemnify, defend, and hold harmless Company its affiliates, officers, directors, employees and agents from and against the first $5,000,000 (for any one occurrence) of any liability (including reasonable and necessary attorneys fees and costs of defense) to third parties or persons (including but not limited to employees of either party) for personal injury (including death) and damage to property of others (except damage to others' property at Company's site(s) which is specially limited under Paragraph

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 55 of 127

16.2, below), arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants or hazardous materials arising as a result of Contractor's performance of its Work ("Pollution Liability"). **CONTRACTOR AGREES ITS INDEMNITY OBLIGATION HEREUNDER SHALL APPLY WITHOUT REGARD TO THE EXTENT TO WHICH COMPANY CAUSES OR CONTRIBUTES TO LIABILITY THEREON BY ITS CONCURRENT NEGLIGENCE, OR STATUTORY OR STRICT LIABILITY.** Subject to the provisions of Paragraph 13.6, below, Company shall defend, indemnify and hold Contractor its affiliates, officers, directors, employees and agents harmless from and against Pollution Liability arising out of an occurrence in excess of $5,000,000 for any one occurrence.

13.5  Company warrants that it has, and will continuously renew and maintain, general liability insurance policies with at least the scope and limits of pollution liability insurance coverage set forth in the following policies: Lexington Policy #510-9307, Westchester Policy #XLS 310 138, Lexington Policy #8667341, for which policies Company represents and warrants it has furnished to Contractor true and correct copies of the declaration page(s) for each of such policies. Company further represents and warrants that said policies: (i) are and shall remain in full force and effect, (ii) shall continue to provide pollution coverages as stated therein, (iii) that those policies which protect Company as the named insured follow the form of the Lexington Policy #510-9307, subject to the limits of coverage stated on the declaration pages of each of such policies, and (iv) that such policies cover, and do not exclude coverage, relating to the Company's assumption of contractual liability as set forth in Paragraphs 13.4 and 13.6, herein. In addition, Company represents and warrants that it has, and will continuously renew and maintain the insurance coverages set forth in its Trimark Policy #TML001, and that such policy is, and will continue to be reinsured under X. L. Insurance Company, LTD, Policy No. XSRE-00138, or like renewals thereof, a true and correct copy of which X. L. Policy XSRE-00138 Company represents it has furnished to Contractor. Company further represents and warrants to Contractor that its TriMark Policy #TML001 provides pollution coverage to the limits stated in the cover note certificate furnished to Contractor for said policy, in form consistent with, and followed by, the X. L. Policy No. XSRE-00138, and that both policies provide coverage for sums which Company, as the named insured thereunder, shall be obligated to pay by reason of Company's assumption of contractual liability as set forth in Paragraphs 13.4 and 13.6, herein. Company agrees to furnish true and correct copies of such policies to Contractor within ten (10) days after Contractor's written request therefor. Within five (5) days after Company knows, reasonably anticipates, or receives notice of an anticipated material change in, or cancellation of, its pollution liability

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 56 of 127

insurance coverages, Company shall give Contractor written notice thereof. In such event, Contractor shall have the right to request that Company renegotiate the terms and conditions of this Contract, in which event Company and Contractor agree to promptly and diligently enter into good faith negotiations to amend this Contract; and provided further, if the parties, despite their good faith efforts, are unable to renegotiate this Contract within thirty (30) days from the date of such notice, Contractor may terminate this Contract by giving Company notice in accordance with the provisions of Article 22.

13.6    As to Pollution Liability arising out of an occurrence in excess of $5,000,000 which is not covered by Company's pollution liability insurance coverages described in Section 13.5, each party shall be responsible for its own liability, without indemnity from the other party. As to Pollution Liability arising out of an occurrence in excess of the insurance policies identified in Section 13.5 above, each party shall be responsible for its own liability, without defense or indemnity from the other party. Each party shall indemnify and hold the other harmless from and against environmental fines and penalties that result from the indemnitor-party's sole negligence. Company agrees that its indemnity of Contractor under Section 13.4, above, shall protect Contractor against Pollution Liability, except for Hazardous Materials Contractor brings onto Company's premises that are specially excepted under 13.6.1, below.    COMPANY'S OBLIGATION TO INDEMNIFY DEFEND AND HOLD HARMLESS CONTRACTOR ITS AFFILIATES, OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS AGAINST SUCH POLLUTION LIABILITY SHALL INCLUDE ANY LIABILITY CAUSED OR ALLEGED TO HAVE BEEN CAUSED BY CONTRACTOR'S CONCURRENT NEGLIGENCE, IN CONNECTION THEREWITH. Company's indemnity obligation shall be as described above in this Section 13.6,  and shall not apply where: (i) Pollution Liability of Contractor for an occurrence is less than $5,000,000; or (ii) Pollution Liability of Contractor is caused by Contractor's sole negligence.  Contractor shall have the right, but not the obligation, to be fully informed of, attend, and observe Company's defense of Contractor hereunder, and the litigation and/or settlement of any claim asserting such liability of Contractor; any legal counsel Contractor chooses to engage in this regard shall be engaged at Contractor's expense.

13.6.1.    Contractor is responsible for Pollution Liability relating to any Hazardous Materials it brings onto Company's premises, and any release thereof or exposure thereto.  Contractor agrees to release, indemnify, defend and hold Company, its affiliates, officers, directors, employees and agents harmless from and against all claims, judgments, losses, expenses and any costs related thereto (including but not limited to

CVAPDF - www.fesha.com

H. B. Zachry Company
P.O. No. B 1211
Page 16 of 30

court costs and attorneys' fees) arising out of any such occurrence. CONTRACTOR AGREES ITS RELEASE, INDEMNITY, DEFENSE AND HOLD HARMLESS OBLIGATION HEREUNDER SHALL APPLY WITHOUT REGARD TO THE EXTENT TO WHICH COMPANY CAUSES OR CONTRIBUTES TO LIABILITY THEREON BY ITS CONCURRENT NEGLIGENCE, OR STATUTORY OR STRICT LIABILITY; provided, however, this indemnity shall not apply to instances where:

(a) Company knowingly permits exposure to a hazardous material after receiving Contractor's written advice as to the location and avoidance thereof; or

(b) Exposure occurs because Company, or those for whom Company is responsible, failed to comply with applicable OSHA, Company or known (as defined in 13.6.2) Contractor safety rules or regulations concerning the protection of Company workers from such hazardous materials.

13.6.2   Where reference is made in this Contract to a party's obligation to comply with Company's or Contractor's safety rules and regulations, such reference is intended to, and shall refer, only to such rules and regulations as have been communicated in writing to the party sought to be bound.

14.   <u>PATENTS</u>

14.1   No patented article, method or device which involves or requires the payment of any license fee or royalty shall be used in connection with Work without prior written approval of Company.

14.2   To the extent reasonably possible, Contractor shall obtain from vendors of materials and manufactured equipment provided by Contractor a written agreement to protect and hold Company and Contractor harmless against charges or claims of patent infringement arising out of the sale of the materials and manufactured equipment furnished by such vendors and the use thereof by Company. In the event a vendor is unwilling or unable to provide satisfactory indemnity against claims for patent infringement, Contractor will immediately inform the Company, and will await Company's further written instructions. No Purchase Order will be issued prior to receipt of written Company instructions. Contractor shall not be liable for patent infringement claims unless such claims are based on Contractor's failure to follow Company instructions.

(07/17/95)

H. B. Zachry Company
P.O. No. B 1211
Page 17 of 30

15.   <u>TITLE AND LIENS</u>

15.1   Title to Work, and to the materials, supplies and equipment incorporated into Work, shall be in Company. Title to materials, supplies and equipment delivered to the site (or stored at an agreed upon off-site location) for subsequent incorporation into Work shall pass to Company no later than designation for incorporation in the Work.

15.2   No materials, supplies or equipment subject to a security interest or any other agreement by which the seller retains an interest shall be incorporated into Work. The Contractor warrants that clear title to all materials, supplies and equipment supplied by Contractor and incorporated into the Work shall rest with the Company.

15.3   Contractor acknowledges that Company has title to any and all Company supplied items, the drawings and technical specifications, together with any other document or item furnished by Company to Contractor.

15.4   All designs, drawings, sketches, reports or other documents prepared by Contractor during the performance of Work shall become the property of Company and may be used by Company during the regular course of its business.

15.5   Materials, supplies and equipment to which Company has title, and which remain in the possession of Contractor shall be marked and otherwise identified by Contractor as being the property of Company and shall be stored separately from Contractor's property.

15.6   Company shall have the right to retain funds otherwise payable to the Contractor if there should be any evidence that there is any lien or other encumbrance has been filed for which Company might become liable. The amount retained hereunder shall be in addition to any other retention permitted under this Agreement and shall be sufficient to completely satisfy the lien or other encumbrance.

16.   <u>LIABILITY AND INDEMNIFICATION</u>. The requirements for, and limitations on, indemnification under this Section 16 are independent of, and shall not be construed to vary or limit the insurance obligations in Section 17, below. The obligations of indemnification in this Agreement, and the collateral terms and conditions in this Section 16, shall apply to claims and liabilities arising during the term of this Agreement and will survive the term of this Agreement as required to provide for defense and indemnity of such claims and liabilities even though they may not be asserted until after the term of this Agreement.

(07/17/95)

H. B. Zachry Company
P.O. No. B 1211
Page 18 of 30

Except as otherwise provided above in Paragraphs 13.4, 13.4.1, and 13.6, and in Section 16.2 with respect to Contractor's liability for Damage to Company's Property (as defined in 16.2, below), neither party shall be obligated to indemnify the other for the other party's sole negligence under any obligation of indemnity set forth in this Contract.

16.1   Except as otherwise provided below Contractor shall defend, indemnify and hold harmless Company, its affiliates, officers, directors, owners and employees, from and against all claims (including pollution liability, as provided in, and subject to, Section 13.4, above), damages, expenses, losses including costs and attorneys' fees by reason of liability for bodily injury, including death, to any third party or person (including an employee of either party), and any loss or damage to a third party's or person's property, arising in connection with Contractor's performance of Work or related services under this Agreement. **CONTRACTOR AGREES ITS INDEMNITY, DEFENSE AND HOLD HARMLESS OBLIGATION HEREUNDER SHALL APPLY WITHOUT REGARD TO THE EXTENT TO WHICH COMPANY CAUSES OR CONTRIBUTES TO LIABILITY THEREON BY ITS CONCURRENT, OR STATUTORY OR STRICT LIABILITY.** Contractor shall have no obligation to indemnify Company, its affiliates, officers, directors, owners and employees, or its contractors or consultants, for claims, damages, expenses or losses which are the result of Company's sole negligence. Provided, however, Contractor's liability under this Section 16.1 shall be limited to $5,000,000 per occurrence, in excess of which amount each party shall be responsible for its own fault, negligence, or strict liability, without indemnity or defense from the other party, except as otherwise expressly provided in Section 13.4, 13.6 and 13.6.1 with respect to Pollution Liability, and in Section 16.2 with respect to Contractor's liability for Damage to Company's Property.

16.2   Contractor shall promptly repair or replace, as necessary, all damage to Company's property, including the Work, resulting from a negligent or wrongful act or omission of Contractor or his subcontractors, or agents or employees of the Contractor or his subcontractors. Provided, however, Contractor's aggregate liability to Company per occurrence under this Section 16.2 shall not exceed $25,000. Contractor will release, indemnify, defend, and hold Company, its affiliates, officers, directors, employees and agents harmless from and against all liability, loss, cost and expense arising out of or claimed in connection with Damage to Company's Property up to $25,000 per occurrence. **CONTRACTOR AGREES ITS RELEASE, INDEMNITY, DEFENSE AND HOLD HARMLESS OBLIGATION HEREUNDER SHALL APPLY WITHOUT REGARD TO THE EXTENT TO WHICH COMPANY CAUSES OR CONTRIBUTES TO LIABILITY THEREON BY ITS CONCURRENT, OR STATUTORY OR STRICT LIABILITY.** Company will release, indemnify, defend,

(07/17/95)

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 60 of 127

and hold Contractor, its affiliates, officers, directors, employees and agents harmless from and against all liability, loss, cost and expense arising out of or claimed in connection with Damage to Company's Property in excess of $25,000 per occurrence. COMPANY AGREES ITS RELEASE, INDEMNITY, DEFENSE AND HOLD HARMLESS OBLIGATION HEREUNDER SHALL APPLY WITHOUT REGARD TO THE EXTENT TO WHICH CONTRACTOR CAUSES OR CONTRIBUTES TO LIABILITY THEREON BY ITS CONCURRENT OR SOLE NEGLIGENCE, OR STATUTORY OR STRICT LIABILITY, AND COMPANY WILL REQUIRE ITS PROPERTY INSURERS TO WAIVE SUBROGATION RIGHTS AGAINST CONTRACTOR. For purposes of this Agreement, the phrase "Damage to Company's Property" shall mean without limitation any damage or expense incurred by Company and/or a third party who has, or claims to have, now or in the future, any legal right, title or interest in, on or against the real property, and any improvements placed thereon, and now or hereafter owned, occupied, or operated by Company or any third party as a part of, or in any way related to, the operation of its Corpus Christi Refinery. Contractor agrees to maintain at its cost an All Risk Builders' Risk insurance policy providing coverage for the Work in the amount of $25,000. Contractor shall pay the amount of any deductible under such policy. Company will release and hold Contractor harmless from, any liability (including liability of Contractor pursuant to any insurer's right of subrogation arising against Contractor in connection therewith), for loss or damage to Company's property, including the Work, in excess of such $25,000 amount.

16.3   Contractor shall indemnify and hold Company, its affiliates, officers, directors, employees and agents harmless from liability, costs and expenses, including reasonable attorneys' fees due or claimed to be due to patent infringement arising from the use of equipment, procedures, methods of construction or maintenance or materials specified and furnished by the Contractor. Company shall promptly give Contractor notice of any such patent infringement claim and will furnish all papers served on it pursuant to such suit and to permit the Contractor to control the defense thereof.

