**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 03 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ANA AGUIRRE, ET AL. | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. C-00-61** |
| | § | |
| CITGO PETROLEUM CORPORATION, | § | |
| et al. | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' REPORT OF THE MEETING
AND DISCOVERY PLAN TO ASCERTAIN DAMAGES
PURSUANT TO THE COURT'S FEBRUARY 22, 2000 ORDER**

The Defendants file this, their Discovery Plan to Ascertain Damages, pursuant to the

Court's February 22, 2000 Order.

On February 22, 2000, the Court issued an order in the above-captioned case requiring

the parties to confer and file a discovery plan to ascertain the damages claimed by each plaintiff

by March 3, 2000, and that within 30 days thereafter, Plaintiffs must provide to Defendants all

information on damages in an electronic format. CITGO has called liaison counsel several times

to discuss this order without success. CITGO has also corresponded with all counsel with only a

few responses. The history of these efforts is set forth in Exhibit A. Therefore, in order to

comply with the Court's order, counsel for Defendants sent another letter to Plaintiffs' counsel

with a proposed discovery plan to be presented to the Court. Exhibit B (Letter from Jeffrey K.

Sherwood to Counsel of February 29, 2000). As the letter details, Defendants have made several

43256:912364.1:030300

4.

attempts to reach an agreement with Plaintiffs' counsel whereby plaintiffs would provide information regarding their alleged damages. To date, Plaintiffs have neither agreed to Defendants' proposal, *nor proposed one of their own.*

The proposed discovery plan requires that by April 3, 2000, the plaintiffs to CITGO, in an electronic format, the following information:

1.  Complete responses to the questionnaire that Mike Terry and Chris Kesler have developed, and which is attached hereto;

2.  Identify each symptom, injury, illness and disease alleged to be the result of the May 12 Event or for which each plaintiff otherwise intend to seek damages, including but not limited to physical, mental, emotional or psychological injuries; please state what injury is claimed, and:

    A.  When the injury or illness occurred.

    B.  Please provide dates associated with each such symptom or complaint, including duration.

    C.  What specific materials are claimed to have caused the alleged physical, mental, emotional or psychological injury or illness?

    D.  Whether the plaintiff has recovered from any such physical, mental, emotional or psychological injury or illness?

    E.  Whether the plaintiff has seen a doctor, psychologist, psychiatrist, curandero, or other counselor because of this alleged mental, emotional or psychological injury or illness, and if so, answer the following for each doctor, psychologist, psychiatrist, curandero or other counselor:

1.     Name and address of this person.

2.     Describe what treatment, if any, you received from this person, including any medications prescribed.

3.     The dates of first and last consultation with this person and how many times this person has been consulted for this injury or illness?

4.     How much has this person charged you for all visits related to this injury or illness?

5.     Did this person refer the plaintiff to any other doctor, psychiatrist, psychologist or other counselor because of any such injury or illness, and if so, to whom (name and address)?

6.     Medical authorizations for all health care providers identified in response to Number 2 above shall be provided as follows: at the plaintiff's option, such authorization may be produced to defense counsel, or may be provided to Sparkling City Records, such that all such records may be ordered at any time thereafter by defense counsel.  It is understood that Sparkling City will advise plaintiffs of any such order and, upon request and payment by plaintiffs, will provide a copy of all records ordered to the plaintiffs;

7.     State whether each plaintiff is claiming lost wages or earnings, including any business damage or business losses as a result of the injuries alleged in your Petition, and for each period during which any such plaintiff allegedly lost wages or earnings:

A.    the dates upon which each such period began and ended;

B.    the total amount of wages or earnings allegedly lost during each such period up to and including the date of the answer hereto;

C.    the reason why any such plaintiff was unable to work or otherwise lost wages or earnings; and

D.    if any such plaintiff suffered any business damage or business losses, the name, address and nature of the business, how the damage occurred, and the amount of the damage or the loss; or

E.    if any such plaintiff is claiming any loss of future earnings please state the date upon which such person became totally or partially unable to work and the total amount of future lost wages or earnings attributed to the occurrences referred to in the Petition;

6.   State the nature and amount of each item of damage and expense, other than as listed above, incurred by each plaintiff that is alleged to have been caused by the occurrences alleged in your Petition; if any plaintiff asserts property damage or devaluation, describe all such damage claimed, including for the use and enjoyment of your property, when and where any alleged property damage occurred, the monetary amount of the damage or devaluation, and whether any insurance claim has been made or will be made for such damage; if such expenses are claimed to be unknown or cannot be determined, state the reason for this assertion;

7.   Production of all documents that verify any and all claims of economic damages, property damage, lost earning capacity, lost income, or out of pocket expenses that

43256:912364.1:030300                            -4-

any plaintiff allegedly incurred as a result of the May 12th event; and

8. Whether each plaintiff will seek punitive damages against CITGO with respect to the allegations set forth in the respective Petitions.

Respectfully submitted,

By: _____

Ralph F. Meyer
State Bar No. 13994300
S.D. Tex. Bar No. 2831
Jack C. Partridge
State Bar No. 15534600
S.D. Tex. Bar No. 10470
ROYSTON, RAYZOR, VICKERY &
WILLIAMS, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
361/884-8808
361/884-7261 Facsimile

Jeffrey K. Sherwood
State Bar No. 24009354
S.D. Tex. Bar No. 21427
Cheryl A. Falvey
S.D. Tex. Bar No. 21658
Tracy B. McKibben
AKIN, GUMP, STRAUSS, HAUER &
FELD, L.L.P.
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C.  20036
(202) 887-4000
(202) 887-4288 (FAX)

ATTORNEYS FOR DEFENDANTS CITGO
PETROLEUM CORPORATION, and
CITGO REFINING & CHEMICALS,
COMPANY, L.P.

43256:912364.1:030300

-5-

CVbPDF - www.fastio.com

SO ORDERED this _____ day of March, 2000, that such information for each and every plaintiff shall be provided to CITGO on or before April 3, 2000.

