UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 0 9 2000

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| ANA AGUIRRE, ET AL., | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. C-00-61 |
| | * | |
| CITGO PETROLEUM CORP. ET AL. | * | |

## MOTION TO REMAND

Now come Ana Aguirre, et al., and files this Motion to Remand the above-entitled and numbered cause to the 94th District Court of Nueces County, Texas, and would show to the Court the following:

1. The Petition for Removal is based upon the Plaintiffs' Response to Request for Admissions, which Response is set forth in the Petition for Removal, which Response basically denies that the Plaintiffs will not seek punitive damages against Citgo in this litigation. It is significant to note that the Defendant's position is that despite the facial allegation that the Plaintiffs seek less than $75,000.00 each, the Defendant contends that the amount in controversy actually exceeds $75,000.00, although Citgo does not point to any evidence other than the denial of the Request for Admission to substantiate this fact. Furthermore, the Defendant does not point to any evidence that the Defendants fraudulently alleged damages less than $75,000.00. It is clearly the Plaintiff's right to plead damages less than the jurisdictional amount in order to bar removal, Alan v. R&H Oil and Gas Company, 63 F3d 1326 (5th Cir., 1995), at 1335, wherein the Fifth Circuit says that "Of course,

if a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal. Thus, in the typical diversity case, the plaintiff remains the master of his complaint." Despite the fact that the Defendant has absolutely no basis in law or fact, he boldly alleges fraudulent pleading on the part of the Plaintiffs herein, to which the Plaintiffs herein take great umbrage.

2. Although the Defendant does not provide the Court with any concrete support for its allegation that Plaintiffs are seeking damages in excess of the minimum jurisdictional limit, the Defendant merely points to the fact that, the Plaintiffs may seek an award of punitive damages justifying removal. The Defendant cites no case in which a discovery response that permits the possibility of an allegation of punitive damages justifies removal, but rather cites three cases in support of its position: 1) St. Paul Reinsurance Company, Ltd. v. Greenberg, 134 F3d 1250 (5th Cir., 1998); 2) Watson v. Shell Oil Company, 979 F2d 1014 (5th Cir., 1992); and 3) Sorenson v. Ashmore, 4 F. Supp. 2nd 669 (E.D. Tex., 1998). The authorities so cited simply do not support the Defendant's proposition. The St. Paul case involves a situation in which the Plaintiff alleged $45,500.00 in aggregate actual damages, at a time when the jurisdictional limit for diversity of jurisdiction was $50,000.00, and in addition alleged violations of the Texas Insurance Code, which included an 18% penalty. The Court concluded that, with the penalty, the amount in controversy exceeded $50,000.00. It is interesting to note, however, that

2

ClibPDF - www.fastio.com

the St. Paul opinion, in concluding, states the following: "Compared to the highly conjectural element of punitive damages, late settlement damages under the Texas Insurance Code, with no exceptions for excusable neglect or justifiable delay, is a lay down hand. It would be ludicrous, then, to included something as speculative as punitive damages – which all agree is properly includable – while excluding the automatic penalty provided in the insurance code." at 1255 (emphasis added). Similarly the Watson case is not at all similar to the position taken by the Defendant herein. In that case, the Plaintiff was seeking over $32,000,000,000.00 in damages for the class of Plaintiffs composed of over 18,000 members. The only aspect of that case that pertained to punitive damages discusses how, under Louisiana law, the Plaintiffs were permitted to share in punitive damages, and that that was properly includable in the amount in controversy. In Sorenson, the Eastern District Court of Texas does rule that the jurisdictional limit is satisfied without an amount of damages claimed, but the pleadings in that case alleged damages for extreme emotional distress, punitive damages, costs including attorney's fees and other relief.

3.    Paragraph eight of the Petition for Removal alleges that Plaintiffs fraudulently joined Al Prebula, and, although Defendant alleges that a prior ruling has determined that Mr. Prebula was improperly joined, it is interesting to note that although Defendant refers to Exhibit "E" as the Affidavit of Alvin W. Prebula, none

3

of the exhibits were attached to the Petition for Removal served on counsel for Plaintiffs.  In paragraph ten of the Petition, Citgo alleges that Mr. Prebula first assumed duties as plant manager in March, 1996, after the occurrence of the events alleged to have caused the incident underlying this litigation.  The Plaintiffs original Petition in this case alleges that the incident complained of occurred on May 12, 1997 in Paragraph II, during which period of time, apparently Mr. Prebula was in the capacity alleged.

5. The removing party's burden, is to demonstrate by a preponderance of the evidence that it is "facially apparent" that the claims are above the jurisdictional limit or by setting forth facts, either in the removal petition or by affidavit, that support a finding of the requisite amount, which the removing party has failed to do, <u>Simon v. Walmart Stores, Inc.,</u> 193 F3d 848 (5th Cir. 1999).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Motion to Remand be in all things granted.

4

Respectfully submitted,

HALL & BATES, L.L.P.

By: _____

Thomas C. Hall
Charles Court
205 N. Presa Street
Building B, Suite 300
San Antonio, TX  78205
210/222-2000
210/222-1156 (Fax)
State Bar #08774550
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Motion has been mailed to Ralph F. Meyer and Jack C. Partridge, 1700 Wilson Plaza West, 606 N. Carancahua, Corpus Christi, TX 78476 and to Jeff Sherwood, 1333 New Hampshire Aven., N.W., Suite 400, Washington, D.C. 20036, on this the 6 day of ___March___, 2000.

_____
Thomas C. Hall

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANA AGUIRRE, ET AL.,                        *

                                            *

VS.                                         *   CIVIL ACTION NO. C-00-61

                                            *

CITGO PETROLEUM CORP. ET AL.   *

## ORDER

On the ____ day of _____, 2000, came on to be heard the Motion

to remand in the above-entitled and numbered cause, and, the Court, being of the

opinion that the Motion should be granted, and that the case should be remanded

to the 94th District Court of Nueces County, Texas,

It is so ORDERED.

SIGNED on this the _____ day of _____, 2000.


_____
UNITED STATES DISTRICT JUDGE

ClibPDF - www.fastio.com