United States District Court
Southern District of Texas
ENTERED

AUG 1 7 2000

Michael N. Milby, Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANA AGUIRRE, ET AL. | § | |
| | § | |
| V. | § | CA. NO. C-00-61 |
| | § | |
| CITGO PETROLEUM CORP., ET AL. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs are citizens of Texas claiming damages against CITGO Petroleum Corporation (CITGO) resulting from a May 12, 1997 explosion and fire at the CITGO refinery in Nueces County, Texas. Plaintiffs also assert claims against a fellow citizen of Texas, namely, Mr. Al Prebula. Plaintiffs allege Defendant Prebula was general manager of the CITGO plant on the date of the explosion and that his negligence proximately caused them injury. Defendants removed this case on the basis of diversity.

Removal is controlled by 28 U.S.C. § 1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States..." *See* 28 U.S.C. § 1441(a). Defendants claim the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Although under 28 U.S.C. § 1332(a), the Court lacks diversity jurisdiction over civil matters wherein the parties are incompletely diverse, defendants claim the non-diverse defendant, Prebula, is fraudulently joined. On June 22, 1998, the Court found Al Prebula was fraudulently joined in the case of *Saenz, Et Al. Citgo Petroleum Corp.*, Civil Action No. 97-411. The jurisdictional facts of this case are more developed than *Saenz* and, for the following reasons, the Court finds defendant Prebula was not fraudulently joined in this action.

The removing party bears the burden of showing that removal was proper. *See Willy v.*

*Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). In reviewing a fraudulent joinder claim, the Court reads all factual allegations and ambiguities in the controlling state law in the plaintiffs' favor. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). If there is any possibility that a plaintiff has stated a cause of action against any non-diverse defendant, joinder is proper, diversity is incomplete, and the case must be remanded. *Id; see also Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir.1983), *cert. denied,* 104 S.Ct. 701 (1984) ("If there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiffs, then the federal court must find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts").

The Fifth Circuit has determined that claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible, resolving all disputed facts in favor of the plaintiffs. *See Burden*, 60 F.3d at 217; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995); *see also B, Inc.*, 663 F.2d at 551 (holding that the preliminary question of subject matter jurisdiction should be resolved by a summary determination). Although plaintiffs in this case offer scant evidence in support of their motion to remand, the Court takes judicial notice that, in numerous related cases arising from the explosion and fire giving rise to this action, plaintiffs have produced substantial, summary-judgment like evidence establishing that a state court might entertain a cause of action against Defendant Prebula.[1]

---

[1] For example, in *Cavada v. Citgo Petroleum Corp.*, Civil Action No. C-99-227, plaintiffs offer substantial evidence that, while technical manager of the CITGO plant, Prebula was

2

The allegations in this case resemble those made in the case of *Gonzales, Et Al. v. Citgo Petroleum Corp., Et Al.*, Civil Action No. C-97-477 (S.D.Tex. 1997). In *Gonzales*, an action arising from the same explosion and fire giving rise to plaintiffs' claims in the instant case, United States District Judge Jack remanded to state court, writing "[i]n light of the principles of liability for negligence in Texas, the Court cannot find that there is no possibility that plaintiff would be able to recover against the non-diverse defendant in state court." *See* Order Of Remand, *Gonzales, Et Al. v. Citgo Petroleum Corp., Et Al.*, Civil Action No. C-97-477 (S.D.Tex. 1997). After conducting a summary judgment-like procedure and construing all disputed facts in plaintiffs' favor, there is some possibility that a state court would find a cause of action stated against Prebula on the facts alleged by the plaintiffs.

Having assumed all facts alleged in plaintiffs' complaint are true, the Court next examines relevant state law, resolving all uncertainties in favor of the non-removing party. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), *cert. denied* 104 S.Ct. 701 (1984). Defendants argue that, as a matter of law, plaintiffs cannot possibly prevail on negligence claims asserted against Prebula because: (1) Prebula acted only within the scope of his employment with CITGO, and (2) under *Leitch v. Hornsby*, a corporate officer cannot be held personally liable for activities performed in within the scope of his duties for the corporation. *See Leitch v. Hornsby*,

---

responsible for the process/project engineering group, which initiated and directly implemented capital projects involving portions of the line which ruptured and caused the explosion. The affidavit of Randall Saltink, CITGO employee responsible for pipe inspection, suggests Prebula was individually responsible for overseeing the type the of maintenance plaintiffs claim defendants performed negligently in this case. Specifically, Saltink avers "that the [pipe] replacement... was going to be accomplished by a section of the Citgo organization commonly referred to as the 'AFE Group' which was under the management of A.W. Prebula."