16.4   Company shall indemnify and hold the Contractor, its affiliates, officers, directors, employees and agents harmless from liability, costs and expenses, including reasonable attorney's fees due or claimed to be due to patent infringement arising from the use of equipment, procedures, methods of construction or maintenance, or materials specified and furnished by Company. Contractor agrees to promptly give Company notice of any such patent infringement claim and will furnish all papers served on it pursuant to such suit and to permit Company to control the defense thereof.

(07/17/95)

16.5  **Neither Company nor Contractor shall be liable for, and
each agrees to release the other, and the other's affiliates,
officers, directors, employees and agents from any liability
for, loss of profit, loss of use, loss of production,
consequential damages or loss or indirect damages or losses
suffered by the other, notwithstanding that such claim may be
the result, in whole or in part, of negligence, fault or strict
liability attributable to that party.** Provided, however, this
waiver of consequential damages shall apply only to
consequential damages suffered directly by the releasing party,
and shall not override any provision of indemnity with respect
to claims of third parties, whether for consequential damages or
otherwise.

16.6  Neither Company nor Contractor, nor their affiliates,
officers, directors, employees and agents shall be entitled to
indemnity, defense or hold harmless to the extent that
respective Company's or Contractor's workers' compensation
insurance pays its liability related to an injury of its
employee(s).  If an employee of a party injured in the course
and scope of employment should assert against the other party a
collateral claim for such injury, then the employer-party will
be deemed to have relinquished and assigned to the other party
all rights of subrogation with respect to any sums paid to such
employee under the employer-party's workers' compensation
insurance.

17.    <u>INSURANCE</u>

17.1  Contractor shall procure and maintain with reputable
insurance companies, acceptable to the Company, the insurance
coverages set forth below during the terms of this Agreement.
Contractor shall furnish such evidence of insurance as the
Company may require.  The Company may require certificates
evidencing that required insurance is in full force and effect
and providing thirty (30) days advance written notice to Company
in the event of materials change or cancellation of any listed
insurance policies.

17.2  Required Insurance Coverage is as follows:

17.2.1  Workers Compensation and Occupational Disease
insurance (including an alternate employee endorsement)
in accordance with the Workers Compensation terms of the
laws of the State of Texas covering all persons at all
times while employed by Contractor in any work to be
performed under this Agreement and, when applicable,
endorsed to include full coverage for maritime
obligations, United States Longshoremen's and Harbor
Worker's Compensation Act.

H. B. Zachry Company
P.O. No. B 1211
Page 21 of 30

17.2.2   Employer's Liability Insurance, not less than $1,000,000 per occurrence.

17.2.3   Comprehensive General Liability insurance covering all services to be performed hereunder, including coverages for liability assumed in this Agreement, and removing Exclusions X, C, and U relating to underground property damage, excavation and explosions, $5,000,000 per occurrence. These policies shall name the Company an additional insured with respect to Contractor's Work, and to the full extent of Contractor's contractual obligations hereunder, and, as to the operations of Contractor hereunder, shall be primary to any and all other valid and collectible insurance.

17.2.4   Automobile Liability insurance covering all owned, non-owned, and hired motor vehicles used in connection with performance of the Work under this Contract, $1,000,000 per occurrence. This policy shall name Company an additional insured to the extent of Contractor's contractual obligations hereunder, and, as to the operations of Contractor hereunder, shall be primary to any and all other valid and collectible insurance.

17.2.5   When applicable, Aircraft Hull and Liability insurance covering all owned, non-owned and hired aircraft used in connection with the Work under this Agreement, $1,000,000 per occurrence.

17.2.6   Property Insurance for the full value of all other property owned or rented by Contractor and used in conjunction with the Work under this Contract.

17.2.7   Contractor shall cause the insurers of all policies of insurance pertaining to Work performed under this Agreement and held or obtained by Contractor and each subcontractor, whether required by this Agreement or not, to assign and relinquish in favor of Company any and all claims they may have against Company, its owners, officers, directors, subsidiaries, and affiliates, contractors and subcontractors and employees.

17.2.8   Contractor shall require all subcontractors engaged by it in the performance of this Agreement to procure and to maintain insurance similar to that required above, as approved by Company.

(07/17/95)

H. B. Zachry Company
P.O. No. B 1211
Page 22 of 30

17.3   Contractor/Subcontractors   Tools   and   Equipment.
Company's insurance shall not operate to relieve Contractor or
its subcontractors from the responsibility of carrying their own
insurance to cover loss of their respective tools and equipment
which will not become an integral part of or be consumed in
performance of the Work. Contractor hereby releases Company from
any and all liability for the loss for such tools and equipment.
Such insurance carried by Contractor shall contain a clause
waiving all rights to subrogation by the insurer or insurers as
against Company.

18.   FORCE MAJEURE

18.1  Neither Contractor nor Company shall be in default in
the performance under this Agreement to the extent that it can
be conclusively shown that such performance has been prevented
by Force Majeure.

18.2  The party affected by Force Majeure shall give written
notice to the other party as soon as possible.

18.3 A Force Majeure event shall be an occurrence beyond the
control of the party affected not reasonably foreseeable,
preventable or overcome with exercise of reasonable prudence or
diligence by the party affected and shall include, without
limitation, such occurrences as earthquakes, floods, tornados,
sabotage, riots, hurricanes, interference of civil or military
authorities, failure of all shipping or communication services
and similar occurrences. Rain, wind and other natural phenomenon
of normal intensity for the locality shall not be a Force
Majeure event.

19.   BREACH OF CONTRACT

19.1   If Work is abandoned by Contractor; or if this
Agreement shall, except as otherwise provided herein, be
assigned or the Work sublet by Contractor; or if Contractor
sells, dissolves, or otherwise reorganizes its company; or if
Contractor shall be adjudged as bankrupt or shall become
insolvent; or if a receiver of the business or any part of the
property of Contractor shall be appointed on account of
Contractor's insolvency; Company, without prejudice to any other
right or remedy it may have, may immediately terminate this
Agreement by giving written notice to Contractor, and Company
shall discontinue any further performance hereunder. Upon such
termination, Company shall have the right to finish the Work by
any method that Company may deem expedient, including the
employment of another contractor on such terms as Company may
deem appropriate. The action by Company of taking over and
completing the Work shall not constitute a waiver of or election

H. B. Zachry Company
P.O. No. B 1211
Page 23 of 30

among any other rights or remedies that Company may have against Contractor.

20.   TERMINATION BY COMPANY

20.1   Contractor Default: Company may declare Contractor in default and terminate this Agreement after giving the Contractor fifteen (15) days written notice, for any one of the following causes:

> 20.1.1 Contractor materially failed to perform the Work in a diligent, workmanlike, skillful and careful manner;

> 20.1.2 Contractor failed to comply with a material provision of the Contract Documents;

> 20.1.3 Contractor failed to promptly pass payments received from Company to applicable subcontractors and suppliers; or

> 20.1.4 Contractor disregarded federal, state, and local laws, regulations or rules governing the Work.

20.2 Contractor may within the fifteen (15) day period cure the default. Such cure period will be reasonably extended if Company determines in good faith that curing of the default is not possible within the fifteen (15) day period, and Contractor has been diligent in its efforts to cure the same. Notice provided by Company under this Article will inform Contractor of the cause with such specificity that will enable Contractor to remedy the cause in a manner which is acceptable to Company. Company may, at its sole discretion, terminate the Agreement if the default remains uncured at the expiration of the fifteen (15) days after receipt of written notice by the Contractor, and if Contractor has failed to be continuously diligent in the exercise of best efforts to cure the same. The right of termination shall be without prejudice to any right or remedy Company may have in law or equity.

20.3 After termination of the Agreement based on Contractor default, the Company shall have the right to:

> 20.3.1 Cease further payment to Contractor until Work has been completed;

> 20.3.2 Take possession of Work including materials, supplies, equipment stored on or off site, and Contractor's construction tools, machinery, and temporary facilities located on the site;

CUteDF - www.fexisu.com

Case 2:00-cv-00061 Document 1 Filed in TXSD on 02/11/2000 Page 65 of 127

20.3.3  Complete the Work or engage others to complete the Work;

20.3.4  Require Contractor to assign to Company such subcontractors as Company may specify;

20.3.5  Require Contractor to execute and deliver such documents and take all such actions as may be required in order to vest in Company all title, rights and other benefits held by Contractor in connection with the performance of Work; and

20.3.6  To pay to any subcontractor any or all amounts owing to it by Contractor in respect of any portion of Work performed.

20.4  <u>No Default Termination:</u>  Company may terminate this Agreement at any time, in whole or in part, at its sole discretion even though the Contractor is not in default, upon written notice to the Contractor. Such termination shall be effective on the date and in the manner specified in the notice. The Contractor, unless otherwise directed, shall immediately proceed as follows:

20.4.1  Cease performance of all Work except that necessary to preserve and protect terminated Work;

20.4.2  Discontinue the placing of all orders and subcontracts except as may be necessary to complete the non-terminated portion of Work;

20.4.3  As directed by Company, deliver and transfer to Company possession of the terminated Work and all materials, supplies, equipment, and other items for which the Contractor is entitled to receive reimbursement under the Agreement, together with all plans, drawings, specifications and other documents to which Company has title with respect to the terminated Work;

20.4.4  As directed by Company, cancel outstanding orders or subcontracts upon such terms as may be approved by Company;

20.4.5  If Company should so request, assign such orders or subcontracts to Company or its agent; and

20.4.6  Proceed with the performance of Work not terminated.

(07/17/95)

20.5 Company shall compensate Contractor for Work performed, less previous payments, if Company elects to terminate this Agreement or a portion of Work under this Agreement at Company's sole discretion as follows:

> 20.5.1  The amount of expenses incurred by Contractor for the terminated Work prior to the date of termination;
>
> 20.5.2  The cost and expenses incurred by Contractor subsequent to the termination date for materials and equipment conforming to the Contract Documents ordered for incorporation into the terminated Work and for which Contractor is obligated to take delivery;
>
> 20.5.3  Reasonable, documented settlement costs including professional fees and expenses incurred by Contractor in terminating subcontracts and purchase orders;
>
> 20.5.4  Other reasonable costs, charges and expenses including overhead directly attributable to the orderly close-out of the performance of the terminated Work;
>
> 20.5.5  An affidavit of Payment, Affidavit of Release of Liens, Contractor's Release of Lien, Release of Claims, and Consent by Surety (if applicable) shall be required for such payment.

21.  <u>SUSPENSION BY COMPANY</u>

21.1  Company may, at any time at its sole discretion, suspend performance of all or a portion of the Work by written notice to the Contractor. Such notice shall specify Work suspended, the effective date of suspension, a plan for demobilization and remobilization, standby or maintenance requirements and, if possible, the estimated period of suspension. Contractor shall resume its activities on the suspended portion of the Work when directed by Company.

21.2  In the event Company suspends performance of Work, Company shall reimburse Contractor for reasonable expenses incurred as a result of such suspension.

21.3  Company shall not reimburse the Contractor for any expenses incurred by the Contractor as a result of a suspension caused by an act or omission of the Contractor.

22.  <u>TERMINATION BY CONTRACTOR</u>

H. B. Zachry Company
P.O. No. B 1211
Page 26 of 30

22.1 Contractor may declare Company in default and terminate the Agreement after giving Company fifteen (15) days written notice, upon the happening of any one of the following causes:

22.1.1 Company failed to make payments as allowed under the terms of this Agreement.

22.1.2 Company failed to comply with a material provision of the Contract Documents.

22.1.3 Company disregarded federal, state, and local laws, regulations or rules governing the Work.

22.2 The notice provided by Contractor under this Article will inform Company of the cause with such specificity that will enable Company to remedy the cause. Company may cure the default within the fifteen (15) day notice period by correcting the cause or by providing a plan to remedy the cause which is acceptable to Contractor. The Contractor may terminate the Agreement, so long as the default remains uncured, at the expiration of the fifteen (15) day time period by serving written notice upon Company. This right to terminate shall be without prejudice to any right or remedy the Contractor may have in law or equity.

23.   SAFETY REGULATIONS

23.1 Contractor shall comply with all of Company's safety regulations, including, but not limited to, those set forth in Company's Safety Manual, whenever Contractor is on Company premises.

23.2 Contractor shall provide all information set forth in the "Contractor Medical Information" form attached hereto and return the completed form to Company's authorized representative prior to commencement of Work.

23.3 Contractor shall notify Company immediately of any injury to a Contractor employee occurring on Company premises or sustained in the course of performing Work. A written report providing such information as the Company may reasonably require shall be submitted to Company within 24 hours.

23.4 Contractor shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with Work.

23.5 Contractor shall take all reasonable precautions for the safety of, and shall provide all reasonable protection to prevent damage, injury or loss to:

(07/17/95)

23.5.1  All employees on the Work and all other persons who may be affected thereby;

23.5.2  All Work and all materials, supplies and equipment to be incorporated therein, whether in storage, on or off site;

23.5.3  Other property at the site or adjacent thereto, including trees, shrubs, lawns, walks, pavements, roadways, structures and utilities above and below ground not included within the scope of the Work;

23.5.4  The work and materials, supplies and equipment in storage of other contractors working at or adjacent to a Work site.

23.5.5  Contractor shall notify Company and receive approval prior to delivering any chemicals to the Work site. Contractor is required to furnish Material Safety Data Sheets (MSDS) for any such items to the Company Safety Department.

23.6  Contractor shall comply with all federal, state and local laws, regulations, ordinances, rules and lawful orders pertaining to the safety of persons or property or their protection from damage, injury or loss.

23.7  Contractor shall erect and maintain, as required by existing conditions and progress of the Work, all reasonable safeguards for safety and protection, including temporary barriers, temporary lighting, posting danger signs and other warnings against hazards, providing additional safety rules and notifying owners and users of adjacent facilities.

23.8  When the use or storage of explosives or other hazardous materials or equipment is necessary for the Work, the Contractor shall give advance notice to Company and Contractor shall exercise the utmost care and shall carry on such activities under the supervision of properly qualified personnel and in conformance with all applicable federal and state rules and regulations.