The failure of any plaintiff to provide this information shall result in dismissal of such plaintiff's claims with prejudice.  The statement by any plaintiff that he or she is not seeking punitive damages shall be treated by the Court as consent to dismissal with prejudice of such punitive damage claims and dismissal shall be ordered accordingly.


_____

UNITED STATES  DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record, via certified mail, return receipt requested, this 3ᵈ day of March, 2000.

**CERTIFIED MAIL**
**Return Receipt Requested**

Thomas C. Hall, Esq.
Hall & Bates, L.L.P.
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205

Of Royston, Rayzor, Vickery & Williams, L.L.P.

## AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P

ATTORNEYS AT LAW

AUSTIN
BRUSSELS
DALLAS
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D.C.

RIYADH — IN AFFILIATION WITH
LAW OFFICE OF ABDULAZIZ H FAHAD

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
1333 NEW HAMPSHIRE AVENUE, N.W
SUITE 400
WASHINGTON, DC 20036
(202) 887-4000
FAX (202) 887-4288
www.akingump.com

WRITER'S DIRECT DIAL NUMBER 202 887-4440
WRITER'S E-MAIL ADDRESS jsherwood@akingump.com

August 19, 1999

### *VIA FACSIMILE (361) 883-7221*

Michael G. Terry, Esq.
Edwards, Perry & Haas, L.L.P.
2100 Frost Bank Plaza
P.O. Box 480
Corpus Christi, TX 78403

Re:   *Bobby Abram, et al. v. CITGO Petroleum Corporation; Angel Abrego, et al. v.
CITGO Corporation; David M. Acosta v. CITGO Petroleum Corporation; Ashley
Acuna, et al. v. CITGO Petroleum Corporation; Delia Aguilar, et al. v. CITGO
Petroleum Corporation; Ana Aguirre, et al. v. CITGO Petroleum Corporation;
Paula Avila, et al. v. CITGO Petroleum Corporation; Humberto Barrera, et al. v.
CITGO Petroleum Corporation; Charles Henry Cavada, et al. v. CITGO
Petroleum Corporation; Agustina Reyna Gonzalez, et al. v. CITGO Petroleum
Corporation; Stanley Haak, et al. v. CITGO Petroleum Corporation; Juan
Martinez, et al. v. CITGO Petroleum Corporation; Estevan Pena v. CITGO
Petroleum Corporation; Benjamin Shurtloff, et al. v. CITGO Petroleum
Corporation; and Seledonio M. Vela, et al. v. CITGO Petroleum Corporation*

Dear Mike:

        This will reflect the agreements that we have reached with respect to plaintiffs' responses
to defendants' initial discovery requests served in the above-captioned cases. The defendant's
discovery requests remain outstanding and this agreement is without prejudice to the plaintiffs'
obligation to respond to all interrogatories, document requests, and requests for admissions at a
later date to be decided. Also, this agreement does not address the requests for disclosures that
have been served upon the plaintiffs.

        You have agreed to provide to the defendant, retrievable through a commercial off-the-
shelf database program, the following information:



EXHIBIT
A

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Michael G. Terry, Esq.
August 19, 1999
Page 2

1. Complete responses by all plaintiffs in all of the above captioned cases to the questionnaire that you and Chris Kesler have developed, and which is attached hereto, and which will provide answers to Defendant's Interrogatory Nos. 1 & 2;

2. Identification of health care providers: (a) seen in the last 10 years; (b) seen with respect to any alleged chemical exposure; (c) seen in conjunction with any workmen's compensation claim; (d) seen in connection with any personal injury claim; and (e) seen in connection with any hospitalization;

3. Responses to Interrogatory Nos. 14 & 22;

4. Medical authorizations for all health care providers identified in response to Interrogatory No. 6 shall be provided as follows: at the plaintiff's option, such authorization may be produced to defense counsel, or may be provided to Sparkling City Records, such that all such records may be ordered at any time thereafter by defense counsel. It is understood that Sparkling City will advise plaintiffs of any such order and, upon request and payment by plaintiffs, will provide a copy of all records ordered to the plaintiffs;

5. Production of all documents sought pursuant to Document Request Nos. 18 & 32, except that Request No. 18 shall be modified to require production of documents that verify any and all claims of lost earning capacity, lost income, or out of pocket expenses that any plaintiff allegedly incurred as a result of the May 12th event; and

6. Responses to Requests for Admissions Nos. 1 & 2.

It is further understood that these responses shall be factual in nature and not simply objections to the discovery requests, the parties having negotiated an agreement, as reflected by this letter, as to the permissible scope of these discovery requests. The one possible exception is that you have objected to Request No. 2 as impermissible. We disagree and will raise the matter with the court at our earliest opportunity in the event that an objection is lodged. You further stated that unless Request No. 2 is actually denied, you have no obligation to answer Interrogatory No. 22. We agreed, however, that unless Request No. 2 is admitted, you will answer Interrogatory No. 22.

It is further agreed that the responses to this discovery shall be served upon the defendant by August 28, 1999. During the interim, the parties will discuss the timing for responses by the plaintiffs to the remaining discovery requests by the defendant. It was agreed that this agreement shall include and apply to the following cases removed to federal court, *Barrera, Cavada* and *Vela*, provided that counsel for the plaintiffs in those cases agree to use best efforts to answer all defense discovery by August 28, 1999.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Michael G. Terry, Esq.
August 19, 1999
Page 3

   You agreed to recommend this discovery to the other plaintiffs' counsel, except for Mike O'Briant, and to obtain their consent and approval. This agreement will serve as a Rule 11 agreement in the state court cases, as evidenced by your signature below. We have also provided a signature block for the other counsel to evidence their agreement as well.

   Lastly, you inquired about certain discovery of the defendant. We are prepared to be reasonable and responsive to your discovery requests. For several reasons, however, we asked that you reduce your specific requests to writing. Once you have done so, we will undertake to respond promptly.