935 S.W.2d 114, 117 (Tex. 1996).

The Court disagrees. *Leitch* applies to acts performed within the scope of an agent or officer's corporate duties. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *see also Autrey v. 22 Texas Services Inc.*, 79 F.Supp.2d 735, 745 (S.D.Tex. 2000). Plaintiffs allege Prebula acted outside the scope of his employment. *Leitch* allows personal liability for corporate officers and agents who breach an independent duty of care. *Id.*; *see also Fairmont Travel, Inc. v. George S. May Intern. Co.*, 75 F.Supp.2d 666, 669 (S.D.Tex. 1999) (finding *Leitch* does not totally immunize employees from individual liability as a matter of Texas law). Plaintiffs allege Prebula owed and breached an independent duty of care. Finally, while *Leitch* insulates corporate officers from personal liability arising from acts performed for the corporation, corporate officers may be held individually liable for the corporation's tortious conduct if the officer knowingly participates in the conduct or has actual or constructive knowledge of the conduct. *Portlock v. Perry*, 852 S.W.2d 578 (Tex.App.-Dallas 1993, *writ denied*); *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex.1984). Plaintiffs allege CITGO engaged in tortious conduct and that Prebula knew of said conduct. Evaluating all factual allegations and ambiguities in the controlling state law in the plaintiffs' favor, the Court finds defendants have not shown, as a matter of law, that plaintiffs cannot possibly establish any cause of action against Defendant Prebula in state court

Plaintiff initially brought suit in the 94th Judicial District Court for Nueces County, Texas. Defendants removed this case from state court. A party invoking removal jurisdiction of the federal courts bears a heavy burden. *Burden*, 60 F.3d at 217; *see also Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied* 111 S.Ct. 60 (1990). In order to successfully to prove non-diverse defendants have been fraudulently joined to defeat diversity, the

4

removing party must demonstrate "that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746 (5th Cir. 1996); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995); *accord East Texas Mack Sales, Inc. v. Northwest Acceptance Corp.*, 819 F.2d 116, 119 (5th Cir.1987); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Given plaintiffs' evidence, the Court finds defendants have not shown plaintiffs cannot possibly establish a cause of action against Defendant Prebula in state court. Accordingly, Prebula is not fraudulently joined and his inclusion destroys complete diversity.

Even if Prebula were fraudulently joined, remand would still be appropriate as defendants have not established that the amount in controversy is sufficient to invoke federal jurisdiction. This Court has original jurisdiction over civil actions between the citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). The removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995), *cert. denied* 116 S.Ct. 180 (1995). Individual claims for compensatory damages may not be aggregated to reach the jurisdictional threshold. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *quoting St. Paul Mercury Indemnity Co. V. Red Cab Co.*, 58 S.Ct. 586, 590 (1938). Plaintiffs allege actual damages "not to exceed $75,000." Plaintiffs' allegation of damages below the statutory threshold is dispositive unless defendants show, by a preponderance of the evidence, that

5

the amount in controversy exceeds $75,000. *See De Aguilar*, 47 F. 3d at 1410-11.

"A court can determine that removal was proper if it is facially apparent that the claims are likely above [the jurisdictional threshold]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If it is not facially apparent, defendant may support jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id*. Yet the Court is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied. *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1991), *citing Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 666 (5th Cir.1971), ("[T]he blueprint of the method of determining the length and breadth of the amount in controversy is entirely within the discretion of the trial court"); *see also Burnside Terminal, a Div. of Ormet Corp. V. SSM Carbon, a Div. Of SSM Coal North America, Inc.*, 772 F.Supp. 295, 296 (M.D. Louisiana, 1991) ("It is within the Court's discretion to select what procedures will be followed to determine whether it has subject matter jurisdiction").

In *Aguilar, et al. v. CITGO Refinery Company, L.P., et al.*, C.A. No. C-97-297 (*Aguilar I*), numerous plaintiffs asserted personal injury claims similar to the claims asserted in this case and allegedly resulting from the same explosion. In *Aguilar I*, a jury awarded no damages to eight "bellwether" plaintiffs. Parties eventually settled the remaining plaintiffs' claims for $100 per plaintiff. Defendants have not shown, by a preponderance of the evidence, that the claims asserted in this action are worth substantially more than the claims asserted in *Aguilar I*. Thus, after examining the evidence offered in support of defendants' notice of removal, the Court finds that defendants have not established, by a preponderance of the evidence, that the matter in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 141.

6

The Court remands this case to the Texas court from which it was removed, specifically, the 94th Judicial District Court of Nueces County, Texas. *See* 28 U.S.C. 1447(c). An order under this section remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. *See* 28 U.S.C. 1447(d); *see also Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 700 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 399 (1999) ("in 28 U.S.C. § 1447(d), Congress denied us jurisdiction over remands pursuant to 28 U.S.C. § 1447(c)").

ORDERED this 16 day of August, 2000.

_____
H. W. HEAD, JR.
UNITED STATES DISTRICT JUDGE