23.9  Contractor shall appoint a responsible member of its organization to be safety officer for the site. The safety officer shall have the right to stop Work of any subcontractor or Contractor employee who is performing Work in an unsafe manner.

23.10  In any emergency affecting the safety of persons or property, the Contractor shall act, at his discretion, to

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 69 of 127

prevent threatened damage, injury or loss. Any additional compensation or extension of time claimed by the Contractor as a result of such emergency Work shall be submitted by a request for change order, provided such action was not due to Contractor's misconduct or negligence.

24.    OWNERSHIP AND CONFIDENTIALITY OF DOCUMENTS

24.1   All drawings, specifications and other technical documents given to Contractor in connection with Work shall be the sole property of Company and shall be treated as confidential. They shall not be used for services to others or disclosed to others without prior written Company approval.

24.2   Contractor shall retain in confidence and not disclose to or use for the benefit of third parties any and all information disclosed to it by Company, whether relating to process, product, equipment or apparatus and whether or not used in Work. Such obligation shall not apply to information which is in the public domain prior to such disclosure by Company or which becomes public knowledge after such disclosure other than by breach of this covenant or which is legally in Contractor's possession, in tangible form, prior to disclosure by Company or which Contractor has independently secured from a third party which has the legal right to disclose such information and without secrecy obligations attached thereto.

24.3   No photographs of Company's facilities shall be taken without the prior written consent of Company and copies thereof will be made available to the Company at no cost and with no restrictions. Any such photographs shall not be used in outside publications by the Contractor without the prior written consent of Company.

24.4   Patentable inventions, copyrights, discoveries and improvements based on Company information and made by one or more of the Contractor's employees or jointly by one or more of Company's and Contractor's employees, in connection with of the Work shall be the exclusive property of Company. Contractor shall have the exclusive right to any invention, copyrights, discoveries and improvements relating solely to Contractor's means and methods of performing Work. The Company shall be entitled to free use for its own business, of inventions, copyrights, discoveries and improvements made by the Contractor based in whole or in part on Company information, procedure or work or conceived in the course of performing Work under this Agreement. Rights for use of such inventions, copyrights, discoveries, or improvements in petroleum refining business may be assigned to CITGO Petroleum Corporation and subsidiaries in which it holds at least 50% ownership.

(07/17/95)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANA AGUIRRE, et al., | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| CITGO PETROLEUM CORPORATION, | § | |
| et al., | § | |
| | § | |
| **Defendants** | § | **JURY DEMANDED** |

## INDEX OF DOCUMENTS

1.    List of all Counsel of Record

2.    Court Civil Docket Sheet in Cause No. Cause No. 99-2583-C

3.    Plaintiffs' Original Petition in Cause No. Cause No. 99-2583-C

4.    Notice of Removal filed in State Court and served on Plaintiffs

43256:909494.1:021000

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANA AGUIRRE, et al., §<br>§ | |
|        **Plaintiffs** §<br>§ | |
| **VS.** §<br>§ | **CIVIL ACTION NO. _____** |
| **CITGO PETROLEUM CORPORATION,** §<br>**et al.,** §<br>§ | |
|        **Defendants** § | **JURY DEMANDED** |

## LIST OF COUNSEL OF RECORD

**For the Plaintiffs:**

Thomas C. Hall
Charles Court
Hall & Bates, L.L.P.
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas 78205

**For the Defendants:**

Ralph F. Meyer
Jack C. Partridge
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476

Jeff Sherwood
Cheryl Falvey
Tracy McKibben
1333 New Hampshire Ave., N.W. Suite 400
Washington, D.C.  20036

43256:909495.1:021000

2

CutePDF – www.fastio.com

```
RUN DATE 02/11/2000                                                                    PAGE  001
RUN TIME  8:59 AM

                              *   *   *   C L E R K ' S   E N T R I E S   *   *   *

                                                                  FROM 01/01/1901 THRU 02/11/2000

AGUIRRE, ANA, INDV.                                    (102)                    FILED: 05/11/1999
                                      PERSON INJ/DAM OTHER THAN MOTOR VEHICLE
          VS                                                                  99-02583-00-0-C

CITGO PETROLEUM CORP., ET AL


* * * DOCKET ENTRIES * * *

05/11/1999  * * * DOCUMENTS FILED * * *
05/11/1999  ORIGINAL PETITION FILED
05/11/1999  CIVIL CASE INFO SHEET/JK
05/11/1999  INFO SHEET REQ SVC/JK
05/20/1999  CITATION (PU): CITGO PETROLEUM CORP.
05/20/1999      SERVED. 05/26/1999  FILED 05/27/1999
05/20/1999  CITATION (PU): CITGO PETROLEUM
05/20/1999      SERVED
05/20/1999  CITATION (PU): CITGO REFINING & CHEMICALS, L P
05/20/1999      SERVED
05/20/1999  CITATION (PU): CITGO PETROLEUM CORP
05/20/1999      SERVED
05/20/1999  CITATION (PU): AL PREBULA         FILED
05/20/1999      SERVED  05/26/1999
05/20/1999  CITATION (PU): ZACHRY, H. B., CO  FILED 05/27/1999
05/20/1999      SERVED.
06/18/1999  ORIGINAL ANSWER  ZACHRY, H. B., CO
06/18/1999  ORIGINAL ANSWER  CITGO PETROLEUM CORP
06/18/1999  ORIGINAL ANSWER  AL PREBULA
08/03/1999  ORIGINAL ANSWER  CITGO REFINING & CHEM CO
01/19/2000  MTN T PROTC ORD/GG
01/19/2000  MTN T SET/GG
```



# HALL & BATES

*Tom Hall\* and Harry Bates*
*Attorneys at Law*

*A Limited Liability*
*Partnership*

May 10, 1999

**VIA FEDERAL EXPRESS**

Nueces County District Clerk
900 Leopard
Corpus Christi, TX 78411

     Re:   <u>Ana Aguirre, et al. v. Citgo Petroleum Corporation, et al.</u>

Dear Clerk:

     Enclosed herein please find an original and eight copies of Plaintiffs' Original Petition, with regard to the captioned case.

     Also enclosed please find a Civil Case Information Sheet and a filing fee check in the amount of $219.50.

     Please return a file stamped copy of the Petition in the enclosed return envelope.

     Thank you very much.

                Sincerely,

                Thomas C. Hall

TCH/rra
Enclosures

*Charles Court, 205 N. Presa, Building B, Suite 300, San Antonio, Texas 78205*
*Telephone (210) 222-2000 • Fax (210) 222-1156 • E-mail: thall@txdirect.net • E-mail: HSBates@sprintmail.com*

*\*Board Certified Personal Injury Trial Law Texas Board of Legal Specialization*

**FedEx** ® *USA Airbill*

FedEx Tracking Number **808174841742**

Form ID No **0210**   **Recipient's Co**   SDA21

**1** From

Date **5-10-99**

Sender's Name **Rachelle**   Phone **(210) 222-2000**

Company **HALL & BATES**

Address **205 N PRESA ST STE 300**   Dept./Floor/Suite/Room

City **SAN ANTONIO**   State **TX**   ZIP **78205**

**2** Your Internal Billing Reference Information **CITGO**

**3** To

Recipient's Name **NUECES COUNTY CLERK**   Phone **(361) 888-0450**

Company **NUECES CTY. COURTHOUSE**

Address **900 LEOPARD   #313**   Dept./Floor/Suite/Room
(To "HOLD" at FedEx location, print FedEx address here)

☐ Check here if residence (Extra charge applies for FedEx Express Saver)

City **CORPUS CHRISTI**   State **TX**   ZIP **78411**

**For HOLD at FedEx Location check here**
☐ **Hold Weekday** (Not available with FedEx First Overnight)
☐ **Hold Saturday** (Not available at all locations) (Available for FedEx Priority and FedEx 2Day only)

**For WEEKEND Delivery check here** (Extra Charge  Not available at all locations)
☐ **Saturday Delivery** (Available for FedEx Priority Overnight and FedEx 2Day only)
☐ **NEW Sunday Delivery** (Available for FedEx Priority Overnight only)

**4a** **Express Package Service**   *Packages under 150 lbs.*   Delivery commitme be later if no...

☒ **FedEx Priority Overnight** (Next business morning)
☐ **FedEx Standard Overnight** (Next business afternoon)
☐ **FedEx First Overnight** (Earliest next business morning delivery to select locations) (Higher charge applies)
☐ **FedEx 2Day** (Second business day)
☐ **FedEx Express Saver** (Third business day) One pound rate

FedEx Letter Rate not available  Minimum charge One pound rate

**4b** **Express Freight Service**   *Packages over 150 lbs.*   Delivery commitme be later if no...

☐ **FedEx 1Day Freight** (Next business day)
☐ **FedEx 2Day Freight** (Second business day)
☐ **FedEx Express Saver Fr** (Up to 3 business days)

(Call for delivery schedule  See back for detailed descriptions of freight services.)

**5** **Packaging**
☒ **FedEx Letter** *Declared value limit $500*
☐ **FedEx Pak**
☐ **FedEx Box**
☐ **FedEx Tube**

**6** **Special Handling**
Does this shipment contain dangerous goods?   ☒ No   ☐ Yes  Shipper's Declaration not required   ☐ Yes  As per attached Shipper's Declaration
☐ Dry Ice   Dry Ice, 9, UN 1845 ___ x ___ kg

*Dangerous Goods cannot be shipped in FedEx pac*

**7** **Payment**   Bill to:
☒ **Sender** (Account No will be billed)
☐ **Recipient**
☐ **Third Party**
☐ **Credit Card**
☐ **Cash/Check**

(Enter FedEx Account No or Credit Card No below)

☐ Obtain signature FedEx Account
☐ Cargo Aircraft Only

Total Packages   Total Weight   Total Declared Value   Total Charge

$ ___   .00   $

*When declaring a value higher than $100 per shipment, you pay an additional charge  See SERVICE CONDITIONS, DECLARED VALUE, and LIMIT OF LIABILITY section for further information

Credit Card A...

**8** **Release Signature**

Your signature authorizes Federal Express to deliver this shipment without obtaining a signature and agrees to indemnify and hold harmless Federal Express from any resulting claims

**Questions?**
**Call 1·800·Go·FedEx**® (800)463-3339

321

006885187 3

808174841742

NO. 99-2583-C

ANA AGUIRRE, INDIVIDUALLY AND AS NEXT FRIEND FOR ERIC
SADA, PAULA SADA  FRANCISCO SADA, MARK CASTRO AND JOHN
CASTRO, FRANCISCA ALMAGUER, JUANITA ALMAGUER,
INDIVIDUALLY AND AS NEXT FRIEND FOR DESIREE MARTINEZ,
ARIEL SANCHEZ AND JUSTIN SANCHEZ, MARIE ANN ALMAGUER,
ROBERTO ALMAGUER, ELOY ALMENDAREZ, HENRY ALONZO,
AUDELIA BASALDU, CLEMENTINA BASALDU, ESTER BASALDU,
ALFRED BELFORD, GRACIELA BORREGO, HECTOR M. BORREGO,
JESSE AND MONICA M. BORREGO, INDIVIDUALLY AND AS NEXT
FRIENDS OR HECTOR BORREGO, HILLARY BORREGO AND HEATHER
BORREGO, MARIA LUISA BORREGO, INDIVIDUALLY AND AS NEXT
FRIEND FOR JESSICA ALANIZ, AMANDA ALANIZ AND MARIO
SALINAS, DONALD BOSON, MARTIN H. BUITRON AND, GLORIA
BUITRON, INDIVIDUALLY AND AS NEXT FRIENDS FOR ROXANA
BUITRON AND MARTIN BUITRON III, LEONOR CANTU, CARMEN
CHACON, GINA CHACON, INDIVIDUALLY AND AS NEXT FRIEND
FOR GAVIN MARCOS CHACON, RONALD GENE CHADWICK, LESLIE
COLE, LUIS CONSTANTE, DIANONTINA CRUZ, JOSE DAVILA AND
VIRGINIA DAVILA, ROLANDO DE ALEJANDRO AND CRISTINA DE
ALEJANDRO, INDIVIDUALLY AND AS NEXT FRIENDS FOR RICHARD
DE ALEJANDRO AND ROBERT DE ALEJANDRO, YVETTE DE LUNA,
MARY DIMAS, MARIA HUERTA FALCON, JOHN FELAN, CONNIE
FELAN, JOEL FUENTES AND GRACIE FUENTES, INDIVIDUALLY AND
AS NEXT FRIENDS FOR JOEL JAIME FUENTES AND MONICA
FUENTES, MIKE FUENTES, HECTOR GALLEGOS AND HILDA
GALLEGOS, INDIVIDUALLY AND AS NEXT FRIENDS FOR HECTOR
GALLEGOS, JR. AND AMBER GALLEGOS, KIMBERLY GALLEGOS
ROSALVA GALINDO, APRIL GARCIA, CINDY GARCIA, INDIVIDUALLY
AND AS NEXT FRIEND FOR JODI GARCIA, ERNESTO AND REBECCA
GARCIA, JOHNNY GARCIA AND AMANDA GARCIA, KOYARIS
GARCIA, LAZARA GARCIA, MICHAEL L. GARCIA, JR., ORLANDO
FABIAN GARCIA, REYMUNDO GARCIA, SANDRA GARCIA, RONNIE
FLORES GARCIA, RUPERT GARCIA AND ROSIE GARCIA,
INDIVIDUALLY AND AS NEXT FRIENDS FOR RONNIE GARCIA, JUAN
CANIZALES AND RUPERT CANIZALES, RUPERTO GARCIA AND
GLENDA GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR
RUPERT GARCIA IV, ORLANDO GARCIA AND AUGUST GARCIA,
DESIREE GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR JOZETTE
MORALES, JUDY ANNETTE GARZA, INDIVIDUALLY AND AS NEXT
FRIEND FOR VICTOR ALEXANDER GARZA, LORI GARZA, VICTORIA
GARZA, J.C. GONZALEZ AND ROSE GONZALEZ, INDIVIDUALLY AND
AS NEXT FRIEND FOR JACQUELINE GONZALEZ, JAMES GONZALEZ
AND JENNIFER GONZALEZ, DANIEL GUTIERREZ AND CONSUELO
GUTIERREZ, RAMONA GUTIERREZ, GLORIA A. HERNANDEZ, PEDRO
HERNANDEZ, ROBERT G. HERNANDEZ, RODOLFO HERNANDEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARCUS HERNANDEZ,
PAULO JUAREZ AND JEANICE JUAREZ, INDIVIDUALLY AND AS
NEXT FRIENDS FOR PAUL JOSEPH JUAREZ, EDMUNDO LEAL AND
MARIA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR ISABEL LEAL