                                     Sincerely yours,

                                     Jeffrey K. Sherwood

                                     Jeffrey K. Sherwood

cc:  Karen Kennedy, Esq.
     Ralph F. Meyer, Esq.


     SEEN AND AGREED TO:


     _____
     Michael G. Terry
     Edwards, Perry & Haas, L.L.P.


     _____
     Steve T. Hastings
     Huerta, Hastings & Allison


     _____
     Christopher A. Kesler
     Fleming & Associates, L.L.P.


     _____
     Diana M. Martinez
     Law Offices of Rene Rodriguez

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 11 of 35

# AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P

ATTORNEYS AT LAW

| | |
|---|---|
| AUSTIN | A REGISTERED LIMITED LIABILITY PARTNERSHIP |
| BRUSSELS | INCLUDING PROFESSIONAL CORPORATIONS |
| DALLAS | 1333 NEW HAMPSHIRE AVENUE, N.W. |
| HOUSTON | SUITE 400 |
| LONDON | WASHINGTON, DC 20036 |
| LOS ANGELES | (202) 887-4000 |
| MOSCOW | FAX (202) 887-4288 |
| NEW YORK | www.akingump.com |
| PHILADELPHIA | |
| SAN ANTONIO | |
| WASHINGTON, D.C. | |

RIYADH — IN AFFILIATION WITH
LAW OFFICE OF ABDULAZIZ H. FAHAD

WRITER'S DIRECT DIAL NUMBER 202 887-4440
WRITER'S E-MAIL ADDRESS jsherwood@akingump.com

September 21, 1999

### *VIA FACSIMILE*

Michael G. Terry, Esq.
Edwards, Perry & Haas, L.L.P.
2100 Frost Bank Plaza
P.O. Box 480
Corpus Christi, TX 78403

Steve Hastings, Esq.
Huerta, Hastings & Allison
P.O. Box 23080
924 Leopard Street
Corpus Christi, TX 78403

Alfred Montelongo, Esq.
Montelongo & Montelongo
4824 Korstoryz
Corpus Christi, TX 78415

Hector Rene' Rodriquez, Esq.
Law Offices of Rene Rodriquez
433 S. Tancahua
Corpus Christi, TX 78401

George M. Fleming
Chris A. Kesler
Fleming & Associates, L.L.P.
1330 Post Oak Blvd., Ste. 3030
Houston, TX 77056

Thomas C. Hall, Esq.
Hall & Bates, L.L.P.
205 N. Presa Street
Building B., Ste. 300
San Antonio, TX 78205

Thomas J. Henry
The Law Offices of Thomas J. Henry
5425 S. Padre Island Drive, Ste. 180
Corpus Christi, TX 78411

Charles C. Webb, Jr., Esq.
Law Office of Charles Webb, P.C.
710 Mesquite Street
Corpus Christi, TX 78401

Arnold G. Gonzalez, Esq.
Gonzalez & Gonzalez, L.L.P.
5959 S. Staples Street, Ste. 205
Corpus Christi, TX 78413

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 12 of 35

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
September 21, 1999
Page 2

      Re:    *Bobby Abram, et al. v. CITGO Petroleum Corporation; Angel Abrego, et al. v. CITGO Corporation; David M. Acosta v. CITGO Petroleum Corporation; Ashley Acuna, et al. v. CITGO Petroleum Corporation; Delia Aguilar, et al. v. CITGO Petroleum Corporation; Ana Aguirre, et al. v. CITGO Petroleum Corporation; Paula Avila, et al. v. CITGO Petroleum Corporation; Agustina Reyna Gonzalez, et al. v. CITGO Petroleum Corporation; Stanley Haak, et al. v. CITGO Petroleum Corporation; Juan Martinez, et al. v. CITGO Petroleum Corporation; Estevan Pena v. CITGO Petroleum Corporation; Benjamin Shurtloff, et al. v. CITGO Petroleum Corporation; and Seledonio M. Vela, et al. v. CITGO Petroleum Corporation*

Dear Counsel:

      As you may be aware, CITGO has agreed to extend the deadline for plaintiffs' responses to defendants' initial discovery requests served in the respective above-captioned cases until September 30, 1999. As the attached letter indicates, we agreed to allow plaintiffs to provide limited responses by September 30, 1999, if the parties signed the agreement regarding plaintiffs' limited responses to defendants' discovery requests. This agreement is without prejudice to plaintiffs' obligation to respond to all interrogatories and document requests at a later date to be decided.

      This letter is to notify the plaintiffs that they must sign the agreement and/or provide responses to all the items outlined in the attached letter or provide responses to all discovery on September 30, 1999.

                                 Sincerely yours,

                                 Jeffrey K. Sherwood

Enclosure
cc:  Ralph F. Meyer, Esq.

# AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P

### ATTORNEYS AT LAW

AUSTIN
BRUSSELS
DALLAS
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D.C.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
1333 NEW HAMPSHIRE AVENUE, N.W.
SUITE 400
WASHINGTON, DC  20036
(202) 887-4000
FAX (202) 887-4288
www.akingump.com

RIYADH — IN AFFILIATION WITH
LAW OFFICE OF ABDULAZIZ H. FAHAD

WRITER'S DIRECT DIAL NUMBER 202 887-4440
WRITER'S E-MAIL ADDRESS jsherwood@akingump.com

September 15, 1999

**_VIA FACSIMILE (361) 883-7221_**

Michael G. Terry, Esq.
Edwards, Perry & Haas, L.L.P.
2100 Frost Bank Plaza
P.O. Box 480
Corpus Christi, TX  78403

Re:   *Bobby Abram, et al. v. CITGO Petroleum Corporation; Angel Abrego, et al. v. CITGO Corporation; David M. Acosta v. CITGO Petroleum Corporation; Ashley Acuna, et al. v. CITGO Petroleum Corporation; Delia Aguilar, et al. v. CITGO Petroleum Corporation; Ana Aguirre, et al. v. CITGO Petroleum Corporation; Paula Avila, et al. v. CITGO Petroleum Corporation; Humberto Barrera, et al. v. CITGO Petroleum Corporation; Charles Henry Cavada, et al. v. CITGO Petroleum Corporation; Agustina Reyna Gonzalez, et al. v. CITGO Petroleum Corporation; Stanley Haak, et al. v. CITGO Petroleum Corporation; Juan Martinez, et al. v. CITGO Petroleum Corporation; Estevan Pena v. CITGO Petroleum Corporation; Benjamin Shurtloff, et al. v. CITGO Petroleum Corporation; and Seledonio M. Vela, et al. v. CITGO Petroleum Corporation*

Dear Mike:

This letter is sent as a second attempt to reflect what was previously agreed to with respect to plaintiffs' responses to defendants' initial discovery requests served in the respective above-captioned cases, and to respond to your letter dated September 1, 1999.