*   IN THE DISTRICT COURT



ELVA LEAL, GERARDO LEAL AND ELIZA LEAL, INDIVIDUALLY AND AS
NEXT FRIENDS FOR GERARDO LEAL III, OSCAR LEAL AND AMELIA
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR LOIDA LEAL,
ROSA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR MARILYNN
RIVERA AND CRYSTAL RIVERA, JAMES LERMA AND BELINDA
LERMA, INDIVIDUALLY AND AS NEXT FRIEND FOR KRISTEN LERMA
LORRAINE LERMA, PEDRO LERMA, VIRGINIA LERMA , GLORIA
FALCON LOOPER, CHRISTOPHER LOPEZ AND LAURA FUENTES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR CHRISTOPHER LOPEZ,
JR., ELIZABETH LOPEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR
ADAM LOPEZ AND PRISCILLA LOPEZ, MARIA MALDONADO,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARY ISABEL
MALDONADO, RACHEL MALDONADO, BONNIE GARCIA, AND
JONATHAN ROY ALBA, DIAMANTINA MARTINEZ, PERFECTO
MARTINEZ, ZULEMA MARTINEZ, INDIVIDUALLY AND AS NEXT
FRIEND FOR SOFIE MARTINEZ AND BENNY MARTINEZ, REFUGIA
MEDINA, CONNIE MITCHEM, TERESA G. MORENO, FELICITAS,
MUNGIA, MARIO NUNEZ, JOE ORTIZ, MARGARITA PENA,
INDIVIDUALLY AND AS NEXT FRIEND FOR AMY CONSTANTE,
ALEXIS CONSTANTE, SYLVESTER CONSTANTE AND JESSICA
CONSTANTE, RICHARD PENA, ESMERALDA PEREZ, FELIPE PEREZ,
JR. AND MINERVA PEREZ, INDIVIDUALLY AND AS NEXT FRIENDS
FOR TABITHA PEREZ AND SULAMITA PEREZ, FELIPE PEREZ, III,
JOSE PEREZ AND LAURA PEREZ, INDIVIDUALLY AND AS NEXT
FRIENDS FOR MATT PEREZ, MICHAEL PEREZ AND MELISSA PEREZ,
RICHARD PEREZ, MARIA PEREZ, RICHARD PEREZ, JR. AND LISA
PEREZ, INDIVIDUALLY AND AS NEXT FRIEND FOR JOE ANGEL
GARCIA, LISA PEREZ, RUBEN PEREZ, JONATHAN PEREZ, RICHARD
DAVID PEREZ AND PRISCILLA PEREZ, ROLANDO PEREZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARIA ISABEL PEREZ AND
ROLANDO PEREZ, JR., JOHN PIMENIDES, ELVA RAMIREZ, LUIS
RAMIREZ, MARY RAMIREZ, ANGEL REYES, ANNABELLE REYNA,
INDIVIDUALLY AND AS NEXT FRIEND FOR MIRANDA BORREGO,
JESUS RIOJAS, BENITO RODRIGUEZ AND MARIA RODRIGUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR VENESSA RODRIGUEZ,
GERARDO RODRIGUEZ AND PATRICIA RODRIGUEZ, INDIVIDUALLY
AND AS NEXT FRIEND FOR SADIE RODRIGUEZ, STEPHINE
RODRIGUEZ AND SAMANTHA RODRIGUEZ, ELIZA RODRIGUEZ,
MARY RODRIGUEZ, MYRNA RODRIGUEZ, JOE ANTHONY RODELA
AND FLORESTELLA GONZALES, INDIVIDUALLY AND AS NEXT FRIENDS
FOR JIMMY RODELA, JOE ADAM RODELA, RAYMOND GONZALEZ, JR.
AND ROBERT LEE GONZALEZ, CYNTHIA SAENZ, INDIVIDUALLY AND
AS NEXT FRIEND FOR MANDY GARZA, JERRY GARZA AND
CHRISTOPHER GARZA, ELIGIO SAENZ, DORIS SALINAS,
INDIVIDUALLY  AND AS NEXT FRIEND FOR RICHARD OSCAR SALINAS,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, ABRAN SARABIA,
ANDRES SARABIA, SAN JUANA SARABIA, ANDREW AND JUANITA
SERNA, RODOLFO SERNA, GLORIA SILVAS, AS NEXT FRIEND FOR
JENNIFER SILVAS, SYLVIA SOTO, INDIVIDUALLY AND AS NEXT
FRIEND FOR JUAN SOTO, MARCELLA SOTO, DAVID SOTO, MERCEDES
STOCKFISH, EDWARD E. STUTTS, REBECCA STUTTS, MATIAS TAPIA,
RUDY TORRES AND MANUELA TORRES, INDIVIDUALLY AND AS NEXT

FRIENDS FOR VALERIE TORRES AND RUDY TORRES, JR., STEVE
TORRES AND JO ANN TORRES, INDIVIDUALLY AND AS NEXT FRIEND
FOR STEVE TORRES, JR, ALBERT TORRES, SONYA TORRES, MARIA ELENA
TURRUBIATES, ISABEL URESTI, INDIVIDUALLY AND AS NEXT FRIEND
FOR PRISCILLA URESTI, CASSANDRA URESTI, ANDREW URESTI,
CHRISTOPER URESTI, AND MARCO URESTI, DEANIRA VASQUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR JENNIFER VASQUEZ,
CRISELDA VELA, INDIVIDUALLY AND AS NEXT FRIEND FOR JESUS
VELA, RUBEN VELA, BENNY VELA AND FERNANDO VELA, ELOISA
WELSH, JENNIFER WICKLINE, SUSAN G. WICKLINE, INDIVIDUALLY
AND AS NEXT FRIEND FOR NICHOLAS ADAM CHADWICK, ALBERT
LEE ZUNIGA, CLEOTILDE ZUNIGA, INDIVIDUALLY AND AS NEXT
FRIEND FOR JESUS ZUNIGA, SANDILLO ZUNIGA, JUAN ZUNIGA,
ELIZABETH ZUNIGA, TINA ZUNIGA AND CONNIE ZUNIGA, CONNIE
ZUNIGA, INDIVIDUALLY AND AS NEXT FRIEND FOR ASHLEY
ZUNIGA, AMBOR CERVANTES AND ANDREW CERVANTES, JUANITA
ZUNIGA, MICHAEL ZUNIGA, ANTONIO CARRISALES, VIRGINIA
DAVILA, JOSE DAVILA, LAURA DAVILA, JUAN DAVILA,
INDIVIDUALLY AND AS NEXT FRIEND FOR JESSICA DAVILA AND
JAQUES FONSECA, RUDY TORRES AND MANUELA TORRES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR VALERIE TORRES AND
RUDY TORRES, JR., MARIA MALDONADO, INDIVIDUALLY AND AS
NEXT FRIEND FOR MARY ISABEL MALDONADO, RACHEL
MALDONADO, BONNIE GARCIA AND JONATHAN ROY ALBA,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, JOE
ANGEL, MIRANDA BORREGO, MARIAL BORREGO, EDUARDO
DAVILA, ANALARDA GARCIA, MARY JANE GARZA, MIGUEL
GARZA, JR., AND JOSEPH GARCIA AND NANCY MORALES
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR
VICTORIA D. GARCIA, VERONICA GARCIA AND VANESSA
GARCIA

VS.                                                    *  94th  JUDICIAL DISTRICT

CITGO PETROLEUM CORPORATION, CITGO PETROLEUM,
CITGO REFINING AND CHEMICALS, L.P., CITGO PETROLEUM
CORPORATION, IN ITS COMMON OR ASSUMED NAME,
AL PREBULA AND H.B. ZACHRY COMPANY          *    NUECES COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come the above-named Plaintiffs, complaining of Citgo Petroleum Corporation,

Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, in its

Common or Assumed Name, Al Prebula, and H.B.. Zachry Company, Defendants.  As good

and sufficient grounds for this suit, the Plaintiffs would respectfully show the Court the following:

I.

The Plaintiffs, and each of them, are individuals.

Defendant Citgo Petroleum Corporation is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Service of citation may be made upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Defendant, Citgo Petroleum is a Delaware corporation with its principal place of business in Lake Charles, Louisiana. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Citgo Refining and Chemicals, L.P., is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Citgo Petroleum Corporation, sued in its Common or Assumed Name under the provisions of Texas Rule of Civil Procedure 28, is a corporation that owns and operates Citgo Petroleum in Corpus Christi, Nueces County, Texas. It may by serviced with citation by serving its plant manager at his place of business: Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, <u>by private process</u>.

Al Prebula is an individual who resides in Corpus Christi, Nueces County, Texas. He may be served by delivering a copy of citation to him at his place of business:  Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, <u>by private process</u>.

H.B. Zachry Company is a Delaware corporation with its principal place of business in San Antonio, Texas.   Service of citation may be made upon its registered agent: C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002, <u>by private process</u>.

Venue is proper in this court in that the cause of action asserted herein accrued in whole or in part in Nueces County, Texas.

II.

It has become necessary to bring this Petition because of the fire and explosion that occurred at the Citgo Refinery in Corpus Christi, Nueces County, Texas, on or about May 12, 1997.   That fire and explosion were proximately caused by the negligence of Citgo Petroleum Corporation, Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, sued in its Common or Assumed Name, and H.B. Zachry Company, acting through agents, servants and employees.   In addition, the fire and explosion were proximately caused by the negligence of Al Prebula, the manager of the plant.   As a proximate result of the fire and explosion, the Plaintiffs, and each of them, sustained injuries and damages in an amount within the jurisdictional limits of the court, but not to exceed Seventy-Five Thousand Dollars ($75,000.00) for each, for which the Plaintiffs and each of them now bring suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein according to law, and that upon final hearing, Plaintiffs recover of and from the Defendants, jointly and severally, the actual damages which they have suffered, together with pre-judgment and post judgment interest thereon as provided for by law, and such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

HALL & BATES, L.L.P.

By:_____
    Thomas C. Hall
    Charles Court
    205 N. Presa Street
    Building B, Suite 300
    San Antonio, TX  78205
    210/222-2000
    210/222-1156 (Fax)
    State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**


## TRIAL BY JURY IS DEMANDED

COMES NOW the above-named Plaintiffs in the above-entitled and numbered cause, and respectfully demand a jury for trial on all issues in this case.

Respectfully submitted,

HALL & BATES, L.L.P.

By:_____
    Thomas C. Hall
    Charles Court
    205 N. Presa Street
    Building B, Suite 300
    San Antonio, TX  78205
    210/222-2000
    210/222-1156 (Fax)
    State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**

Citation for Personal Service - RESIDENT _____

Lit. Seq. # 5.003.01

No. 99-02583-00-0-C

T H E   S T A T E   O F   T E X A S

        NOTICE TO _____ DEFENDANT _____ : You have been sued. You may employ an
attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a
default judgment may be taken against you.

TO:
CITGO PETROLEUM
MAY BE SERVED BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEMS,
350 NORTH ST.PAUL STREET, DALLAS, TEXAS  75201

the _____ DEFENDANT _____ , GREETING:

        You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

_____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the
Honorable District Court, 94th Judicial District  of Nueces County, Texas at
the Courthouse of said County in Corpus Christi, Texas.  Said
_____ PETITION _____ was filed on _____ MAY 11, 1999 ____ . A copy of same
accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

                              AGUIRRE, ANA, INDV. _____
                              _____VS._____
                              CITGO PETROLEUM CORP., ET AL _____

Said petition was filed in said court by _____ THOMAS C. HALL _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
205 N. PRESA ST., BUILDING B, STE 300, SAN ANTONIO, TX  78205

        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly mail the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

        Issued and given under my hand and seal of said Court at Corpus Christi,
Texas, this the 20th day of _____ MAY ____ , A.D. 1999.

                        _____ OSCAR SOLIZ _____ , DISTRICT CLERK
                        Nueces County, Texas
                        901 Leopard
                        P.O. BOX 2987)
                        Corpus Christi, Texas  78403-2987

                        By _____ , Deputy
                              IDALIA G. GARZA

COPY ONLY
NOT VALID FOR SERVICE

Citation for Personal Service - RESIDENT

Lit. Seq. # <u>5.002.01</u>

No. <u>99-02583-00-0-C</u>

### THE  STATE  OF  TEXAS

NOTICE TO _____ DEFENDANT _____ : You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
CITGO PETROLEUM CORPORATION
MAY BE SERVED BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEMS, 350 NORTH ST.PAUL STREET, DALLAS, TEXAS  75201

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 94th Judicial District  of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said _____ PETITION _____ was filed on _____ MAY 11, 1999 _____ .  A copy of same accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL

Said petition was filed in said court by _____ THOMAS C. HALL _____
(Attorney for _____ PLAINTIFF _____ ), whose address is 205 N. PRESA STREET, BUILDING B, STE 300, SAN ANTONIO, TX  78205

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 20th day of _____ MAY _____ , A.D. 1999.

_____ OSCAR SOLIZ _____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

BY _____ , Deputy
IDALIA G. GARZA

COPY ONLY
NOT VALID FOR SERVICE

Citation for Personal Service - RESIDENT
_____

Lit. Seq. # 5.006.01

No. 99-02583-00-0-C

T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
H.B. ZACHRY COMPANY
MAY BE SERVED BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEMS,
811 DALLAS AVENUE, HOUSTON, TEXAS  77002

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the _Honorable District Court, 94th Judicial District_ of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said _____PETITION_____ was filed on __MAY 11, 1999__.  A copy of same accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL

Said petition was filed in said court by _____THOMAS C. HALL_____
(Attorney for _____PLAINTIFF_____·_____), whose address is
205 N. PRESA STREET, BUILDING B, SUITE 300, SAN ANTONIO, TX  78205

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 20th day of __MAY__, A.D. 1999.