We agreed that plaintiffs would provide to the defendant, retrievable through a commercial off-the-shelf database program, the following information:

1.   Complete responses by all plaintiffs in all of the above captioned cases to the questionnaire that you and Chris Kesler have developed, and which is attached hereto, and which will provide answers to Defendant's Interrogatory Nos. 1 & 2;

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Michael G. Terry, Esq.
September 15, 1999
Page 2

    2.  Identification of health care providers: (a) seen in the last 10 years; (b) seen with
       respect to any alleged chemical exposure; (c) seen in conjunction with any
       workmen's compensation claim; (d) seen in connection with any personal injury
       claim; and (e) seen in connection with any hospitalization;

    3.  Responses to Interrogatory Nos. 14 & 22;

    4.  Medical authorizations for all health care providers identified in response to
       Interrogatory No. 6 shall be provided as follows: at the plaintiff's option, such
       authorization may be produced to defense counsel, or may be provided to Sparkling
       City Records, such that all such records may be ordered at any time thereafter by
       defense counsel. It is understood that Sparkling City will advise plaintiffs of any
       such order and, upon request and payment by plaintiffs, will provide a copy of all
       records ordered to the plaintiffs;

    5.  Production of all documents sought pursuant to Document Request Nos. 18 & 32,
       except that Request No. 18 shall be modified to require production of documents that
       verify any and all claims of lost earning capacity, lost income, or out of pocket
       expenses that any plaintiff allegedly incurred as a result of the May 12th event; and

    6.  Responses to Requests for Admissions Nos. 1 & 2.

While we do not object to the questionnaire attached to your letter, it does not satisfy
plaintiffs' obligations with respect to our previous agreement as reflected in my August 19,
1999 letter. Specifically, the questionnaire does not entail responses to items 3-6 above. We
agreed that plaintiffs would provide responses to all the items outlined above.

It is understood that the responses to defendants' requests shall be factual in nature and
not simply objections to the discovery requests, the parties having negotiated an agreement,
as reflected by this letter, as to the permissible scope of these discovery requests. We agreed
that unless Request for Admission No. 2 is admitted, you would answer Interrogatory No. 22.

It is further agreed that the responses to this discovery shall be served upon the defendant
by September 30, 1999. The defendant's discovery requests remain outstanding and this
agreement is without prejudice to the plaintiffs' obligation to respond to all interrogatories,
document requests, and requests for admissions at a later date to be decided. If we are unable
to reach an agreement regarding limited responses to the discovery served upon plaintiffs,
responses to all discovery will be due on September 30, 1999. Also, this agreement does not
address the requests for disclosures that have been served upon the plaintiffs, as responses to
these requests are due immediately.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Michael G. Terry, Esq.
September 15, 1999
Page 3

     If the parties sign this agreement regarding plaintiffs' limited responses to defendants' discovery requests, we will discuss the timing for responses by the plaintiffs to the remaining discovery requests. It was agreed that this agreement shall include and apply to the following cases removed to federal court, *Barrera, Cavada* and *Vela*, provided that counsel for the plaintiffs in those cases agree to use best efforts to answer all defense discovery by September 30, 1999.

     You agreed to recommend this discovery to the other plaintiffs' counsel, except for Mike O'Briant, and to obtain their consent and approval. This agreement will serve as a Rule 11 agreement in the state court cases, as evidenced by your signature below. We have also provided a signature block for the other counsel to evidence their agreement as well.

                         Sincerely yours,

                         Jeffrey K. Sherwood

cc:  Karen Kennedy, Esq.
      Ralph F. Meyer, Esq.

SEEN AND AGREED TO:

_____
Michael G. Terry
Edwards, Perry & Haas, L.L.P.

_____
Steve T. Hastings
Huerta, Hastings & Allison

_____
Christopher A. Kesler
Fleming & Associates, L.L.P.

_____
Diana M. Martinez
Law Offices of Rene Rodriguez

## AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

ATTORNEYS AT LAW

AUSTIN
BRUSSELS
DALLAS
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D C

RIYADH - IN AFFILIATION WITH
LAW OFFICE OF ABDULAZIZ H FAHAD

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
1333 NEW HAMPSHIRE AVENUE, N.W.
SUITE 400
WASHINGTON, DC  20036
(202) 887-4000
FAX (202) 887-4288
www.akingump.com

WRITER'S DIRECT DIAL NUMBER 828-4440
WRITER'S E-MAIL ADDRESS jshaw00C@akingump.com

October 1, 1999

Michael G. Terry, Esq.
2100 Frost Bank Plaza
P.O. Box 480
Corpus Christi, TX  78403

Steve T. Hastings, Esq.
Huerta, Hastings & Allison
P.O. Box 23080
924 Leopard Street
Corpus Christi, TX  78403

Alfred Montelongo, Esq.
Montelong & Montelongo
4824 Kostoryz
Corpus Christi, TX  78415

Thomas J. Henry, Esq.
The Law Offices of Thomas J. Henry
5425 S. Padre Island Drive, Suite 180
Corpus Christi, TX  78411

Re:    *Humberto Barrera, et al. v. CITGO Petroleum Corporation, et al.; Seledonio M.
Vela, et al. v. CITGO Petroleum Corporation, et al.; Charles Henry Cavada, et
al. v. CITGO Petroleum Corporation, et al.; David M. Acosta, et al. v. CITGO
Petroleum Corporation, et al.; Paula Avila, et al. v. CITGO Petroleum
Corporation, et al.*