_____OSCAR SOLIZ_____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By:_____, Deputy
_____IDALIA G. GARZA_____

COPY ONLY
NOT VALID FOR SERVICE

Citation for Personal Service - RESIDENT _____

Lit. Seq. # <u>5.005.01</u>

No. <u>99-02583-00-0-C</u>

## T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____ : You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
AL PREBULA
1802 NUECES BAY BOULEVARD
CORPUS CHRISTI, TEXAS

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the
Honorable District Court, 94th Judicial District  of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said
_____ PETITION _____ was filed on _____ MAY 11, 1999 _____ .  A copy of same accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL

Said petition was filed in said court by _____ THOMAS C. HALL
(Attorney for _____ PLAINTIFF _____ ), whose address is
205 N. PRESA STREET, BUILDING B, STE. 300, SAN ANTONIO, TX  78205

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 20th day of _____ MAY _____ , A.D. 1999.

_____ OSCAR SOLIZ _____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By:_____ , Deputy
_____ IDALIA G. GARZA _____

**COPY ONLY**
**NOT VALID FOR SERVICE**

Citation for Personal Service - RESIDENT _____

Lit. Seq. # 5.002.01

No. 99-02583-00-0-C

## T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
CITGO PETROLEUM CORPORATION
MAY BE SERVED BY SERVING ITS PLANT MANAGER, AL PREBULA, 1802 NUECES BAY
BOULEVARD, CORPUS CHRISTI, TEXAS
_____

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION
_____
_____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 94th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____ PETITION _____ was filed on ___ MAY 11, 1999 ___ . A copy of same accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL

Said petition was filed in said court by _____ THOMAS C. HALL
(Attorney for _____ PLAINTIFF _____ ), whose address is
205 N. PRESA STREET, BUILDING B, STE. 300, SAN ANTONIO, TEXAS  78205

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 20th day of ___ MAY ___ , A.D. 1999.

OSCAR SOLIZ                    DISTRICT CLERK
Nueces County, Texas
901 Leopard
P.O. Box 2987
Corpus Christi, Texas  78403-2987

COPY ONLY
NOT VALID FOR SERVICE

By: _____ , Deputy
IDALIA G. GARZA

Citation for Personal Service – RESIDENT

Lit. Seq. # 5.004.01

No. 99-02583-00-0-C

T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____ : You have been sued. You may employ an
attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a
default judgment may be taken against you.

TO:
CITGO REFINING & CHEMICALS, L.P.
MAY BE SERVED BY SERVING ITS REGISTERED AGENT, C.T. CORPORATION SYSTEMS,
350 N. ST.PAUL STREET, DALLAS, TEXAS  75201

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the
Honorable District Court, 94th Judicial District of Nueces County, Texas at
the Courthouse of said County in Corpus Christi, Texas.  Said
_____ PETITION _____ was filed on _____ MAY 11, 1999 _____ . A copy of same
accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL

Said petition was filed in said court by _____ THOMAS C. HALL _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
205 N. PRESA ST., BUILDING B, SUITE 300, SAN ANTONIO, TX  78205

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Corpus Christi,
Texas, this the 20th day of _____ MAY _____ , A.D. 1999.

COPY ONLY
NOT VALID FOR SERVICE

OSCAR SOLIZ _____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____ , Deputy
IDALIA G. GARZA

CAUSE NO. _____

ANA AGUIRRE, ET. AL.                    $        IN THE DISTRICT COURT OF
            Plaintiff                              NUECES COUNTY, TEXAS
CITGO PETROLEUM CORPORATION,   $        _____ JUDICIAL DISTRICT
            Defendant  ET. AL.

COUNTY COURT-AT-LAW ___
OF NUECES COUNTY, TEXAS

## CIVIL CASE INFORMATION SHEET

    This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

    Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action: Check all claims pled:** []Commercial  [X]Personal Injury  []Death  []Other

| | | | | |
|---|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | [] Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Ins. bad faith | [] Dram Shop |
| [] Auto | [] DTPA | [] Malicious prosecutio | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | [] Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/other |
| [] Tax | [] Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers compensation | | [] Judgment Nisi | [] Other |

Has this dispute previously been in the Nueces County Courts? [X]NO    [] YES, in the following court: _____

Monetary damages sought: [] less than $50,000   [X] greater than $50,000

Desired discovery level: [] Level 1 (TRCP 190.2)  [X] Level 2 (TRCP 190.3)  [] Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. e. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery: [] 0-3 months  [] 4-6 months  [X] 7-12 months  [] Other

Estimate time needed for trial: [] 1-2 days  [] 3-5 days  [X] 6-10 days  [] 7-10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees? [X] Yes  [] No

Is immediate ADR requested? [] Yes  [X] No

Name of party filing this cover sheet: _____

Signature of attorney or pro se filing cover sheet: _Tom Hall_
           Name printed  : TOM HALL
           Phone No.:  : 210-222-2000   Bar No.: 08774550

**FOR COURT USE ONLY:**
    Tract assigned:  [] Track 1  [] Track 2  [] Track 3

    Court Coordinator: _____   Date: _____

1999 MAY 11 P 2: 46

CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
BY ___ DPTY

CAUSE NO. _____

ANA AGUIRRE, ET. AL.          §
                    Plaintiff
CITGO PETROLEUM CORPORATION,   §
                    Defendant  ET. AL.

IN THE DISTRICT COURT OF
NUECES COUNTY, TEXAS
_____ JUDICIAL DISTRICT

COUNTY COURT-AT-LAW ___
OF NUECES COUNTY, TEXAS

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action: Check all claims pled:** []Commercial  [X]Personal Injury  []Death  []Other

| | | | | |
|---|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | [] Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Ins. bad faith | [] Dram Shop |
| [] Auto | [] DTPA | [] Malicious prosecutio | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | [] Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/other |
| [] Tax | [] Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers compensation | | [] Judgment Nisi | [] Other |

Has this dispute previously been in the Nueces County Courts? [X]NO     [] YES, in the following court: _____

Monetary damages sought:   [] less than $50,000   [X] greater than $50,000

Desired discovery level:   [] Level 1 (TRCP 190.2)   [X] Level 2 (TRCP 190.3)   [] Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery:   [] 0-3 months   [] 4-6 months   [X] 7-12 months   [] Other

Estimate time needed for trial:   [] 1-2 days   [] 3-5 days   [X] 6-10 days   [] 7-10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees?   [X] Yes   [] No

Is immediate ADR requested?   [] Yes   [X] No

Name of party filing this cover sheet: _____

Signature of attorney or pro se filing cover sheet: _Tom O'Hall_____

Name printed : TOM HALL

Phone No.: : 210-222-2000       Bar No.: 08774550

**FOR COURT USE ONLY:**
Track assigned:   [] Track 1   [] Track 2   [] Track 3

Court Coordinator: _____   Date: _____

CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
BY
1999 MAY 11 P 2:46
DPTY

## INFORMATION FOR ISSUANCE OF SERVICE

REQUEST SERVICE TO BE ISSUED IN:

CASE NUMBER: _____99-2583-C_____

INSTRUMENT TO BE SERVED: _____Orig PTN_____(L SVC)_____

DATE REQUESTED: _____5_____ _____11_____ _____99_____
                          MONTH      DAY      YEAR

SERVICE BY (CHECK ONE)
CONSTABLE/SHERIFF _____          RETURN TO ATTORNEY BY MAIL _____

CERTIFIED MAIL _____          PICK UP BY ATTORNEY/PROCESS SERVER _PCP_

CITATION BY POSTING AT COURTHOUSE DOOR (# OF DAYS TO BE POSTED)_____

CITATION BY PUBLICATION (NAME OF PAPER)_____
                        (# OF DAYS TO BE PUBLISHED)_____

SERVICE TO BE ISSUED ON: (PLEASE PRINT INFORMATION)

1.) NAME: _____

    ADDRESS: _____

    AGENT (IF APPLICABLE): _____

2.) NAME: _____

    ADDRESS: _____

    AGENT (IF APPLICABLE): _____

SERVICE REQUESTED BY:

NAME: _____

ADDRESS: _____

PHONE NUMBER: _____

*FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING(S) WITH THE
EXCEPTION OF SEC. OF STATE, COM. OF INSUR., TX. DEPT. OF TRANS., AND THE
HAGUE CONVENTION.

N O T E S :

_____

_____

_____

X _____

X _____
         SIGNATURE OF AGENT REQUESTING SERVICE

              PHONE NUMBER

NO. 99-2583-C

| | |
|---|---|
| ANA AGUIRRE, INDIVIDUALLY AND AS NEXT FRIEND FOR ERIC SADA, PAULA SADA  FRANCISCO SADA, MARK CASTRO AND JOHN CASTRO, FRANCISCA ALMAGUER, JUANITA ALMAGUER, INDIVIDUALLY AND AS NEXT FRIEND FOR DESIREE MARTINEZ, ARIEL SANCHEZ AND JUSTIN SANCHEZ, MARIE ANN ALMAGUER, ROBERTO ALMAGUER, ELOY ALMENDAREZ, HENRY ALONZO, AUDELIA BASALDU, CLEMENTINA BASALDU, ESTER BASALDU, ALFRED BELFORD, GRACIELA BORREGO, HECTOR M. BORREGO, JESSE AND MONICA M. BORREGO, INDIVIDUALLY AND AS NEXT FRIENDS OR HECTOR BORREGO, HILLARY BORREGO AND HEATHER BORREGO, MARIA LUISA BORREGO, INDIVIDUALLY AND AS NEXT FRIEND FOR JESSICA ALANIZ, AMANDA ALANIZ AND MARIO SALINAS, DONALD BOSON, MARTIN H. BUITRON AND, GLORIA BUITRON, INDIVIDUALLY AND AS NEXT FRIENDS FOR ROXANA BUITRON AND MARTIN BUITRON III, LEONOR CANTU, CARMEN CHACON, GINA CHACON, INDIVIDUALLY AND AS NEXT FRIEND FOR GAVIN MARCOS CHACON, RONALD GENE CHADWICK, LESLIE COLE, LUIS CONSTANTE, DIANONTINA CRUZ, JOSE DAVILA AND VIRGINIA DAVILA, ROLANDO DE ALEJANDRO AND CRISTINA DE ALEJANDRO, INDIVIDUALLY AND AS NEXT FRIENDS FOR RICHARD DE ALEJANDRO AND ROBERT DE ALEJANDRO, YVETTE DE LUNA, MARY DIMAS, MARIA HUERTA FALCON, JOHN FELAN, CONNIE FELAN, JOEL FUENTES AND GRACIE FUENTES, INDIVIDUALLY AND AS NEXT FRIENDS FOR JOEL JAIME FUENTES AND MONICA FUENTES, MIKE FUENTES, HECTOR GALLEGOS AND HILDA GALLEGOS, INDIVIDUALLY AND AS NEXT FRIENDS FOR HECTOR GALLEGOS, JR. AND AMBER GALLEGOS, KIMBERLY GALLEGOS ROSALVA GALINDO, APRIL GARCIA, CINDY GARCIA, INDIVIDUALLY AND AS NEXT FRIEND FOR JODI GARCIA, ERNESTO AND REBECCA GARCIA, JOHNNY GARCIA AND AMANDA GARCIA, KOYARIS GARCIA, LAZARA GARCIA, MICHAEL L. GARCIA, JR., ORLANDO FABIAN GARCIA, REYMUNDO GARCIA, SANDRA GARCIA, RONNIE FLORES GARCIA, RUPERT GARCIA AND ROSIE GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR RONNIE GARCIA, JUAN CANIZALES AND RUPERT CANIZALES, RUPERTO GARCIA AND GLENDA GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR RUPERT GARCIA IV, ORLANDO GARCIA AND AUGUST GARCIA, DESIREE GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR JOZETTE MORALES, JUDY ANNETTE GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR VICTOR ALEXANDER GARZA, LORI GARZA, VICTORIA GARZA, J.C. GONZALEZ AND ROSE GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR JACQUELINE GONZALEZ, JAMES GONZALEZ AND JENNIFER GONZALEZ, DANIEL GUTIERREZ AND CONSUELO GUTIERREZ, RAMONA GUTIERREZ, GLORIA A. HERNANDEZ, PEDRO HERNANDEZ, ROBERT G. HERNANDEZ, RODOLFO HERNANDEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR MARCUS HERNANDEZ, PAULO JUAREZ AND JEANICE JUAREZ, INDIVIDUALLY AND AS NEXT FRIENDS FOR PAUL JOSEPH JUAREZ, EDMUNDO LEAL AND MARIA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR ISABEL LEAL | *   IN THE DISTRICT COURT |