Dear Counsel:

At the hearing on September 17, 1999, Judge Head ordered the parties to confer
regarding a procedure for disclosure of all damages information.  My notes reflect that the judge

CC-002020

CC-002020

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Michael G. Terry, Esq.
Steve T. Hastings, Esq.
Alfred Montelongo, Esq.
Thomas J. Henry, Esq.
October 1, 1999
Page 2

required disclosure of information, on a per plaintiff basis, of all claims for physical or personal injuries, all claims for property damages (which would include all alleged economic damages such as lost wages), and a binding statement as to whether such plaintiff is seeking to recover punitive damages. For every damage claim, a value must also be specifically stated. The Court ordered the parties to confer on this matter within 20 days, and stated that it would enter an order requiring the production of such information within 30-60 days of the hearing if the parties could not otherwise agree.

As you know, we have previously conferred on your clients' responses to CITGO's discovery. I attach the relevant correspondence for your convenience. Most recently, we sent Mike Terry a letter that recited the agreement reached in his offices on July 20. That letter has never been signed by any plaintiffs lawyer, or even acknowledged. We are still agreeable to your production of the information required by Judge Head in these cases by an electronic format, which we understand you were planning to provide for all plaintiffs in all cases (except those filed by Mike O'Briant) by September 30. It is our belief that this information is, or should be, immediately forthcoming. Having heard nothing from any of you, however, we have prepared the attached order for your review and comment. Please contact us by October 4, 1999, so that we may discuss and possibly resolve this issue before the time set by the Court.

Sincerely yours,

Jeffrey K. Sherwood

JKS/pmj
Enclosures

CC-002021

CC-002021

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

Michael G. Terry, Esq.
Steve T. Hastings, Esq.
Alfred Montelongo, Esq.
Thomas J. Henry, Esq.
October 1, 1999
Page 4

*Jeff Mehrer*

bbc:    Cheryl A. Falvey, Esq.
        Tracy B. McKibben, Esq.
        Scott E. Seewald, Esq.

CC-002022

CC-002022

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HUMBERTO BARRERA, ET AL. | ) | |
| | ) | |
| v. | ) | CASE NO. 99-2591-E |
| | ) | |
| CITGO PETROLEUM CORPORATION, ET AL. | ) | |
| | ) | |
| SELEDONIO M. VELA, ET AL. | ) | |
| | ) | |
| v. | ) | CASE NO. 99-1573-B |
| | ) | |
| CITGO PETROLEUM CORPORATION, ET AL. | ) | |
| | ) | |
| CHARLES HENRY CAVADA, ET AL. | ) | |
| | ) | |
| v. | ) | CASE NO. 99-2592-C |
| | ) | |
| CITGO PETROLEUM CORPORATION, ET AL. | ) | |
| | ) | |
| DAVID M. ACOSTA, ET AL. | ) | |
| | ) | |
| v. | ) | CASE NO. 99-2542-A |
| | ) | |
| CITGO PETROLEUM CORPORATION, ET AL. | ) | |
| | ) | |
| PAULA AVILA, ET AL. | ) | |
| | ) | |
| v. | ) | CASE NO. 99-2551-H |
| | ) | |
| CITGO PETROLEUM CORPORATION, ET AL. | ) | |

## ORDER

Upon all the reasons and considerations stated in court on September 17, 1999, it is

ORDERED that the plaintiffs in each of these cases shall provide to the Court and to defendant

CC-002023

CC-002023

CITGO a complete statement of the nature and amount of all damages sought by each plaintiff herein, including, without limitation, all claims for personal injury and emotional distress, all claims for property damage, and all claims for economic injury of any type, together with a binding statement as to whether such plaintiff intends to seek punitive damages from the defendants, or any of them. Such information for each and every plaintiff shall be provided to the Court and to CITGO on or before November 2, 1999. Such information shall be provided in written form, and may be provided in an electronic format using a standard commercially available software program, and shall be accompanied by a statement from counsel that such counsel has full knowledge of such damage claims, and that the information provided is true, complete and accurate to the best of counsel's knowledge.

The failure of any plaintiff to provide this information shall result in dismissal of such plaintiff's claims with prejudice. The statement by any plaintiff that he or she is not seeking punitive damages shall be treated by the Court as consent to dismissal with prejudice of such punitive damage claims and dismissal shall be ordered accordingly.

Signed this _____ day of _____, 1999.

_____

United States District Judge

CC-002024

CC-002024

# AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P

### ATTORNEYS AT LAW

AUSTIN
BRUSSELS
DALLAS
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D.C.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
1333 NEW HAMPSHIRE AVENUE, N.W.
SUITE 400
WASHINGTON, DC 20036
(202) 887-4000
FAX (202) 887-4288
www.akingump.com

WRITER'S DIRECT DIAL NUMBER (202) 887-4395
WRITER'S E-MAIL ADDRESS lmckibben@akingump.com

RIYADH – IN AFFILIATION WITH
THE LAW OFFICE OF ABDULAZIZ H. FAHAD

February 29, 2000

## VIA FACSIMILE AND FIRST CLASS MAIL

William D. Bonilla, Esq.
Bonilla & Berlanga, Inc.
2727 Morgan Avenue
Corpus Christi, Texas  78405-1821

Steve T. Hastings, Esq.
Karen Kenney, Esq.
Huerta, Hastings & Allison
P.O. Box 23080
924 Leopard Street
Corpus Christi, Texas  78403

Lucinda M. Juarez, P.C.
326 S. Enterprise Parkway
Corpus Christi, Texas  78405

Arnold G. Gonzalez, Esq.
Gonzalez & Gonzalez, L.L.P.
5959 S. Staples Street, Suite 205
Corpus Christi, Texas  78413

Hector Rene' Rodriguez
Law Offices of Rene Rodriguez
433 S. Tancahua
Corpus Christi, TX 78401