ELVA LEAL, GERARDO LEAL AND ELIZA LEAL, INDIVIDUALLY AND AS
NEXT FRIENDS FOR GERARDO LEAL III, OSCAR LEAL AND AMELIA
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR LOIDA LEAL,
ROSA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR MARILYNN
RIVERA AND CRYSTAL RIVERA, JAMES LERMA AND BELINDA
LERMA, INDIVIDUALLY AND AS NEXT FRIEND FOR KRISTEN LERMA
LORRAINE LERMA, PEDRO LERMA, VIRGINIA LERMA , GLORIA
FALCON LOOPER, CHRISTOPHER LOPEZ AND LAURA FUENTES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR CHRISTOPHER LOPEZ,
JR., ELIZABETH LOPEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR
ADAM LOPEZ AND PRISCILLA LOPEZ, MARIA MALDONADO,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARY ISABEL
MALDONADO, RACHEL MALDONADO, BONNIE GARCIA, AND
JONATHAN ROY ALBA, DIAMANTINA MARTINEZ, PERFECTO
MARTINEZ, ZULEMA MARTINEZ, INDIVIDUALLY AND AS NEXT
FRIEND FOR SOFIE MARTINEZ AND BENNY MARTINEZ, REFUGIA
MEDINA, CONNIE MITCHEM, TERESA G. MORENO, FELICITAS,
MUNGIA, MARIO NUNEZ, JOE ORTIZ, MARGARITA PENA,
INDIVIDUALLY AND AS NEXT FRIEND FOR AMY CONSTANTE,
ALEXIS CONSTANTE, SYLVESTER CONSTANTE AND JESSICA
CONSTANTE, RICHARD PENA, ESMERALDA PEREZ, FELIPE PEREZ,
JR. AND MINERVA PEREZ, INDIVIDUALLY AND AS NEXT FRIENDS
FOR TABITHA PEREZ AND SULAMITA PEREZ, FELIPE PEREZ, III,
JOSE PEREZ AND LAURA PEREZ, INDIVIDUALLY AND AS NEXT
FRIENDS FOR MATT PEREZ, MICHAEL PEREZ AND MELISSA PEREZ,
RICHARD PEREZ, MARIA PEREZ, RICHARD PEREZ, JR. AND LISA
PEREZ, INDIVIDUALLY AND AS NEXT FRIEND FOR JOE ANGEL
GARCIA, LISA PEREZ, RUBEN PEREZ, JONATHAN PEREZ, RICHARD
DAVID PEREZ AND PRISCILLA PEREZ, ROLANDO PEREZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARIA ISABEL PEREZ AND
ROLANDO PEREZ, JR., JOHN PIMENIDES, ELVA RAMIREZ, LUIS
RAMIREZ, MARY RAMIREZ, ANGEL REYES, ANNABELLE REYNA,
INDIVIDUALLY AND AS NEXT FRIEND FOR MIRANDA BORREGO,
JESUS RIOJAS, BENITO RODRIGUEZ AND MARIA RODRIGUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR VENESSA RODRIGUEZ,
GERARDO RODRIGUEZ AND PATRICIA RODRIGUEZ, INDIVIDUALLY
AND AS NEXT FRIEND FOR SADIE RODRIGUEZ, STEPHINE
RODRIGUEZ AND SAMANTHA RODRIGUEZ, ELIZA RODRIGUEZ,
MARY RODRIGUEZ, MYRNA RODRIGUEZ, JOE ANTHONY RODELA
AND FLORESTELLA GONZALES, INDIVIDUALLY AND AS NEXT FRIENDS
FOR JIMMY RODELA, JOE ADAM RODELA, RAYMOND GONZALEZ, JR.
AND ROBERT LEE GONZALEZ, CYNTHIA SAENZ, INDIVIDUALLY AND
AS NEXT FRIEND FOR MANDY GARZA, JERRY GARZA AND
CHRISTOPHER GARZA, ELIGIO SAENZ, DORIS SALINAS,
INDIVIDUALLY  AND AS NEXT FRIEND FOR RICHARD OSCAR SALINAS,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, ABRAN SARABIA,
ANDRES SARABIA, SAN JUANA SARABIA, ANDREW AND JUANITA
SERNA, RODOLFO SERNA, GLORIA SILVAS, AS NEXT FRIEND FOR
JENNIFER SILVAS, SYLVIA SOTO, INDIVIDUALLY AND AS NEXT
FRIEND FOR JUAN SOTO, MARCELLA SOTO, DAVID SOTO, MERCEDES
STOCKFISH, EDWARD E. STUTTS, REBECCA STUTTS, MATIAS TAPIA,
RUDY TORRES AND MANUELA TORRES, INDIVIDUALLY AND AS NEXT

FRIENDS FOR VALERIE TORRES AND RUDY TORRES, JR., STEVE
TORRES AND JO ANN TORRES, INDIVIDUALLY AND AS NEXT FRIEND
FOR STEVE TORRES, JR, ALBERT TORRES, SONYA TORRES, MARIA ELENA
TURRUBIATES, ISABEL URESTI, INDIVIDUALLY AND AS NEXT FRIEND
FOR PRISCILLA URESTI, CASSANDRA URESTI, ANDREW URESTI,
CHRISTOPER URESTI, AND MARCO URESTI, DEANIRA VASQUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR JENNIFER VASQUEZ,
CRISELDA VELA, INDIVIDUALLY AND AS NEXT FRIEND FOR JESUS
VELA, RUBEN VELA, BENNY VELA AND FERNANDO VELA, ELOISA
WELSH, JENNIFER WICKLINE, SUSAN G. WICKLINE, INDIVIDUALLY
AND AS NEXT FRIEND FOR NICHOLAS ADAM CHADWICK, ALBERT
LEE ZUNIGA, CLEOTILDE ZUNIGA, INDIVIDUALLY AND AS NEXT
FRIEND FOR JESUS ZUNIGA, SANDILLO ZUNIGA, JUAN ZUNIGA,
ELIZABETH ZUNIGA, TINA ZUNIGA AND CONNIE ZUNIGA, CONNIE
ZUNIGA, INDIVIDUALLY AND AS NEXT FRIEND FOR ASHLEY
ZUNIGA, AMBOR CERVANTES AND ANDREW CERVANTES, JUANITA
ZUNIGA, MICHAEL ZUNIGA, ANTONIO CARRISALES, VIRGINIA
DAVILA, JOSE DAVILA, LAURA DAVILA, JUAN DAVILA,
INDIVIDUALLY AND AS NEXT FRIEND FOR JESSICA DAVILA AND
JAQUES FONSECA, RUDY TORRES AND MANUELA TORRES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR VALERIE TORRES AND
RUDY TORRES, JR., MARIA MALDONADO, INDIVIDUALLY AND AS
NEXT FRIEND FOR MARY ISABEL MALDONADO, RACHEL
MALDONADO, BONNIE GARCIA AND JONATHAN ROY ALBA,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, JOE
ANGEL, MIRANDA BORREGO, MARIAL BORREGO, EDUARDO
DAVILA, ANALARDA GARCIA, MARY JANE GARZA, MIGUEL
GARZA, JR., AND JOSEPH GARCIA AND NANCY MORALES
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR
VICTORIA D. GARCIA, VERONICA GARCIA AND VANESSA
GARCIA

VS.                                                    *  _____ JUDICIAL DISTRICT

CITGO PETROLEUM CORPORATION, CITGO PETROLEUM,
CITGO REFINING AND CHEMICALS, L.P., CITGO PETROLEUM
CORPORATION, IN ITS COMMON OR ASSUMED NAME,
AL PREBULA AND H.B. ZACHRY COMPANY                     *  NUECES COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come the above-named Plaintiffs, complaining of Citgo Petroleum Corporation,

Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, in its

Common or Assumed Name, Al Prebula, and H.B.. Zachry Company, Defendants.  As good

and sufficient grounds for this suit, the Plaintiffs would respectfully show the Court the following:

I.

The Plaintiffs, and each of them, are individuals.

Defendant Citgo Petroleum Corporation is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Service of citation may be made upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Defendant, Citgo Petroleum is a Delaware corporation with its principal place of business in Lake Charles, Louisiana. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Citgo Refining and Chemicals, L.P., is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201, <u>by private process</u>.

Citgo Petroleum Corporation, sued in its Common or Assumed Name under the provisions of Texas Rule of Civil Procedure 28, is a corporation that owns and operates Citgo Petroleum in Corpus Christi, Nueces County, Texas. It may by serviced with citation by serving its plant manager at his place of business: Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, <u>by private process</u>.

Al Prebula is an individual who resides in Corpus Christi, Nueces County, Texas. He may be served by delivering a copy of citation to him at his place of business: Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, <u>by private process</u>.

H.B. Zachry Company is a Delaware corporation with its principal place of business in San Antonio, Texas.  Service of citation may be made upon its registered agent: C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002, by private process.

Venue is proper in this court in that the cause of action asserted herein accrued in whole or in part in Nueces County, Texas.

II.

It has become necessary to bring this Petition because of the fire and explosion that occurred at the Citgo Refinery in Corpus Christi, Nueces County, Texas, on or about May 12, 1997.  That fire and explosion were proximately caused by the negligence of Citgo Petroleum Corporation, Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, sued in its Common or Assumed Name, and H.B. Zachry Company, acting through agents, servants and employees.  In addition, the fire and explosion were proximately caused by the negligence of Al Prebula, the manager of the plant.  As a proximate result of the fire and explosion, the Plaintiffs, and each of them, sustained injuries and damages in an amount within the jurisdictional limits of the court, but not to exceed Seventy-Five Thousand Dollars ($75,000.00) for each, for which the Plaintiffs and each of them now bring suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein according to law, and that upon final hearing, Plaintiffs recover of and from the Defendants, jointly and severally, the actual damages which they have suffered, together with pre-judgment and post judgment interest thereon as provided for by law, and such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____

Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**


## TRIAL BY JURY IS DEMANDED

COMES NOW the above-named Plaintiffs in the above-entitled and numbered cause, and respectfully demand a jury for trial on all issues in this case.

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____

Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**

Citation for Personal Service - RESIDENT



Lit. Seq. # 5.005.01

No. 99-02583-0-0-C

T H E   S T A T E   O F   T E X A S

NOTICE TO
DEFENDANT   :   You have been sued. You may employ an
attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a
default judgment may be taken against you.

TO:
AL PREBULA
1802 NUECES BAY BOULEVARD
CORPUS CHRISTI, TEXAS

the   DEFENDANT   ,   GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the
Honorable District Court, 94th Judicial District of Nueces County, Texas at
the Courthouse of said County in Corpus Christi, Texas. Said
PETITION   was filed on   MAY 11, 1999 .   A copy of same
accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.

The style of the case is:
AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL.

Said petition was filed in said court by
(Attorney for)   THOMAS C. HALL
PLAINTIFF   ), whose address is
205 N. PRESS STREET, BUILDING B, STE. 300, SAN ANTONIO, TX 78205

The nature of the demand is fully shown by a true and correct copy of the
petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to the
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said court at Corpus Christi,
Texas, this the 20th day of   MAY   , A.D. 1999.

OSCAR SOLIZ   , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____ Deputy
IDALI . GARZA

Case 2:00-cv-00061   Document 1   Filed in TXSD on 02/11/2000   Page 99 of 127

Citation for Perso.   Service - RESIDENT

Lit. Seq. # 5.002.01

No. 99-02583-00-0-C

# T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
CITGO PETROLEUM CORPORATION
MAY BE SERVED BY SERVING ITS PLANT MANAGER, AL PREBULA, 1802 NUECES BAY
BOULEVARD, CORPUS CHRISTI, TEXAS

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 94th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said PETITION was filed on MAY 11, 1999. A copy of same accompanies this citation.

The file number of said suit being No. 99-02583-00-0-C.
The style of the case is:

AGUIRRE, ANA, INDV.
VS.
CITGO PETROLEUM CORP., ET AL

Said petition was filed in said court by _____THOMAS C. HALL_____ (Attorney for _____PLAINTIFF_____), whose address is 205 N. PRESA STREET, BUILDING B, STE. 300, SAN ANTONIO, TEXAS 78205

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 20th day of MAY, A.D. 1999.

OSCAR SOLIZ, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____, Deputy
IDALIA G. GARZA

### RETURN OF OFFICER

Came to hand the _____ day of _____, 19___, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, 19___, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_____          _____

                                 Sheriff/constable _____ County, TEXAS

Fees paid by:_____   By _____ Deputy

-------------------------------------------------------------------------

### AUTHORIZED PERSON RETURN

Came to hand at _3:00_ o'clock _P_.M., on the _21_ day of _May_ , 19 _99_

Executed at _1802 Queen Bay Blvd, Corpus Christi_ in _Nueces_ County, Texas at

_10:10_ o'clock _A_.M., on the _26_ day of _May_ , 19_99_, by delivering to

_Citgo Petroleum by delivering to Al Phebela_ defendant, in person, a

true copy of the Citation together with the accompanying ___1___ copy(ies) of the

_Plaintiff's Original_ Petition attached thereto and I endorsed

on said copy of this Citation the date of delivery.

To certify which I affix my hand officially this _26_ day of _May_ , 19_99_.

**PCP** PROFESSIONAL CIVIL PROCESS  _CP17_
P.O. BOX 181293
CORPUS CHRISTI, TEXAS 78480-1293
(512) 684-1657

_Nueces_ County, Texas

by _Berta Allen · 503_
Process Server

_Berta Allen_
Authorized Person - Printed Name

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _26_ day of

_May_ , 19_99_.

_B. Dur_
Notary Public - State of Texas
in and for _Nueces_

Commission expires: _9-14-2002_

CAUSE NO. 99-2583-C

| | | |
|---|---|---|
| ANA AGUIRRE, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | THE 94TH JUDICIAL DISTRICT |
| | § | |
| CITGO PETROLEUM CORPORATION, | § | |
| CITGO PETROLEUM, CITGO REFINING | § | |
| AND CHEMICALS, L.P., CITGO | § | |
| PETROLEUM CORPORATION, IN ITS | § | |
| COMMON OR ASSUMED NAME, AL | § | |
| PREBULA, AND H.B. ZACHRY COMPANY | § | NUECES COUNTY, TEXAS |

### DEFENDANT H.B. ZACHRY COMPANY'S ORIGINAL ANSWER
### TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant in the captioned matter, Defendant H.B. Zachry Company, and files this its Original Answer to the Plaintiffs' Original Petition.

I.

### GENERAL DENIAL

The Defendant denies each and every, all and singular, the allegations contained in the Original Petition, demands strict proof of the allegations and requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court dismiss the Plaintiffs' Original Petition or, alternatively, that it have judgment in its favor, together with costs. The Defendant requests such other and further relief, both special and general, at law and in equity, to which it is justly entitled.

46309:867546.1:061899

Respectfully submitted,


Ralph F. Meyer
State Bar No. 13994300
Jack C. Partridge
State Bar No. 15534600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(512) 884-8808
(512) 884-7261 - Facsimile
Attorneys for Defendant
H.B. Zachry Company


OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this ____ day of June 1999.