Michael G. Terry, Esq.
Edwards, Perry & Haas, L.L.P.
2100 Frost Bank Plaza
P.O. Box 480
Corpus Christi, Texas 78403

Thomas C. Hall, Esq.
Hall & Bates, L.L.P.
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, Texas  78205

Hector Rene Gonzalez, Esq.
Law Office of Hector Rene Gonzalez. P.C.
2818 S. Port Avenue
Corpus Christi, Texas  78405

George M. Fleming, Esq.
Chris A. Kesler, Esq.
Fleming & Associates, L.L.P.
1330 Post Oak Blvd., Ste. 3030
Houston, Texas 77056

Re:   *Angel Abrego, et al. v. CITGO Corporation; Delia Aguilar, et al. v. CITGO Petroleum Corporation; Ana Aguirre, et al. v. CITGO Petroleum Corporation; Humberto Barrera, et al. v. CITGO Petroleum Corporation; Charles Henry Cavada, et al. v. CITGO Petroleum Corporation; Estevan Pena v. CITGO Petroleum Corporation;*



AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
Gentlemen
February 29, 2000
Page 2

> *Benjamin Shurtloff, et al. v. CITGO Petroleum Corporation; and Seledonio M. Vela, et al. v. CITGO Petroleum Corporation*

Dear Counsel:

As you may now be aware, the Court in the above-referenced cases issued orders requiring the parties to confer on the amount-in-controversy jurisdictional issues and file by March 3, 2000, a discovery plan to ascertain the damages claimed by the plaintiffs in these actions.

Through several exchanges of correspondence with Mike Terry and other plaintiffs' counsel we attempted to memorialize the agreement reached in Mr. Terry's offices on July 20, 1999, regarding the information plaintiffs in several cases, including the above-captioned ones, would produce in response to CITGO's discovery requests. That letter was only signed by plaintiffs' lawyer in the *Barrera, Cavada, Vela* and *Abrego* cases. However, we have not received the information which we were told would be provided by September 30, 1999.

CITGO made several attempts to reach an agreement regarding the production by all the plaintiffs, including Alky Unit cases other than the above-referenced, of information regarding their damages following the Court's ruling during the hearing on September 17, 1999, whereby Judge Head ordered the parties to confer regarding a procedure for disclosure of all damages information. It was our understanding then as it is now, that the judge required disclosure of information, on a per plaintiff basis, of all claims for physical or personal injuries, all claims for property damages (which would include all alleged economic damages such as lost wages), and as to whether such plaintiff is seeking to recover punitive damages.

This letter is sent as an attempt to reflect what was previously agreed to with respect to plaintiffs' responses to defendants' initial discovery requests served in the respective above-captioned cases, as well as to comply with the Court's February 22, 2000 orders issued in the cases.

We agree that by April 3, 2000, each plaintiff will provide to CITGO, in an electronic format, the following information:

1. Complete responses to the questionnaire that Mike Terry and Chris Kesler have developed, and which is attached hereto;

2. Identify each symptom, injury, illness and disease alleged to be the result of the May 12 Event or for which each plaintiff otherwise intend to seek damages, including but not limited to physical, mental, emotional or psychological injuries; please state what injury is claimed, and:

    A.    When the injury or illness occurred.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
Gentlemen
February 29, 2000
Page 3

B.  Please provide dates associated with each such symptom or complaint, including duration.

C.  What specific materials are claimed to have caused the alleged physical, mental, emotional or psychological injury or illness?

D.  Whether the plaintiff has recovered from any such physical, mental, emotional or psychological injury or illness?

F.  Whether the plaintiff has seen a doctor, psychologist, psychiatrist, curandero, or other counselor because of this alleged mental, emotional or psychological injury or illness, and if so, answer the following for each doctor, psychologist, psychiatrist, curandero or other counselor:

1.  Name and address of this person.

2.  Describe what treatment, if any, you received from this person, including any medications prescribed.

3.  The dates of first and last consultation with this person and how many times this person has been consulted for this injury or illness?

4.  How much has this person charged you for all visits related to this injury or illness?

5.  Did this person refer the plaintiff to any other doctor, psychiatrist, psychologist or other counselor because of any such injury or illness, and if so, to whom (name and address)?

3.  Medical authorizations for all health care providers identified in response to Number 2 above shall be provided as follows: at the plaintiff's option, such authorization may be produced to defense counsel, or may be provided to Sparkling City Records, such that all such records may be ordered at any time thereafter by defense counsel. It is understood that Sparkling City will advise plaintiffs of any such order and, upon request and payment by plaintiffs, will provide a copy of all records ordered to the plaintiffs;

4.  State whether each plaintiff is claiming lost wages or earnings, including any business damage or business losses as a result of the injuries alleged in your Petition, and for each period during which any such plaintiff allegedly lost wages or earnings:

(a)  the dates upon which each such period began and ended;

(b)  the total amount of wages or earnings allegedly lost during each such period up to and including the date of the answer hereto;

(c)  the reason why any such plaintiff was unable to work or otherwise lost wages or earnings; and

(d)  if any such plaintiff suffered any business damage or business losses, the name, address and nature of the business, how the damage occurred, and the amount of the damage or the loss; or

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 24 of 35

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
Gentlemen
February 29, 2000
Page 4

(e)   if any such plaintiff is claiming any loss of future earnings please state the date upon which such person became totally or partially unable to work and the total amount of future lost wages or earnings attributed to the occurrences referred to in the Petition;

5.   State the nature and amount of each item of damage and expense, other than as listed above, incurred by each plaintiff that is alleged to have been caused by the occurrences alleged in your Petition; if any plaintiff asserts property damage or devaluation, describe all such damage claimed, including for the use and enjoyment of your property, when and where any alleged property damage occurred, the monetary amount of the damage or devaluation, and whether any insurance claim has been made or will be made for such damage; if such expenses are claimed to be unknown or cannot be determined, state the reason for this assertion;

6.   Production of all documents that verify any and all claims of economic damages, property damage, lost earning capacity, lost income, or out of pocket expenses that any plaintiff allegedly incurred as a result of the May 12th event; and

7.   Whether each plaintiff will seek punitive damages against CITGO with respect to the allegations set forth in the respective Petitions.