**CERTIFIED MAIL**
**Return Receipt Requested**

Thomas C. Hall
Charles Court
Hall & Bates, L.L.P.
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas 78205


_____
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

CAUSE NO. 99-2583-C

| | |
|---|---|
| ANA AGUIRRE, ET AL. | § IN THE DISTRICT COURT OF |
| | § |
| VS. | § THE 94TH JUDICIAL DISTRICT |
| | § |
| CITGO PETROLEUM CORPORATION, | § |
| CITGO PETROLEUM, CITGO REFINING | § |
| AND CHEMICALS, L.P., CITGO | § |
| PETROLEUM CORPORATION, IN ITS | § |
| COMMON OR ASSUMED NAME, AL | § |
| PREBULA, AND H.B. ZACHRY COMPANY | § NUECES COUNTY, TEXAS |

## DEFENDANT CITGO REFINING AND CHEMICALS COMPANY, L.P.'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant in the captioned matter, CITGO Refining and Chemicals Company, L.P., and files this its Original Answer to the Plaintiffs' Original Petition.

I.

### GENERAL DENIAL

The Defendant denies each and every, all and singular, the allegations contained in the Original Petition, demands strict proof of the allegations and requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court dismiss the Plaintiffs' Original Petition or, alternatively, that it have judgment in its favor, together with costs. The Defendant requests such other and further relief, both special and general, at law and in equity, to which it is justly entitled.

43256:865216.1:060299

Respectfully submitted,


Ralph F. Meyer
State Bar No. 13994300
Jack C. Partridge
State Bar No. 15534600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(512) 884-8808
(512) 884-7261 - Facsimile

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


Jeff Sherwood
State Bar No.24009354
1333 New Hampshire Ave., N.W.
Suite 400
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 - Facsimile

OF COUNSEL:

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.


Attorneys for Defendant CITGO
Refining and Chemicals Company,
L.P.


43256:865216.1:060299                    -2-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this _____ day of June 1999.

**CERTIFIED MAIL**
**Return Receipt Requested**

Thomas C. Hall
Charles Court
Hall & Bates, L.L.P.
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas 78205

_____
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

43256:865216.1:060299                    -3-

CAUSE NO. 99-2583-C

| | |
|---|---|
| ANA AGUIRRE, ET AL. | § IN THE DISTRICT COURT OF |
| | § |
| VS. | § THE 94TH JUDICIAL DISTRICT |
| | § |
| CITGO PETROLEUM CORPORATION, | § |
| CITGO PETROLEUM, CITGO REFINING | § |
| AND CHEMICALS, L.P., CITGO | § |
| PETROLEUM CORPORATION, IN ITS | § |
| COMMON OR ASSUMED NAME, AL | § |
| PREBULA, AND H.B. ZACHRY COMPANY | § NUECES COUNTY, TEXAS |

### DEFENDANT CITGO PETROLEUM CORPORATION'S
### ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant in the captioned matter, CITGO Petroleum Corporation, and file this its Original Answer to the Plaintiffs' Original Petition.

I.

### GENERAL DENIAL

The Defendant denies each and every, all and singular, the allegations contained in the Original Petition, demands strict proof of the allegations and requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court dismiss the Plaintiffs' Original Petition or, alternatively, that it have judgment in its favor, together with costs. The Defendant requests such other and further relief, both special and general, at law and in equity, to which it is justly entitled.

43256:864967.1:060299

Respectfully submitted,

Ralph F. Meyer
State Bar No. 13994300
Jack C. Partridge
State Bar No. 15534600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(512) 884-8808
(512) 884-7261 - Facsimile

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

Jeff Sherwood
State Bar No.24009354
1333 New Hampshire Ave., N.W.
Suite 400
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 - Facsimile

OF COUNSEL:

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Attorneys for Defendant CITGO
Petroleum Corporation

43256:864967.1:060299                              -2-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this 18th day of June 1999.

**CERTIFIED MAIL**
**Return Receipt Requested**

Thomas C. Hall
Charles Court
Hall & Bates, L.L.P.
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas 78205

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**

## CAUSE NO. 99-2583-C

| | |
|---|---|
| ANA AGUIRRE, ET AL. | § IN THE DISTRICT COURT OF |
| | § |
| VS. | § THE 94TH JUDICIAL DISTRICT |
| | § |
| CITGO PETROLEUM CORPORATION, | § |
| CITGO PETROLEUM, CITGO REFINING | § |
| AND CHEMICALS, L.P., CITGO | § |
| PETROLEUM CORPORATION, IN ITS | § |
| COMMON OR ASSUMED NAME, AL | § |
| PREBULA, AND H.B. ZACHRY COMPANY | § NUECES COUNTY, TEXAS |

### DEFENDANT AL PREBULA'S
### ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant in the captioned matter, Al Prebula, and file this his Original Answer to the Plaintiffs' Original Petition.

### I.

### GENERAL DENIAL

The Defendant denies each and every, all and singular, the allegations contained in the Original Petition, demands strict proof of the allegations and requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court dismiss the Plaintiffs' Original Petition or, alternatively, that he have judgment in his favor, together with costs. The Defendant requests such other and further relief, both special and general, at law and in equity, to which he is justly entitled.

43256:865057.1:060299

Respectfully submitted,


Ralph F. Meyer
State Bar No. 13994300
Jack C. Partridge
State Bar No. 15534600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(512) 884-8808
(512) 884-7261 - Facsimile

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.


Jeff Sherwood
State Bar No.24009354
1333 New Hampshire Ave., N.W.
Suite 400
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 - Facsimile

OF COUNSEL:

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Attorneys for Defendant Al Prebula

43256:865057.1:060299                    -2-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this 18th day of June 1999.

**CERTIFIED MAIL**
**Return Receipt Requested**

Thomas C. Hall
Charles Court
Hall & Bates, L.L.P.
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas 78205

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**



# HALL & BATES

| | | |
|---|---|---|
| *Tom Hall* and Harry Bates* <br> *Attorneys at Law* | August 2, 1999 | *A Limited Liabilit* <br> *Partnership* |

Oscar Soliz
District Clerk
Nueces County Courthouse
901 Leopard Street
Corpus Christi, TX 78401

      Re:    <u>Ana Aguirre, et al. v. Citgo Petroleum Corporation, et al.;</u>
                 <u>Cause No. 99-2583-C</u>

Dear Mr. Soliz:

      Enclosed herein please find an original and one copy of a Motion for Protective Order, with regard to the captioned case.

      Please return a file-stamped copy to us in the enclosed envelope.

      By copy of this letter, I am forwarding a copy of the enclosed to counsel for Defendants.

      Thank you very much.

                      Sincerely,

                      Rachelle R. Abelow,
                      Legal Assistant to
                      Thomas C. Hall

RRA/bt
Enclosure
cc:    Ralph F. Meyer and Jack C. Partridge  <u>CM/RRR</u> P 531 990 475
       Jeff Sherwood <u>CM/RRR</u> P 531 990 476

*Charles Court, 205 N. Presa, Building B, Suite 300 , San Antonio, Texas 78205*
*Telephone (210) 222-2000 • Fax (210) 222-1156 • E-mail: thall@txdirect.net • E-mail: HSBates@sprintmail.com*

*Board Certified Personal Injury Trial Law Texas Board of Legal Specialization*

NO. 99-2583-C

| | | |
|---|---|---|
| ANA AGUIRRE, ET AL. | * | IN THE DISTRICT COURT |
| VS. | * | 94TH JUDICIAL DISTRICT |
| CITGO PETROLEUM CORPORATION, CITGO PETROLEUM, CITGO REFINING AND CHEMICALS, L.P., CITGO PETROLEUM CORPORATION, IN ITS COMMON OR ASSUMED NAME, AL PREBULA AND H.B. ZACHRY COMPANY | * | NUECES COUNTY, TEXAS |

## <u>MOTION FOR PROTECTIVE ORDER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

I.

Movant herein would demonstrate that there are pending Motions to Consolidate, and it is anticipated that these Motions will effect the nature and course of discovery in this case.

II.

Because of the number of Plaintiffs involved in this situation, the Movant would request that relief from responding to written discovery previously propounded be granted by the Court pending the Motions to Consolidate, and motions regarding discovery.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Motion be in all things granted.



Respectfully submitted,

HALL & BATES, L.L.P.

By: _____
Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Motion has been mailed to Ralph F. Meyer and Jack C. Partridge, 1700 Wilson Plaza West, 606 N. Carancahua, Corpus Christi, TX 78476 and to Jeff Sherwood, 1333 New Hampshire Aven., N.W., Suite 400, Washington, D.C. 20036, on this the __2__ day of _____August_____, 1999.

_____
Thomas C. Hall

3

Create PDF – www.fastio.com

NO. 99-2583-C

| | |
|---|---|
| ANA AGUIRRE, INDIVIDUALLY AND AS NEXT FRIEND FOR ERIC SADA, PAULA SADA FRANCISCO SADA, MARK CASTRO AND JOHN CASTRO, FRANCISCA ALMAGUER, JUANITA ALMAGUER, INDIVIDUALLY AND AS NEXT FRIEND FOR DESIREE MARTINEZ, ARIEL SANCHEZ AND JUSTIN SANCHEZ, MARIE ANN ALMAGUER, ROBERTO ALMAGUER, ELOY ALMENDAREZ, HENRY ALONZO, AUDELIA BASALDU, CLEMENTINA BASALDU, ESTER BASALDU, ALFRED BELFORD, GRACIELA BORREGO, HECTOR M. BORREGO, JESSE AND MONICA M. BORREGO, INDIVIDUALLY AND AS NEXT FRIENDS OR HECTOR BORREGO, HILLARY BORREGO AND HEATHER BORREGO, MARIA LUISA BORREGO, INDIVIDUALLY AND AS NEXT FRIEND FOR JESSICA ALANIZ, AMANDA ALANIZ AND MARIO SALINAS, DONALD BOSON, MARTIN H. BUITRON AND, GLORIA BUITRON, INDIVIDUALLY AND AS NEXT FRIENDS FOR ROXANA BUITRON AND MARTIN BUITRON III, LEONOR CANTU, CARMEN CHACON, GINA CHACON, INDIVIDUALLY AND AS NEXT FRIEND FOR GAVIN MARCOS CHACON, RONALD GENE CHADWICK, LESLIE COLE, LUIS CONSTANTE, DIANONTINA CRUZ, JOSE DAVILA AND VIRGINIA DAVILA, ROLANDO DE ALEJANDRO AND CRISTINA DE ALEJANDRO, INDIVIDUALLY AND AS NEXT FRIENDS FOR RICHARD DE ALEJANDRO AND ROBERT DE ALEJANDRO, YVETTE DE LUNA, MARY DIMAS, MARIA HUERTA FALCON, JOHN FELAN, CONNIE FELAN, JOEL FUENTES AND GRACIE FUENTES, INDIVIDUALLY AND AS NEXT FRIENDS FOR JOEL JAIME FUENTES AND MONICA FUENTES, MIKE FUENTES, HECTOR GALLEGOS AND HILDA GALLEGOS, INDIVIDUALLY AND AS NEXT FRIENDS FOR HECTOR GALLEGOS, JR. AND AMBER GALLEGOS, KIMBERLY GALLEGOS ROSALVA GALINDO, APRIL GARCIA, CINDY GARCIA, INDIVIDUALLY AND AS NEXT FRIEND FOR JODI GARCIA, ERNESTO AND REBECCA GARCIA, JOHNNY GARCIA AND AMANDA GARCIA, KOYARIS GARCIA, LAZARA GARCIA, MICHAEL L. GARCIA, JR., ORLANDO FABIAN GARCIA, REYMUNDO GARCIA, SANDRA GARCIA, RONNIE FLORES GARCIA, RUPERT GARCIA AND ROSIE GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR RONNIE GARCIA, JUAN CANIZALES AND RUPERT CANIZALES, RUPERTO GARCIA AND GLENDA GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR RUPERT GARCIA IV, ORLANDO GARCIA AND AUGUST GARCIA, DESIREE GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR JOZETTE MORALES, JUDY ANNETTE GARZA, INDIVIDUALLY AND AS NEXT FRIEND FOR VICTOR ALEXANDER GARZA, LORI GARZA, VICTORIA GARZA, J.C. GONZALEZ AND ROSE GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR JACQUELINE GONZALEZ, JAMES GONZALEZ AND JENNIFER GONZALEZ, DANIEL GUTIERREZ AND CONSUELO GUTIERREZ, RAMONA GUTIERREZ, GLORIA A. HERNANDEZ, PEDRO HERNANDEZ, ROBERT G. HERNANDEZ, RODOLFO HERNANDEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR MARCUS HERNANDEZ, PAULO JUAREZ AND JEANICE JUAREZ, INDIVIDUALLY AND AS NEXT FRIENDS FOR PAUL JOSEPH JUAREZ, EDMUNDO LEAL AND MARIA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR ISABEL LEAL | *   IN THE DISTRICT COURT |