Sincerely,

Jeffrey K. Sherwood

cc:  Ralph F. Meyer, Esq.

SEEN AND AGREED TO:

_____
Michael G. Terry
Edwards, Perry & Haas, L.L.P.

_____
Steve T. Hastings
Huerta, Hastings & Allison

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
Gentlemen
February 29, 2000
Page 5

Christopher A. Kesler
Fleming & Associates, L.L.P.


Hector Rene' Rodriguez
Law Offices of Rene Rodriguez


Lucinda M. Juarez, P.C.


Arnold G. Gonzalez, Esq.
Gonzalez & Gonzalez, L.L.P.


Thomas C. Hall, Esq.
Hall & Bates, L.L.P.


Hector Rene Gonzalez, Esq.
Law Office of Hector Rene Gonzalez, P.C.

## CITGO QUESTIONNAIRE

PERSONAL / LOCATION INFORMATION:

First Name: _____ Last Name: _____ Middle Initial: ____

Present Address: _____ City: _____ State: ___ Zip: ____

Present Home Phone No.: ( ) _____ Present Work Phone No.: ( ) _____

Home Address on May 12, 1997: _____

Date of Birth: _____ Social Security No.: _____

Driver's License No.: _____

Name of Legal Guardian if client is a minor: _____

Preferred Language:   English_____   Spanish_____

Sex:  Male_____        Female_____

Children's Name:                    Date of Birth:

_____        _____

_____        _____

_____        _____

_____        _____

**What was your location and address on the day of the explosion, May 12, 1997, until the following morning?**

| Time | Location | Address | City |
|---|---|---|---|
| 9:00-10:00 p.m. | | | |
| 10:00-11:00 p.m. | | | |
| 11:00-12:00 p.m. | | | |
| 12:00 p.m.-1:00 a.m. | | | |
| 1:00-2:00 a.m. | | | |
| 2:00-3:00 a.m. | | | |
| 3:00-4:00 a.m. | | | |
| 4:00-5:00 a.m. | | | |

**EXHIBIT "A"**

CC-001729

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 27 of 35

| | | | |
|---|---|---|---|
| 5:00-6:00 a.m. | _____ | _____ | _____ |
| 6:00-7:00 a.m. | _____ | _____ | _____ |
| 7:00-8:00 a.m. | _____ | _____ | _____ |
| 8:00-9:00 a.m. | _____ | _____ | _____ |

## MEDICAL INFORMATION:

Do you think you were exposed to the chemicals released in the explosion?

Yes_____    No_____

Did you see smoke or cloud?    Yes_____    No_____

Did you notice an unusual smell?    Yes_____    No_____

Did you experience the following as a result of the explosion?

**SKIN IRRITATION OR RASH:**    Yes_____    No_____

How soon after the explosion did the symptoms begin?

Immediately_____    Within 10 minutes_____    Within 1 hour_____

Within 5 hours_____    Next day_____    Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.    _____days    _____weeks    _____months    _____ongoing

**HEADACHE:**    Yes_____    No_____

Immediately_____    Within 10 minutes_____    Within 1 hour_____

Within 5 hours_____    Next day_____    Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.    _____days    _____weeks    _____months    _____ongoing

CC-001730

CC-0017

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 28 of 35

**TOOTHACHE:**    Yes_____    No_____

How soon after the explosion did the symptoms begin?

Immediately_____          Within 10 minutes_____          Within 1 hour_____

Within 5 hours_____          Next day_____     Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.    _____days    _____weeks          _____months          _____ongoing

**ITCHY OR BURNING EYES:**   Yes_____    No_____

How soon after the explosion did the symptoms begin?

Immediately_____          Within 10 minutes_____          Within 1 hour_____

Within 5 hours_____          Next day_____     Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.    _____days    _____weeks          _____months          _____ongoing

**ITCHY OR RUNNY NOSE:**    Yes_____    No_____

How soon after the explosion did the symptoms begin?

Immediately_____          Within 10 minutes_____          Within 1 hour_____

Within 5 hours_____     Next day_____     Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.    _____days    _____weeks          _____months          _____ongoing

CC-001731

CC-0017

**NAUSEA, VOMITING OR STOMACH ACHE**        Yes_____   No_____

How soon after the explosion did the symptoms begin?

Immediately_____        Within 10 minutes_____        Within 1 hour_____

Within 5 hours_____        Next day_____        Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.   _____days   _____weeks        _____months        _____ongoing

**COUGHING OR SORE THROAT:**        Yes_____   No_____

How soon after the explosion did the symptoms begin?

Immediately_____        Within 10 minutes_____        Within 1 hour_____        -

Within 5 hours_____        Next day_____        Next week_____

Some time later_____

How long did the symptoms last?

_____hrs.   _____days   _____weeks        _____months        _____ongoing

**HEARING PROBLEMS:**        Yes_____   No_____

How soon after the explosion did the symptoms begin?

Immediately_____        Within 10 minutes_____        Within 1 hour_____

Within 5 hours_____        Next day_____        Next week_____

Some time later_____

How long did the symptoms last?

**DIFFICULTY WITH URINATION:**   Yes_____   No_____

How soon after the explosion did the symptoms begin?

CC-001732

CC-0017

Immediately_____        Within 10 minutes_____        Within 1 hour_____

Within 5 hours_____     Next day_____     Next week____

Some time later_____

SWELLING OR PAIN IN JOINTS:     Yes_____     No_____

How soon after the explosion did the symptoms begin?

Immediately_____        Within 10 minutes_____        Within 1 hour_____

Within 5 hours_____     Next day_____     Next week____

Some time later_____

OTHER:     Yes_____     No____

If you noticed any other physical problems, describe the physical problems:

How soon after the explosion did the symptoms begin?