ELVA LEAL, GERARDO LEAL AND ELIZA LEAL, INDIVIDUALLY AND AS
NEXT FRIENDS FOR GERARDO LEAL III, OSCAR LEAL AND AMELIA
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR LOIDA LEAL,
ROSA LEAL, INDIVIDUALLY AND AS NEXT FRIEND FOR MARILYNN
RIVERA AND CRYSTAL RIVERA, JAMES LERMA AND BELINDA
LERMA, INDIVIDUALLY AND AS NEXT FRIEND FOR KRISTEN LERMA
LORRAINE LERMA, PEDRO LERMA, VIRGINIA LERMA , GLORIA
FALCON LOOPER, CHRISTOPHER LOPEZ AND LAURA FUENTES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR CHRISTOPHER LOPEZ,
JR., ELIZABETH LOPEZ, INDIVIDUALLY AND AS NEXT FRIEND FOR
ADAM LOPEZ AND PRISCILLA LOPEZ, MARIA MALDONADO,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARY ISABEL
MALDONADO, RACHEL MALDONADO, BONNIE GARCIA, AND
JONATHAN ROY ALBA, DIAMANTINA MARTINEZ, PERFECTO
MARTINEZ, ZULEMA MARTINEZ, INDIVIDUALLY AND AS NEXT
FRIEND FOR SOFIE MARTINEZ AND BENNY MARTINEZ, REFUGIA
MEDINA, CONNIE MITCHEM, TERESA G. MORENO, FELICITAS,
MUNGIA, MARIO NUNEZ, JOE ORTIZ, MARGARITA PENA,
INDIVIDUALLY AND AS NEXT FRIEND FOR AMY CONSTANTE,
ALEXIS CONSTANTE, SYLVESTER CONSTANTE AND JESSICA
CONSTANTE, RICHARD PENA, ESMERALDA PEREZ, FELIPE PEREZ,
JR. AND MINERVA PEREZ, INDIVIDUALLY AND AS NEXT FRIENDS
FOR TABITHA PEREZ AND SULAMITA PEREZ, FELIPE PEREZ, III,
JOSE PEREZ AND LAURA PEREZ, INDIVIDUALLY AND AS NEXT
FRIENDS FOR MATT PEREZ, MICHAEL PEREZ AND MELISSA PEREZ,
RICHARD PEREZ, MARIA PEREZ, RICHARD PEREZ, JR. AND LISA
PEREZ, INDIVIDUALLY AND AS NEXT FRIEND FOR JOE ANGEL
GARCIA, LISA PEREZ, RUBEN PEREZ, JONATHAN PEREZ, RICHARD
DAVID PEREZ AND PRISCILLA PEREZ, ROLANDO PEREZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR MARIA ISABEL PEREZ AND
ROLANDO PEREZ, JR., JOHN PIMENIDES, ELVA RAMIREZ, LUIS
RAMIREZ, MARY RAMIREZ, ANGEL REYES, ANNABELLE REYNA,
INDIVIDUALLY AND AS NEXT FRIEND FOR MIRANDA BORREGO,
JESUS RIOJAS, BENITO RODRIGUEZ AND MARIA RODRIGUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR VENESSA RODRIGUEZ,
GERARDO RODRIGUEZ AND PATRICIA RODRIGUEZ, INDIVIDUALLY
AND AS NEXT FRIEND FOR SADIE RODRIGUEZ, STEPHINE
RODRIGUEZ AND SAMANTHA RODRIGUEZ, ELIZA RODRIGUEZ,
MARY RODRIGUEZ, MYRNA RODRIGUEZ, JOE ANTHONY RODELA
AND FLORESTELLA GONZALES, INDIVIDUALLY AND AS NEXT FRIENDS
FOR JIMMY RODELA, JOE ADAM RODELA, RAYMOND GONZALEZ, JR.
AND ROBERT LEE GONZALEZ, CYNTHIA SAENZ, INDIVIDUALLY AND
AS NEXT FRIEND FOR MANDY GARZA, JERRY GARZA AND
CHRISTOPHER GARZA, ELIGIO SAENZ, DORIS SALINAS,
INDIVIDUALLY  AND AS NEXT FRIEND FOR RICHARD OSCAR SALINAS,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, ABRAN SARABIA,
ANDRES SARABIA, SAN JUANA SARABIA, ANDREW AND JUANITA
SERNA, RODOLFO SERNA, GLORIA SILVAS, AS NEXT FRIEND FOR
JENNIFER SILVAS, SYLVIA SOTO, INDIVIDUALLY AND AS NEXT
FRIEND FOR JUAN SOTO, MARCELLA SOTO, DAVID SOTO, MERCEDES
STOCKFISH, EDWARD E. STUTTS, REBECCA STUTTS, MATIAS TAPIA,
RUDY TORRES AND MANUELA TORRES, INDIVIDUALLY AND AS NEXT

FRIENDS FOR VALERIE TORRES AND RUDY TORRES, JR., STEVE
TORRES AND JO ANN TORRES, INDIVIDUALLY AND AS NEXT FRIEND
FOR STEVE TORRES, JR, ALBERT TORRES, SONYA TORRES, MARIA ELENA
TURRUBIATES, ISABEL URESTI, INDIVIDUALLY AND AS NEXT FRIEND
FOR PRISCILLA URESTI, CASSANDRA URESTI, ANDREW URESTI,
CHRISTOPER URESTI, AND MARCO URESTI, DEANIRA VASQUEZ,
INDIVIDUALLY AND AS NEXT FRIEND FOR JENNIFER VASQUEZ,
CRISELDA VELA, INDIVIDUALLY AND AS NEXT FRIEND FOR JESUS
VELA, RUBEN VELA, BENNY VELA AND FERNANDO VELA, ELOISA
WELSH, JENNIFER WICKLINE, SUSAN G. WICKLINE, INDIVIDUALLY
AND AS NEXT FRIEND FOR NICHOLAS ADAM CHADWICK, ALBERT
LEE ZUNIGA, CLEOTILDE ZUNIGA, INDIVIDUALLY AND AS NEXT
FRIEND FOR JESUS ZUNIGA, SANDILLO ZUNIGA, JUAN ZUNIGA,
ELIZABETH ZUNIGA, TINA ZUNIGA AND CONNIE ZUNIGA, CONNIE
ZUNIGA, INDIVIDUALLY AND AS NEXT FRIEND FOR ASHLEY
ZUNIGA, AMBOR CERVANTES AND ANDREW CERVANTES, JUANITA
ZUNIGA, MICHAEL ZUNIGA, ANTONIO CARRISALES, VIRGINIA
DAVILA, JOSE DAVILA, LAURA DAVILA, JUAN DAVILA,
INDIVIDUALLY AND AS NEXT FRIEND FOR JESSICA DAVILA AND
JAQUES FONSECA, RUDY TORRES AND MANUELA TORRES,
INDIVIDUALLY AND AS NEXT FRIENDS FOR VALERIE TORRES AND
RUDY TORRES. JR., MARIA MALDONADO, INDIVIDUALLY AND AS
NEXT FRIEND FOR MARY ISABEL MALDONADO, RACHEL
MALDONADO, BONNIE GARCIA AND JONATHAN ROY ALBA,
MICHAEL SALINAS, INDIVIDUALLY AND AS NEXT FRIEND FOR
CHRISTOPHER MALDONADO AND ELISCO GARCIA, JOE
ANGEL, MIRANDA BORREGO, MARIAL BORREGO, EDUARDO
DAVILA, ANALARDA GARCIA, MARY JANE GARZA, MIGUEL
GARZA, JR., AND JOSEPH GARCIA AND NANCY MORALES
GARCIA, INDIVIDUALLY AND AS NEXT FRIENDS FOR
VICTORIA D. GARCIA, VERONICA GARCIA AND VANESSA
GARCIA

VS.                                                          *  _____ JUDICIAL DISTRICT

CITGO PETROLEUM CORPORATION, CITGO PETROLEUM,
CITGO REFINING AND CHEMICALS, L.P., CITGO PETROLEUM
CORPORATION, IN ITS COMMON OR ASSUMED NAME,
AL PREBULA AND H.B. ZACHRY COMPANY                            *  NUECES COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come the above-named Plaintiffs, complaining of Citgo Petroleum Corporation,

Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, in its

Common or Assumed Name, Al Prebula, and H.B.. Zachry Company, Defendants.  As good

and sufficient grounds for this suit, the Plaintiffs would respectfully show the Court the following:

I.

The Plaintiffs, and each of them, are individuals.

Defendant Citgo Petroleum Corporation is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Service of citation may be made upon its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, by private process.

Defendant, Citgo Petroleum is a Delaware corporation with its principal place of business in Lake Charles, Louisiana. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201, by private process.

Citgo Refining and Chemicals, L.P., is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. Service of citation may be made upon its registered agent: C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201, by private process.

Citgo Petroleum Corporation, sued in its Common or Assumed Name under the provisions of Texas Rule of Civil Procedure 28, is a corporation that owns and operates Citgo Petroleum in Corpus Christi, Nueces County, Texas. It may by serviced with citation by serving its plant manager at his place of business: Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, by private process.

Al Prebula is an individual who resides in Corpus Christi, Nueces County, Texas. He may be served by delivering a copy of citation to him at his place of business:  Al Prebula, 1802 Nueces Bay Boulevard, Corpus Christi, Texas, by private process.

H.B. Zachry Company is a Delaware corporation with its principal place of business in San Antonio, Texas.  Service of citation may be made upon its registered agent: C.T. Corporation Systems, 811 Dallas Avenue, Houston, Texas 77002, by private process.

Venue is proper in this court in that the cause of action asserted herein accrued in whole or in part in Nueces County, Texas.

II.

It has become necessary to bring this Petition because of the fire and explosion that occurred at the Citgo Refinery in Corpus Christi, Nueces County, Texas, on or about May 12, 1997.  That fire and explosion were proximately caused by the negligence of Citgo Petroleum Corporation, Citgo Petroleum, Citgo Refining and Chemicals, L.P., Citgo Petroleum Corporation, sued in its Common or Assumed Name, and H.B. Zachry Company, acting through agents, servants and employees.  In addition, the fire and explosion were proximately caused by the negligence of Al Prebula, the manager of the plant.  As a proximate result of the fire and explosion, the Plaintiffs, and each of them, sustained injuries and damages in an amount within the jurisdictional limits of the court, but not to exceed Seventy-Five Thousand Dollars ($75,000.00) for each, for which the Plaintiffs and each of them now bring suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein according to law, and that upon final hearing, Plaintiffs recover of and from the Defendants, jointly and severally, the actual damages which they have suffered, together with pre-judgment and post judgment interest thereon as provided for by law, and such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____

Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**

## TRIAL BY JURY IS DEMANDED

COMES NOW the above-named Plaintiffs in the above-entitled and numbered cause, and respectfully demand a jury for trial on all issues in this case.

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____

Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
**ATTORNEYS FOR PLAINTIFFS**

CAUSE NO._____

ANA AGUIRRE, ET. AL.                §          IN THE DISTRICT COURT OF
                          Plaintiff                NUECES COUNTY, TEXAS
CITGO PETROLEUM CORPORATION,  §          _____ JUDICIAL DISTRICT
                          Defendant  ET. AL.
                                                   COUNTY COURT-AT-LAW ___
                                                   OF NUECES COUNTY, TEXAS

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action: Check all claims pled:** [] Commercial   [X] Personal Injury   [] Death   [] Other

| | | | | |
|---|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | [] Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Inc. bad faith | [] Dram Shop |
| [] Auto | [] DTPA | [] Malicious prosecutio | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | [] Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/other |
| [] Tax | [] Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers compensation | | [] Judgment Nisi | [] Other |

Has this dispute previously been in the Nueces County Courts? [X] NO        [] YES, in the following court: _____

Monetary damages sought:   [] less than $50,000   [X] greater than $50,000

Desired discovery level:   [] Level 1 (TRCP 190.2)   [X] Level 2 (TRCP 190.3)   [] Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. o. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery:   [] 0-3 months   [] 4-6 months   [X] 7-12 months   [] Other

Estimate time needed for trial:   [] 1-2 days   [] 3-5 days   [X] 6-10 days   [] 7-10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees? [X] Yes   [] No

Is immediate ADR requested?      [] Yes   [X] No

Name of party filing this cover sheet: _____

Signature of attorney or pro se filing cover sheet: _Tom Hall_____
                          Name printed     : TOM HALL
                          Phone No.:       : 210-222-2000        Bar No.: 08774550

**FOR COURT USE ONLY:**
      Track assigned:     [] Track 1     [] Track 2     [] Track 3

      Court Coordinator: _____   Date: _____

CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
1999 MAY 11 P 2:46
.DPTY
BY

4

ClickPDF – www.fastio.com

**CAUSE NO. 99-2583-C**

| | | |
|---|---|---|
| ANA AGUIRRE, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | THE 94TH JUDICIAL DISTRICT |
| | § | |
| CITGO PETROLEUM CORPORATION, | § | |
| CITGO PETROLEUM, CITGO REFINING | § | |
| AND CHEMICALS, L.P., CITGO | § | |
| PETROLEUM CORPORATION, IN ITS | § | |
| COMMON OR ASSUMED NAME, AL | § | |
| PREBULA, AND H.B. ZACHRY | § | |
| COMPANY | § | NUECES COUNTY, TEXAS |

**NOTICE OF REMOVAL**

TO:   Plaintiffs, Ana Aguirre, et al. by and through their attorney, Thomas C. Hall and
Charles Court, Hall & Bates, L.L.P., 205 N. Presa Street, Building B, Suite 300,
San Antonio, Texas 78205

You are hereby notified that on the ___\1__ th day of February, 2000 CITGO Petroleum

Corporation, CITGO Refining and Chemicals Company, L.P., (collectively, "CITGO") and co-

defendant Al Prebula,  Defendants in the above-entitled and numbered cause, filed in the United

States District Court for the Southern District of Texas, Corpus Christi Division, its Notice of

Removal, a copy of which (without exhibits) is attached hereto as Exhibit "A", for the purposes of

removing the above-entitled and numbered cause to the District Court of the United States for the

Southern District of Texas, Corpus Christi Division and filed with the District Clerk of Nueces

County, Texas, a copy of said notice thereby removing same.

44443:909492.1:021000

Respectfully submitted,

Ralph F. Meyer
State Bar No. 13994300
Fed. I.D. No. 2831
Jack C. Partridge
State Bar No. 15534600
Fed. I.D. No. 10470
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 - Facsimile

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

Jeff Sherwood
State Bar No.24009354
S.D. Tex. Bar No. 24009354
Cheryl A. Falvey
S.D. Tex. Bar No. 21658
Tracy McKibben
1333 New Hampshire Ave., N.W.
Suite 400
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 - Facsimile

OF COUNSEL:

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

ATTORNEYS FOR DEFENDANTS CITGO PETROLEUM CORPORATION, CITGO REFINING & CHEMICALS COMPANY, L.P. AND AL PREBULA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this 11 day of February 2000.

**CERTIFIED MAIL**
**Return Receipt Requested**

Thomas C. Hall
Charles Court
Hall & Bates, L.L.P.
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas 78205

**Of Royston, Rayzor, Vickery & Williams, L.L.P.**