Immediately_____        Within 10 minutes_____        Within 1 hour_____

Within 5 hours_____     Next day_____     Next week____

Some time later_____

**IF YOU WERE UPSET BY THE EXPLOSION AND FIRE, TELL US HOW:**

_____

_____

_____

Have you ever made a claim against a company or person for exposure to chemicals?

Yes_____     No_____

Name of Company: _____

CC-001733

CC-00173

Case 2:00-cv-00061  Document 4  Filed in TXSD on 03/03/2000  Page 31 of 35

Approximate date of exposure: _____

Type of exposure: _____

ARE THERE ANY OTHER SYMPTOMS:    Yes_____    No_____

If Yes:            How soon after the explosion did the symptoms begin?

Immediately_____      Within 10 minutes_____      Within 1 hour_____

Within 5 hours_____      Next day_____    Next week_____

Some time later_____

Did you go to the emergency Room as a result of your symptoms?

          Yes_____    No_____

Name of Hospital_____

Were you hospitalized?        Yes_____    No_____

Did you have any diagnostic studies?   Yes_____    No_____

Were you prescribed medication?    Yes_____    No_____

Diagnosis_____    Amount charged for visit_____

Did you see any doctors for treatment of your injuries as a result of the explosion?

Yes_____    No_____

If yes, Name of Doctor_____    Date of Visit_____

Medication prescribed:_____    Amount charged for visit_____

Diagnosis_____

Name of Doctor_____    Date of Visit_____

Medication prescribed_____    Amount charged for visit_____

Diagnosis_____

CC-001734

CC-00173

Case 2:00-cv-00061 Document 4 Filed in TXSD on 03/03/2000 Page 32 of 35

Name of Doctor_____     Date of Visit_____

Medication prescribed_____     Amount charged for visit_____

Diagnosis_____

Pre-existing medical history:

Asthma:            Yes_____    No_____

Pulmonary:         Yes_____    No_____

Do you smoke:      Yes_____    No_____

PRIOR DOCTORS:

Doctor's Name_____     Address_____

Doctor's Name_____     Address_____

Doctor's Name_____     Address_____

Tell us the name of any doctor or hospital that you have seen, and the time that you saw the doctor or went to the hospital, for the following:

A.     Doctors or hospitals that you have seen for any sort of chemical exposure:

        _____

B.     Doctors or hospitals you have seen for any sort of on-the-job injury:

        _____

C.     Doctors or hospitals you have seen for any sort of injury lawsuit:

        _____

D.     Doctors or hospitals that you have seen for any sort of asthma or other pulmonary condition:

        _____

E.     Your family or regular doctors over the last 10 years:

        _____

CC-001735

CC-0017:

03/01/00 WED 13:01 [TX/RX NO. 8593]

## PROPERTY DAMAGE:

Did you suffer any property damage?

Home:        Yes_____    No_____            Car:   Yes_____     No_____

Description of damage: _____

Do you have any photographs of your injuries or damage to your property?

Yes_____    No_____


## EMPLOYMENT INFORMATION:

Please list the last three jobs you had up to the explosion on May 12, 1997:

Job on 5/12/97 or closest to 5/12/97:

Employer's Name: _____

Dates of Employment: _____

Job Duties: _____

Do you work with chemicals in this job?        Yes_____     No_____

If yes, what kind? _____


Previous Job:

Employer's Name: _____

Dates of Employment: _____

Job Duties: _____

Do you work with chemicals in this job?        Yes_____     No_____

If yes, what kind? _____


CC-001738

CC-00173

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 34 of 35

**Previous Jobs**

Employer's Name: _____

Dates of Employment: _____

Job Duties: _____

Do you work with chemicals in this job?      Yes_____      No_____

If yes, what kind? _____


Did you lose any wages or income as a result of the explosion?

Yes_____      No_____

Time lost from work:_____

Amount of lost wages or income:_____

Did you have any other kind of out-of-pocket expense or money lost as a result of the explosion of May 12, 1997?

Yes_____      No_____

If yes, what kind of expense or loss, and how much?


Have you ever made a claim against a company or person for exposure to chemicals


**CITGO CONTACT:**

Have you been contacted by any Citgo representatives as a result of the explosion?

Yes_____      No_____

If yes, by phone_____,    by letter_____      in person_____

Did you call the Citgo 800 number?      Yes_____      No_____

Claim Number if assigned: _____


CC-001737

CC-001737

Case 2:00-cv-00061   Document 4   Filed in TXSD on 03/03/2000   Page 35 of 35

# AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
1333 NEW HAMPSHIRE AVENUE, N.W
SUITE 400
WASHINGTON, DC 20036
(202) 887-4000
FAX (202) 887-4288
www.akingump.com

AUSTIN
BRUSSELS
DALLAS
HOUSTON
LONDON
LOS ANGELES
MOSCOW
NEW YORK
PHILADELPHIA
SAN ANTONIO
WASHINGTON, D.C.

RIYADH – IN AFFILIATION WITH
THE LAW OFFICE OF ABDULAZIZ H. FAHAD

WRITER'S DIRECT DIAL NUMBER (202) 887-4395
WRITER'S E-MAIL ADDRESS tmckibben@akingump.com

March 1, 2000

**VIA FACSIMILE AND REGULAR MAIL**

Thomas J. Henry.
The Law Offices of Thomas J. Henry
5425 S. Padre Island Drive, Ste. 180
Corpus Christi, TX 78411

Re:   *Paula Avila, et al. v. CITGO Petroleum Corp., et al.*

Dear Mr. Henry:

Attached is a letter that was sent to other counsel in order to comply with the Court's February 22, 2000 orders issued in this and other cases concerning the May 12 event . You were inadvertently omitted from the original letter.  Please read the letter and indicate below if you are in agreement.

Sincerely,

Tracy B. McKibben

Enclosure
cc:   Ralph F. Meyer, Esq.

SEEN AND AGREED TO:

_____
Thomas J. Henry, Esq.
The Law Offices of Thomas J. Henry